IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARK KRIEGER,                              CASE NO.:

      Plaintiff,

v.

TD BANK, N.A., a National
Banking Association,

      Defendant.

_____/

## COMPLAINT

Plaintiff Mark Krieger ("Krieger" or "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendant TD BANK, N.A., a National Banking Association ("TD" or "Defendant"), and states:

## INTRODUCTION

Plaintiff brings this action for damages and equitable relief against Defendant TD for: (i) breach of contract, (ii) breach of the implied covenant of good faith and fair dealing, (iii) violation of 26 U.S.C. § 6050H, (iv) negligence, (v) negligence per se, (vi) violation of 26 U.S.C. § 7434, (vii) equitable estoppel, (viii) violation of Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), (ix) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter, the "FDCPA"), (x) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, *et seq.* (hereinafter, "RESPA"), (xi) violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et. seq.* (hereinafter, the "FCRA"), (vii) gross negligence, and (viii) intentional infliction of emotional distress, each of which claim arises from, as a result of, and/or has been caused by the improper conduct of Defendant TD relating to its failure to comply with the terms of the subject note and mortgage (as amended and modified), Defendant's willful disregard of its obligations owed

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

to Plaintiff pursuant to 26 U.S.C. § 6050H, RESPA, and the FCRA, in addition to Defendant's unlawful debt collection practices in direct violation of the FCCPA and FDCPA.

## PARTIES, JURISDICTION AND VENUE

1.      At all times relevant hereto, Plaintiff Krieger is and was a citizen of the State of Florida, and a resident of Palm Beach County, Florida.

2.      At all times relevant hereto, Plaintiff Krieger is and has been the owner of record of the residential real property located at 8694 Stone Pier Drive, Boynton Beach, Florida 33437 (the "Property").

3.      Upon information and belief, at all times relevant hereto, Defendant TD is and has been a national banking institution, with its principal place of business located at Two Portland Square, Portland, ME 04112.  At all times relevant hereto, Defendant TD was authorized to do business, and was in fact doing business in this District.

4.      This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, in addition to pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and there is complete diversity amongst the Plaintiff and Defendant.  This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to the claims occurred within this District and the real property that is the subject of this action is located in this District.

6.      Plaintiff has engaged undersigned counsel and has agreed to pay counsel reasonable attorneys' fees for all services rendered in this action.

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

7.      All conditions precedent to the bringing of this action have been satisfied, excused or waived.

## GENERAL ALLEGATIONS

8.      On or about November 20, 2013, to refinance the existing purchase money mortgage on the Property, Plaintiff obtained a loan in the original principal amount of $650,000.00 from Defendant TD, which loan was evidenced by that certain Fixed/Adjustable-Rate Note (the "Note") executed by Plaintiff in favor of TD.  A true and correct copy of the Note is attached hereto as **Exhibit "A."**

9.      To secure payment of the Note, Plaintiff executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for TD, a mortgage (the "Mortgage") on the Property, which Mortgage was recorded on or about December 17, 2013 in Official Records Book 26510, Page 1468 of the Public Records of Palm Beach County Florida.  A true and correct copy of the Mortgage is attached hereto as **Exhibit "B."[1]**

10.     On or about February 19, 2015, Plaintiff and TD entered into a Loan Modification Agreement to the Note and Mortgage ("Loan Modification #1") wherein, TD affirmatively stated that the unpaid principal balance (including any interest and other amounts capitalized) due on the Note as of March 1, 2015 was $641,954.74 and agreed, in relevant part, to extend the maturity date under the Note and Mortgage from December 1, 2043 to February 1, 2055 (as extended, the "Maturity Date"), reduce the amount of Plaintiff's monthly installment payment due under the Note, and modify the

---

[1] Thereafter, on or about January 18, 2016, MERS, as nominee for Defendant TD, assigned the Mortgage to Defendant (the "Assignment"), which assignment was recorded on February 19, 2016 in Official Records Book 28113, Page 1422 of the Public Records of Palm Beach County Florida.  A true and correct copy of the Assignment is attached hereto as **Exhibit "C."**

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

interest rate under the Note from an adjustable rate of 4.42% to a fixed 3.00% annual rate through the Maturity Date.  A true and correct copy of Loan Modification #1 is attached hereto as **Exhibit "D."**

11.     Thereafter, on or about August 11, 2016, following Plaintiff's purported default for non-payment under the Note and Mortgage (as modified), Defendant TD commenced a lawsuit against Plaintiff to foreclose the Mortgage on the Property and for damages, Case No. 50-2016-CA-009022-XXXX-MB, in the 15th Judicial Circuit, in and for Palm Beach County, Florida (the "Foreclosure Lawsuit").

12.     To resolve the claims and issues raised in the Foreclosure Lawsuit[2], on or about December 7, 2016, Plaintiff and Defendant TD entered into a second Loan Modification and Amendment Agreement ("Loan Modification #2"), wherein TD unequivocally affirmed that, as of December 7, 2016, the total outstanding balance owing on the Mortgage and Note was $672,258.96, which sum consisted of unpaid principal due on the Note in the amount of $640,566.58, and "other amounts capitalized, plus $31,692.38 of principal, accrued and uncollected interests and other amounts which are due upon maturity."  A true and correct copy of Loan Modification #2 is attached hereto as **Exhibit "E."**

13.     Pursuant to Loan Modification #2, TD further agreed, in relevant part, to: i) recast the balance owing under the Note; ii) retain the fixed 3.00% interest rate; and (iii) defer payment on $31,692.38 (the "Deferred Amount") of accrued and uncollected interest under the Mortgage until the Majority Date.  Additionally, Loan Modification #2 further modified the amount of Plaintiff's monthly payment of principal and interest under the Note and Mortgage (as amended and modified), with such

---

[2] The Foreclosure Lawsuit was subsequently dismissed by Defendant TD on or about February 1, 2017.  *See* Notice of Voluntary Dismissal attached hereto as **Exhibit "F."**

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

monthly payment, effective as of January 1, 2017, increasing from $2,298.10 to $2,350.46. *See* Ex. E.

14.     Also, on or about December 7, 2016, by separate written correspondence sent to Plaintiff, Defendant TD confirmed the amount of the Deferred Amount (as described under Loan Modification #2) and advised Plaintiff regarding its intended treatment of such amounts under the subject loan documents, confirming that such deferred amounts were exclusive of Plaintiff's payment of principal and interest payment under Loan Modification #2 and interest fee until the Maturity Date. A true and correct copy of the December 7, 2016 correspondence is attached hereto as **Exhibit "G."**

15.     The December 7, 2016th correspondence further confirmed that Plaintiff's newly increased payment obligation under Loan Modification #2 consisted exclusively of principal and interest only under the Note and Mortgage (as amended and modified), but excluded payment of escrow for real estate taxes and insurance on the Property (the "Escrow"). Rather, the December 7, 2016th correspondence provided that pursuant to the terms of Loan Modification #2, Plaintiff was required to make a separate monthly payment to Defendant TD for the Escrow in the amount of $1,534.90.[3] *See* Ex. G.

16.     Thereafter, in accordance with his obligations under the Note, Mortgage, Loan Modification #1, and Loan Modification #2, beginning with the monthly payment due for January 12, 2017, and continuing through and including December 31, 2017, Plaintiff made the following monthly payments to Defendant TD:

|                  |           |
|------------------|-----------|
| January, 2017:   | $3,885.36 |
| February, 2017:  | $3,885.36 |
| March, 2017:     | $3,885.36 |
| April, 2017:     | $3,885.36 |

---

[3] Based on the modified terms of payment under Loan Modification #2 (including Escrow payments), as of January, 2017, Plaintiff's total monthly payment obligation under the Note and Mortgage (as amended and modified) increased to $3,885.36.

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

| May, 2017: | $4,000.00 |
| June, 2017: | $3,911.74 |
| July, 2017: | $3,885.36 |
| August, 2017: | $3,885.36 |
| September, 2017: | $3,885.36 |
| October, 2017: | $3,885.36 |
| November, 2017: | $3,885.36 |
| December, 2017: | $3,885.36 |
| **Total:** | **$46,765.34** |

17.     However, notwithstanding Plaintiff's satisfaction of his obligations under the terms of Loan Modification #2, including making payment of all amounts due (in addition to making additional payments in excess of his monthly payment obligations thereunder), at all material times following the effective date of Loan Modification #2, Plaintiff's mortgage account reflected a trailing (and past due) balance under the Note and Mortgage (as amended and modified).

18.     Indeed, rather than applying Plaintiff's payments in accordance with the terms of the Note and Mortgage (as amended and modified), and in the manner prescribed by Loan Modification #2 (or consistent with the terms outlined by the December 7, 2016th correspondence), beginning in or around January, 2017 (and continuing for years thereafter), Defendant TD started misapplying Plaintiff's monthly payments under his mortgage account, allocating payments made by Plaintiff and intended as payment of principal, interest and Escrow under the Note and Mortgage (as amended and modified), towards a purported Escrow account shortage, in addition to other unsupported and arbitrary charges including, but not limited to, monthly property inspection and legal fees, causing Plaintiff's total monthly payment to **never** be sufficient to cover the alleged outstanding balance on Plaintiff's mortgage account and, as a result, subjecting Plaintiff's account to the imposition of improper and unlawful monthly late fees by Defendant TD.[4]

---

[4] A true and correct copy of Plaintiff's Account History prepared by Defendant TD on or about May 14, 2018 is attached hereto as **Exhibit "H."**

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

19.     In addition to the above-described misapplication of Plaintiff's payments, Defendant TD, also beginning in or around January, 2017, began designating and applying Plaintiff's monthly payments as "unapplied funds" under the Note and Mortgage (as amended and modified), failing to properly credit such payments towards the outstanding principal, interest and/or the Escrow balance on Plaintiff's loan, and instead holding said payments for weeks (or months) at a time following receipt before subsequently applying such amounts to Plaintiff's account, but only after imposing additional fees and costs related to Plaintiff's purportedly "late payments" under the Note and Mortgage (as amended and modified).

20.     Yet, despite Defendant TD's erroneous and improper billing and accounting practices, Plaintiff continued to comply with his obligations under the terms of Loan Modification #2, including continuing to make timely monthly payment of all amounts due and owing under the Note and Mortgage (as amended and modified).  More specifically, beginning with the monthly payment due for January 12, 2018, and continuing through and including December 31, 2018, Plaintiff made the following monthly payments to Defendant TD:

| | |
|---|---|
| January, 2018: | $4,000.00 |
| February, 2018: | $4,493.74 |
| March, 2018: | $4,000.00 |
| April, 2018: | $4,493.74 |
| May, 2018: | $7,647.28 |
| June, 2018: | $4,000.00 |
| July, 2018: | $1,269.54 |
| August, 2018: | $4,004.00 |
| September, 2018: | $8,253.74 |
| October, 2018: | $4,004.00 |
| November, 2018: | $4,004.00 |
| December, 2018: | $4,004.00 |
| **Total:** | **$58,178.04** |

21.     However, notwithstanding Plaintiff's payment of all amounts due and owing under Note and Mortgage (as amended and modified) during 2018, in addition to making approximately

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

$20,000.00 of excess payments on his mortgage account, Defendant TD nevertheless continued to misapply Plaintiff's monthly payments, a problem compounded even further by Defendant TD's improper and erroneous practice of charging Plaintiff monthly late fees and other miscellaneous amounts on all payments made that, according to Defendant TD, were insufficient to satisfy in full the allegedly outstanding balance on Plaintiff's mortgage account. Incredibly, despite Plaintiff making approximately two (2) years' worth of overpayments, as a direct result of Defendant TD's gross account mismanagement and improper and unlawful accounting and collection practices, Plaintiff was precluded from bringing his mortgage account current or otherwise into good-standing.

22. Rather, as reflected by the Escrow Account Disclosure Statement prepared by Defendant TD on or about November 19, 2018 in connection with Plaintiff's mortgage account, as a result of Defendant TD's improper billing practices and the misapplication of Plaintiff's payments under the Note and Mortgage (as amended and modified), to satisfy the supposedly outstanding balance owed on Plaintiff's loan, Defendant TD continued to increase Plaintiff's monthly payment obligations under the Note and Mortgage (as amended and modified), increasing Plaintiff's total monthly payment, effective January 1, 2019, to $4,020.00, which amount consisted of in part, a supposed Escrow shortage of $356.93 per month. A true and correct copy of the November 19, 2018 Escrow Disclosure Statement is attached hereto as **Exhibit "I."**

23. Similar to 2017 and 2018, to ensure that Plaintiff was not placed in default status and subject to adverse reporting on his credit reports by Defendant TD, beginning with the payment due for January 12, 2019, and continuing through and including December 31, 2019, Plaintiff made the following monthly payments to Defendant TD:

| | |
|---|---|
| January, 2019: | $4,040.00 |
| February, 2019: | $4,040.00 |
| March, 2019: | $4,040.00 |
| April, 2019: | $4,040.00 |

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

| May, 2019: | $12,344.72 |
| June, 2019: | $12,026.52 |
| July, 2019: | $12,217.08 |
| August, 2019: | $4,072.36 |
| September, 2019: | $4,072.36 |
| October, 2019: | $4,072.36 |
| November, 2019: | $4,072.36 |
| December, 2019: | $4,072.36 |
| **Total:** | **$73,110.12** |

24.     Once again, and despite receiving all amounts due and owing from Plaintiff under the Note and Mortgage (as amended and modified), in addition to extra payments totaling more than $30,000.00 from Plaintiff throughout 2019, Defendant TD failed to properly credit such payments or otherwise reconcile Plaintiff's account.  Rather, similar to 2017 and 2018, Defendant TD likewise continued to misapply Plaintiff's monthly payments made during 2019, continually treating each payment, irrespective of amount, as being late and constituting only a partial payment on Plaintiff's account, and subject to the imposition of additional fees and charges by Defendant TD under the Note and Mortgage (as amended and modified).

25.     Moreover, in addition to Defendant TD's above erroneous and improper accounting and billing practices, beginning in or around 2019, and without Plaintiff's knowledge, Defendant TD, as a furnisher of information, notwithstanding Plaintiff's excess payments of more than $60,000.00 during the preceding three (3) years, began reporting Plaintiff's mortgage account as being delinquent to the three (3) major credit reporting bureaus, Transunion, Experian and Equifax, in violation of the Fair Credit Reporting Act.

26.     Unaware of the delinquency status of his loan or Defendant TD's improper and erroneous credit reporting until 2021, Plaintiff made payment of all amounts of principal, interest and Escrow due under the Note and Mortgage (as amended and modified) for 2020 and 2021, yet, similar

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

to each of the proceeding years, Defendant TD likewise treated each of Plaintiff's payments made during 2020 and 2021 as "late," subject to fees and/or other charges or otherwise improperly applied by Defendant TD to some other sum claimed as being due under the Note and Mortgage (as amended and modified).  A true and correct copy of Plaintiff's payment history for 2020 and 2021 is attached hereto as **Exhibit "J."**

27.     On or about February 17, 2021, upon discovering Defendant TD's erroneous credit reporting, Plaintiff contacted Hope Dunn, a customer Resolution Advocate at TD Bank, regarding the incorrect information being furnished by Defendant TD to the credit bureaus regarding Plaintiff's Mortgage account.  A true and correct copy Plaintiff's February 17, 2021st correspondence to Hope Dunn is attached hereto as **Exhibit "K."**

28.     Despite Plaintiff's initial correspondence sent on February 17, 2021, in addition to repeated follow up communications and phone calls, Defendant TD failed to adequately investigate such reporting errors or correct same, resulting in a decrease to Plaintiff's credit score and continuous negative reporting by Defendant TD to the credit bureaus relating to Plaintiff's creditworthiness.

29.     Indeed, despite Plaintiff's repeated complaints to Defendant TD from 2020 to the present date regarding TD's erroneous accounting and credit reporting relating to Plaintiff's mortgage account, without first (or possibly ever) confirming the accuracy of its information or reporting, Defendant TD issued Mortgage Interest Statements (Form 1098-B) to Plaintiff and the Internal Revenue Service for tax years 2020 and 2021, containing false and incorrect information.  True and correct copies of Plaintiff's 2020 and 2021 Mortgage Interest Statements are attached hereto as **Exhibits "L," and "M,"[5]** respectively.

---

[5] By way of brief example, despite significant overpayments by Plaintiff during each of the relevant tax years, Defendant TD reported to the IRS a minimal decrease of Plaintiff's principal balance due on the Note and Mortgage and inconsistent amounts of interest paid by Plaintiff.

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

30.     In reliance on the mortgage interest statements provided by Defendant TD, Plaintiff filed his personal tax returns for tax years 2020 and 2021 with the IRS, which tax filings, upon information and belief, contain false and inaccurate information supplied by Defendant TD, and which may subject Plaintiff to additional tax liability, in addition to fines, interest, and penalties.

31.     Thereafter, on or about March 1, 2022, Plaintiff, through undersigned counsel, sent Defendant TD a qualified written request under the Real Estate Settlement Practices Act, 12 U.S.C. §2605(e) (the "QWR"), which sought, in relevant part, information regarding the payment history and servicing of Plaintiff's mortgage account with Defendant TD.  A true and correct copy of the QWR is attached hereto as **Exhibit "N."**

32.     In response to the QWR, on or about April 6, 2022, Defendant TD sent correspondence to Plaintiff that purports to address the issues raised by the QWR (the "TD Response").  However, contrary to Defendant TD's claims, the TD Response is woefully deficient and fails to address the accounting and servicing deficiencies described by the QWR, and instead includes only a payment history and other account summaries, in complete disregard for the requirements under RESPA.  A true and correct copy of the TD Response is attached hereto as **Exhibit "O."**

33**.**     As reflected by the TD Response, Defendant TD, in addition to improperly applying Plaintiff's payments under the Note and Mortgage (as amended and modified), has also improperly charged amounts not owed by Plaintiff or otherwise due under the Note and Mortgage (as amended and modified) including, but not limited to, amounts of deferred interest that have either already been paid by Plaintiff or otherwise subsumed and incorporated into Plaintiff's principal balance under the terms of Loan Modification #1 and Loan Modification #2.

34.     As a result of Defendant TD's continued failures to address the concerns raised by the QWR or otherwise comply with its obligations under the terms of the Note, Mortgage, Loan

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

Modification #1, and/or Loan Modification #2, by written correspondence dated June 14, 2022, Plaintiff advised Defendant TD regarding its default under the Note and Mortgage and demanded that Defendant TD cure said defaults within 20 days thereof (the "Default Notice").  A true and correct copy of the Default Notice is attached hereto as **Exhibit "P."**

35.     Notwithstanding receipt of the Default Notice, Defendant TD failed to cure its defaults under the terms of the Note, Mortgage, Loan Modification #1, and/or Loan Modification #2 within the time prescribed by the Default Notice (or any time thereafter).  To date, Defendant TD has failed to cure the defaults described by the Default Notice and continued to violate the terms of the subject loan documents with impunity.  As a result of Defendant TD's inaccurate, improper and erroneous reporting and record keeping, Plaintiff has suffered damages, which will continue for the foreseeable future.

## COUNT I- BREACH OF CONTRACT

36.     Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

37.     Plaintiff and Defendant TD entered into the Mortgage and Note, as modified by the terms of Loan Modification #1 and Loan Modification #2, relating to the Property.

38.     Defendant TD breached the terms of the Note and Mortgage (as modified and amended) by, without limitation, failing to timely and correctly apply all payments received from Plaintiff, improperly and unlawfully assessing and charging Plaintiff for fees and other charges for which Defendant TD is not otherwise entitled or agreed to by the parties, and erroneously causing Plaintiff's account to be placed in default status.

39.     As a result of Defendant TD's breaches under the terms of the Note and Mortgage (as amended and modified), Plaintiff has been harmed.

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant TD, including actual damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT II- BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

40.     Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

41.     The Note, Mortgage, Loan Modification #1 and Loan Modification #2 are valid and binding contracts between Plaintiff and Defendant TD relating to the financing and servicing of Plaintiff's Mortgage on the Property.

42.     The Note, Mortgage, Loan Modification #1 and Loan Modification #2 require that Defendant TD properly account for Plaintiff's payments and report same to the credit reporting bureaus on Plaintiff's behalf upon satisfaction by Plaintiff of the conditions and terms set forth therein.

43.     Plaintiff has performed all of its obligations under Note, Mortgage, Loan Modification #1 and Loan Modification #2.

44.     Notwithstanding, Defendant TD has consciously and deliberately refused to comply with its duties owed to Plaintiff under the terms of the subject loan documents to accurately maintain Plaintiff's payment records and status with the credit bureaus with respect to the Property.

45.     Defendant TD's conscious and deliberate refusal to abide by the terms of the Note, Mortgage, Loan Modification #1 and Loan Modification #2 has unfairly frustrated the agreed common purpose of such loan documents and disappointed the reasonable expectations of Plaintiff.

46.     Plaintiff has been deprived of the benefits under terms of the Note, Mortgage, Loan Modification #1 and Loan Modification #2 as a direct consequence of Defendant TD's conscious and deliberate conduct thereunder.  As a result, Plaintiff has experienced significant losses.

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant TD, including actual damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT III-
## VIOLATION OF 26 U.S.C. 6050H

47.     Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

48.     Plaintiff asserts that there exists an implied private right of action to enforce the terms of 26 U.S.C. § 6050H under the test established in *Cort v. Ash*, 422, U.S. 66, 78 (1975).

49.     Defendant TD had a duty to accurately report to the IRS the amount of mortgage interest that Plaintiff paid to it under the Note and Mortgage (as amended and modified) pursuant to 26 U.S.C. § 6050H.

50.     Defendant TD breached this duty by failing to properly report the correct amounts of interest paid by Plaintiff on Form 1098 for tax years 2020 and 2021.

51.     As a proximate result of Defendant TD Bank's breach of its statutory duty as alleged herein, Plaintiff has been harmed by receiving inaccurate Form 1098's for tax years 2020 and 2021 and has suffered damages as a result thereof including, without limitation, being deprived of the ability to accurately report to the IRS the full and correct amount of his mortgage interest deduction.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant TD, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

**COUNT IV-**
**NEGLIGENCE- DUTY TO ACCURATELY REPORT UNDER 26 U.S.C. 6050H**

52.     Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

53.     Defendant TD had a legal duty to accurately report to the IRS and to Plaintiff the amount of mortgage interest received from Plaintiff during each tax year under the Note and Mortgage (as amended and modified) pursuant to 26 U.S.C. § 6050H.

54.     Defendant TD breached this duty by failing to properly account for and report the correct amounts of interest received from Plaintiff during tax years 2020 and 2021 and accurately report same to the IRS on Form 1098 for said tax years.

55.     As a proximate result of Defendant TD Bank's breach of its statutory duty as alleged herein, Plaintiff has been harmed by receiving inaccurate Form 1098's for tax years 2020 and 2021 and has suffered damages as a result thereof including, without limitation, being deprived of the ability to accurately report to the IRS the full and correct amount of his mortgage interest deduction.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant TD, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

**COUNT V-**
**NEGLIGENCE- DUTY TO CORRECT MISTAKES UNDER 26 U.S.C. 6050H**

56.     Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

57.     Defendant TD had a legal duty to correct any mistakes on any incorrect Form 1098 as soon as possible after determining that a wrong amount had been reported to the IRS pursuant to 26 U.S.C. § 6050H.

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

58.     Defendant TD breached this duty by failing to correct mistakes for tax years 2020 and 2021 on Form 1098 after being advised that its accounting was incorrect and Plaintiff's payments were misapplied during said tax years.

59.     Notwithstanding Defendant TD's knowledge regarding such errors, Defendant TD failed to correct such mistakes or issue amended Form 1098's to reflect the correct amount of interest received from Plaintiff.

60.     As a proximate result of Defendant TD Bank's breach of its statutory duty as alleged herein, Plaintiff has been harmed.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant TD, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT VI-
## NEGLIGENCE PER SE-VIOLATION UNDER 26 U.S.C. 6050H

61.     Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

62.     Defendant TD had a statutory duty to accurately report to the IRS and to Plaintiff the amount of mortgage interest received from Plaintiff during each tax year under the Note and Mortgage (as amended and modified) pursuant to 26 U.S.C. § 6050H.

63.     Defendant TD breached its statutory duty under 26 U.S.C. § 6050H by failing to properly report the correct amounts of interest paid by Plaintiff on Form 1098 for tax years 2020 and 2021.

64.     As a proximate result of Defendant TD Bank's breach of its statutory duty as alleged herein, Plaintiff has been harmed by receiving inaccurate Form 1098's for tax years 2020 and 2021

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

and has suffered damages as a result thereof including, without limitation, being deprived of the ability to accurately report to the IRS the full and correct amount of his mortgage interest deduction.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant TD, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

**COUNT VII-
PROMISSORY ESTOPPEL**

65.    Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

66.    Defendant TD affirmatively represented under Loan Modification #2 that as of December 7, 2016, the total outstanding balance owing on the Mortgage (as amended and modified) and Note was $672,258.96, which sum consisted of unpaid principal due on the Note in the amount of $640,566.58, and "other amounts capitalized, plus $31,692.38 of principal, accrued and uncollected interests and other amounts which are due upon maturity."

67.    Defendant TD intended for Plaintiff to rely upon such representations in entering into Loan Modification #2.

68.    Notwithstanding Defendant TD's intention that Plaintiff rely on such representations, Defendant TD subsequently changed its position regarding the amounts due and owing under the Note and Mortgage (as amended and modified) to the detriment of Plaintiff, by claiming additional sums not otherwise disclosed or contemplated as of the execution of Loan Modification #2 were owed by Plaintiff.

69.    It would be inequitable for Defendant TD to change its previously represented position under Loan Modification #2.

-17-
DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

70.     As such, Defendant TD must be precluded from claiming that the amount owed by Plaintiff as of the execution of Loan Modification #2 is anything different than the amounts described above.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment equitably estopping Defendant TD from changing its position under Loan Modification #2 to the detriment of Plaintiff, in addition to awarding Plaintiff damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT VIII-
## VIOLATION OF RESPA- 26 U.S.C. 2605

71.     Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

72.     Defendant TD is a "servicer" because it was responsible for "servicing" Plaintiff's mortgage loan and was scheduled to receive period payments from Plaintiff pursuant to the terms of the Note and Mortgage (as amended and modified).

73.     Defendant TD received the QWR sent by Plaintiff regarding the Note and Mortgage (as amended and modified) and Defendant TD's servicing related to same.

74.     Plaintiff's QWR constitutes a "request for information" pursuant to 12 CFR § 1024,36.

75.     Defendant TD failed to respond adequately to the QWR as required pursuant to RESPA.

76.     As a result of Defendant TD's failure to comply with RESPA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant TD, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

**COUNT IX-**
**VIOLATION OF FCCPA- SECTION 559.72, ET SEQ.- FLORIDA STATUTES**

77.     Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

78.     Florida Statutes, Section 559.72, prohibits any person from engaging in enumerated debt collection practices including, but not limited to, attempting to collect on amounts not owed or for which defendants are not entitled.

79.     Defendant TD violated the provisions for the FCCPA by, without limitation, attempting to collect on debts from Plaintiff under the Note and Mortgage (as amended and modified) that Defendant TD knew were not legitimate and by otherwise asserting the existence of some legal right that Defendant TD knew did not exist.

80.     Specifically, Defendant TD knew that it was not entitled to collect amounts under the Note and Mortgage (as amended and modified) that were otherwise subsumed or addressed by the terms of Loan Modification #2, but nevertheless repeatedly sent Plaintiff notices demanding that Plaintiff make payment of such amounts and Defendant TD's intent to declare Plaintiff in default for failing to pay such sums.

81.     Defendant TD's conduct served no purpose other than to annoy and harass Plaintiff and exhaust Plaintiff into paying illegitimate charges and fees under the Note and Mortgage (as amended and modified).

82.     As a direct and proximate result of Defendant TD's actions, Plaintiff has suffered damages as defined by Florida Statutes, Section 559.77, in addition to suffering non-pecuniary damages in the form of emotional distress, anxiety, inconvenience, and annoyance, as a result of Defendant TD's unlawful debt collection attempts.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant TD, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT X-
## VIOLATION OF FDCPA- 15 U.S.C. 1692 ET SEQ.

83.     Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

84.     Defendant TD is subject to, and violated the provisions of 15 USC 1692d by, without limitation, using false representations and deceptive means in attempting to collect unlawful amounts from Plaintiff, in addition to falsely representing the legal status of character of the debt under the Note and Mortgage (as amended and modified).

85.     Specifically, despite being repeatedly advised by Plaintiff that the amounts claimed as due and owing under the Note and Mortgage were incorrect, and that Plaintiff was not in default thereunder, Defendant TD continued making demand on Plaintiff for payment of amounts it knew were not due on Plaintiff's account.

86.     Despite Plaintiff's disputes of Defendant TD's representations of the amounts allegedly owed on the Note and Mortgage (as amended and modified), in addition to providing proof of payment for same, Defendant TD continued to send demands to Plaintiff in an attempt to exhaust Plaintiff's will and collect amounts from Plaintiff that Defendant knew it was not otherwise entitled to.

87.     As a result, Defendant TD attempted to collect amounts from Plaintiff that were not otherwise created by agreement of the parties or otherwise permitted by law.

88.     Defendant TD's conduct serves no purpose other than to harass, abuse or annoy Plaintiff into paying such overstated amounts.

89.     As a direct and proximate result of Defendant TD's actions, Plaintiff has suffered damages as defined by 15 USC 1692k.

**COUNT XI-**
**VIOLATION OF FCRA- 15 USC 1681S-2(B)**

90.     Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

91.     Defendant TD is subject to, and violated the provisions of, 15 U.S.C., Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to re-investigate Plaintiff's disputes, failing to review all relevant information fully and properly regarding the same, and failing to correctly report the debt on Plaintiff's credit reports after re-investigating Plaintiff's dispute.

92.     As described above, despite Defendant TD receiving notice of Plaintiff's dispute regarding the debt alleged as due under the Note and Mortgage (as amended and modified), Defendant TD willfully and/or negligently reported erroneous and inaccurate credit information regarding the debt to Transunion, Experian, and Equifax.

93.     After receiving notice of Plaintiff's dispute, Defendant TD inaccurately reported and verified the TD Mortgage debt to the credit reporting bureaus as being in default status, which designation negatively and adversely reflected on Plaintiff's credit reports and credit files as maintained by Experian, Equifax and TransUnion.

94.     Defendant TD's refusal to update the account associated with the TD Mortgage debt to reflect the accurate amount paid by Plaintiff was intentionally, willfully, and knowingly done.

95.     Moreover, in response to Plaintiff's TD Mortgage dispute to Equifax, Experian and TransUnion, Defendant TD failed to mark or otherwise indicate that Plaintiff disputed Defendant TD's reporting of the subject Mortgage debt.

96.     As such, Defendant TD provided inaccurate or incomplete information to Experian, Equifax, and TransUnion in response to Plaintiff's TD Mortgage debt dispute.

97.     Defendant TD's re-investigations were not conducted in good faith.

98.     Defendant TD's re-investigations were not conducted reasonably.

99.     Defendant TD's re-investigations were not conducted using all information available to Defendant, inaccurately report the TD Mortgage debt and otherwise fail to show that the TD Mortgage debt was disputed by Plaintiff.

100.    Additionally, as a result of Defendant TD's action, Plaintiff has suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite repeatedly advising Defendant TD that he disputed Defendant's reporting of the TD Mortgage debt, Plaintiff must simply endure Defendant TD's erroneous, inaccurate, and incomplete reporting of the TD Mortgage debt.

101.    Defendant TD's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

102.    Defendant TD's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitle Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **RESERVATION OF RIGHTS**

Plaintiff hereby reserves the right to amend this pleading as discovery progresses.

## **JURY DEMAND**

Plaintiff Mark Krieger hereby demands a trial by jury on all issues so triable.

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

Dated this 13th day of July, 2022.

Respectfully Submitted,

By:   */s/ David H. Haft*
David H. Haft, Esq.
david@dhaftlaw.com
Florida Bar No. 68992
**David H. Haft, P.A.**
1526 Cardinal Way, Suite A
Weston, Florida 33327
Tel: (954) 459-1358
*Attorneys for Plaintiff Mark Krieger*