**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.: 22-cv-81037-CANNON/REINHART

MARK KRIEGER,

      Plaintiff,

v.

TD BANK. N.A.,

      Defendant.

_____/

**DEFENDANT TD BANK'S MOTION TO DISMISS COUNTS III, VI, VII, AND VIII**
**OF PLAINTIFF'S AMENDED COMPLAINT, AND MOTION TO STRIKE**
**PLAINTIFF'S PRAYER FOR STATUTORY DAMAGES AND ATTORNEY'S FEES**
**IN COUNTS III, IV, V, VI, VII, AND VIII OF PLAINTIFF'S AMENDED COMPLAINT,**
**AND PLAINTIFF'S JURY DEMAND**

Respectfully Submitted,

**DUANE MORRIS LLP**

*s/ Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Harvey W. Gurland, Jr.
Florida Bar No. 284033
201 S. Biscayne Boulevard, Suite 3400
Miami, FL 33131
Tel: 305.960.2200
jjfannin@duanemorris.com
hwgurland@duanemorris.com
pnmendoza@duanemorris.com
jmagarin@duanemorris.com
*Counsel for Defendant, TD Bank, N.A.*

*Case No.: 22-cv-81037-Cannon/Reinhart*

## <u>TABLE OF CONTENTS</u>

**Page**

I.    PRELIMINARY STATEMENT ...........................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND.........................................................3

III.  MEMORANDUM OF LAW ...........................................................................6

     A.    Legal Standard ........................................................................... 6

     B.    The Court Should Dismiss Count III of the Amended Complaint Because
26 U.S.C § 6050H Does Not Provide Krieger a Private Right of Action............... 7

     C.    The Court Should Dismiss Count VI of the Amended Complaint Because
Florida Law Does Not Recognize a Cause of Action Where the
Underlying Statute Does Not Create Civil Liability................................................. 9

     D.    The Court Should Dismiss Count VII of the Amended Complaint Because
Equitable Estoppel is Not a Cause of Action Under Florida Law ....................... 10

     E.    The Court Should Dismiss Count VIII of the Amended Complaint
Because TD Bank Responded to Krieger's Qualified Written Request as
Required Under RESPA .......................................................................... 12

     F.    The Court Should Dismiss Counts III, VI, and VIII of the Amended
Complaint with Prejudice and Without Leave to Amend.................................... 13

     G.    The Court Should Strike Krieger's Request for Attorney's Fees and
Statutory Damages in Counts III, IV, V, VI, VII, and VIII of the Amended
Complaint.......................................................................................... 14

     H.    The Court Should Strike Krieger's Jury Demand Because He Knowingly
and Voluntarily Waived His Right to a Jury Trial................................................ 15

IV.   CONCLUSION..........................................................................................17

**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Ackner v. PNC Bank, Nat'l Ass'n*,
2017 WL 7355329 (S.D. Fla. Dec. 22, 2017) .......................................................................15

*Alexander v. Sandoval*,
532 U.S. 275 (2001) ...............................................................................................................8

*Anderson v. Apex Fin. Group, Inc.*,
2008 WL 2782684 (M.D. Fla. July 16, 2008) ......................................................................16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...............................................................................................................6

*Barbieri v. Wells Fargo & Co.*,
2014 WL 7330461, at *9 (E.D. Pa. Dec. 22, 2014) ...........................................................7-8

*Bates v. JPMorgan Chase Bank, NA*,
768 F.3d 1126 (11th Cir. 2014) ....................................................................................... 12-13

*Beck v. Deloitte & Touche*,
144 F.3d 732 (11th Cir. 1998) ...............................................................................................6

*Belin v. Litton Loan Servicing, LP*,
2006 WL 2061340 (M.D. Fla. July 17, 2006) ......................................................................16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................................................6-7

*Correa v. BAC Home Loans Servicing, LP*,
2012 WL 1176701 (M.D. Fla. 2012) ...................................................................................16

*Corsello v. Lincare, Inc.*,
428 F.3d 1008 (11th Cir. 2005) ...........................................................................................14

*Cort v. Ash*,
422 U.S. 66 (1975) .................................................................................................................8

*Deleplancque v. Nationstar Mortg., LLC*,
2016 WL 406788 (M.D. Fla. Jan. 14, 2016) ........................................................................16

*Ferraro v. Wells Fargo N.A.*,
2013 WL 5357109 (M.D. Fla. Sept. 24, 2013) ....................................................................16

*Finster v. U.S. Bank, N.A.*,
2017 WL 1155349 (M.D. Fla. Mar. 28, 2017) .....................................................................12

*Fiora v. Green Tree Servicing, LLC*,
  2015 WL 9916717 (S.D. Fla. Oct. 23, 2015) ...........................................................16

*First Pac. Bancorp, Inc. v. Helfer*,
  224 F.3d 1117 (9th Cir. 2000) ...............................................................................8

*Fleeger v. Wachovia Bank*,
  2013 WL 1760190 (M.D. Fla. Apr. 24, 2013) ...........................................................16

*Hancock v. Deutsche Bank Nat'l Trust Co.*,
  2006 WL 6319816 (M.D. Fla. 2006) ........................................................................16

*Harrington v. Roundpoint Mortg. Servicing Corp.*,
  2016 WL 614578 (M.D. Fla. Feb. 16, 2016) ............................................................16

*Hayes v. U.S. Bank Nat. Ass'n*,
  648 F. App'x 883 (11th Cir. 2016) ..........................................................................6

*JI-EE Indus. Co. v. Paragon Metals, Inc.*,
  2010 WL 1141103 (S.D. Fla. Mar. 23, 2010) ..........................................................11

*Jones v. Miami-Dade Cnty.*,
  2005 WL 2456884 (S.D. Fla. Apr. 7, 2005) ............................................................11

*Kerivan v. Fogal*,
  22 So. 2d 584 (Fla. 1945) .....................................................................................10

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
  501 U.S. 350 (1991) .............................................................................................8

*In re Lazarus Holdings, LLC*,
  816 F. App'x 417 (11th Cir. 2020) ..........................................................................14

*Levinson v. Green Tree Servicing, LLC*,
  2015 WL 1912276 (M.D. Fla. Apr. 27, 2015) ..........................................................17

*Madura v. BAC Home Loans Servicing L.P.*,
  851 F. Supp. 2d 1291 (M.D. Fla. 2012) ..................................................................16

*Montes v. M & M Mgmt. Co.*,
  2015 WL 4077463 (S.D. Fla. July 6, 2015) ..............................................................7

*Murphy v. Cimarron Mortg. Co.*,
  2007 WL 294229 (M.D. Fla. Jan. 29 2007) .............................................................16

*Newton v. Wells Fargo Bank N.A.*,
  2013 WL 5854520 (M.D. Fla. Oct. 30, 2013) ..........................................................16

*Nunez v. J.P. Morgan Chase Bank, N.A.*,
    648 F. App'x 905 (11th Cir. 2016) ........................................................................12

*O'Brien v. Seterus, Inc.*,
    2015 WL 4514512 (S.D. Fla. July 24, 2015)........................................................12

*Pantages v. Cardinal Health 200, Inc.*,
    2009 WL 2244539 (M.D. Fla. July 27, 2009) .......................................................9

*Pemberton v. Nationstar Mortg. LLC*,
    2015 WL 13828420 (S.D. Cal. Feb. 5, 2015).........................................................8

*Queen For A Day, LLC v. J. Milton & Assoc., Inc.*,
    2020 WL 12188440 (S.D. Fla. Aug. 20, 2020).................................................14-15

*Richmond Manor Apts., Inc. v. Certain Underwriters at Lloyd's London*,
    2011 WL 13175618 (S.D. Fla. Feb. 28, 2011) .....................................................10

*Rovai v. Select Portfolio Servicing, Inc.*,
    2015 WL 3613748 (S.D. Cal. May 11, 2015).....................................................7, 14

*Rovai v. Select Portfolio Servicing, Inc.*,
    2017 WL 4700080 (S.D. Cal. Oct. 18, 2017) .....................................................7-8

*Thompson v. Thompson*,
    484 U.S. 174 (1988).................................................................................................8

*Weinberg v. Advanced Data Processing, Inc.*,
    147 F. Supp. 3d 1359 (S.D. Fla. 2015) ..................................................................9

*Whittaker v. Wells Fargo Bank, N.A.*,
    2014 WL 5426497 (M.D. Fla. Oct. 23, 2014) .....................................................12

*Williams v. Wells Fargo Bank, N.A.*,
    560 F. App'x 233 (5th Cir. 2014) .........................................................................13

*Yeh Ho v. Wells Fargo Bank, N.A.*,
    2020 WL 1163473 (S.D. Fla. Mar. 11, 2020).................................................16-17

**Florida Cases**

*Advanced Mktg. Sys. Corp. v. ZK Yacht Sales*,
    830 So. 2d 924 (Fla. 4th DCA 2002) ...................................................................11

*Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship*,
    45 So. 3d 897 (Fla. 3d DCA 2010) .......................................................................11

*Meyer v. Meyer*,
    25 So. 3d 39 (Fla. 2d DCA 2009) ......................................................................10

*Sheridan v. Greenberg*,
    391 So. 2d 234 (Fla. 3d DCA 1980) ..................................................................15

*Stockman v. Downs*,
    573 So. 2d 835 (Fla. 1991).................................................................................14

*W.R. Grace &Co. v. Geodata Servs., Inc.*,
    547 So. 2d 919 (Fla. 1989).................................................................................11

*Winans v. Weber*,
    979 So. 2d 269 (Fla. 2d DCA 2007) ..................................................................10

**Federal Statutes and Regulations**

12 U.S.C. § 2605(e) ............................................................................................5, 13

15 U.S.C. § 1681S-2(B) ............................................................................................1

15 U.S.C. § 1692 ......................................................................................................1

26 U.S.C. § 2605 ......................................................................................................1

26 U.S.C. § 6050H ...........................................................................................*Passim*

26 U.S.C. § 6050H(d) ..............................................................................................7

12 C.F.R. § 1024.35 ..........................................................................................12-13

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(6)........................................................................................1, 6

Fed. R. Civ. P. 12(f)...........................................................................................1, 14

Fed. R. Civ. P. 39(a)(2).......................................................................................1, 15

**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

Defendant, TD Bank, N.A. ("***TD Bank***"), pursuant to Rules 12(b)(6), 12(f), and 39(a)(2) of the Federal Rules of Civil Procedure, moves to dismiss Counts III, VI, VII, and VIII of Plaintiff's Amended Complaint with prejudice and without leave to amend, and to strike Plaintiff's prayer for statutory damages and attorney's fees in Counts III, IV, V, VI, VII, and VIII of the Amended Complaint as well as Plaintiff's jury demand[1].  In support thereof, TD Bank states as follows:

## I.      PRELIMINARY STATEMENT

Plaintiff, Mark Krieger ("***Krieger***"), alleges that TD Bank improperly accounted for the various payments Krieger made against his loan.  Based on that simple premise, Krieger brings a fourteen-count Amended Complaint against TD Bank and three other defendants.  [D.E. 11].  With respect to TD Bank, however, Krieger asserts breach of contract (Count I), breach of implied covenant of good faith and fair dealing (Count II), Violation of 26 U.S.C. § 6050H (Count III), negligence – duty to accurately report under 26 U.S.C. § 6050H (Count IV), negligence – duty to correct mistakes under 26 U.S.C. § 6050H (Count V), negligence *per se* – violation under 26 U.S.C. § 6050H (Count VI), promissory estoppel (Count VII), violation of RESPA – 26 U.S.C. § 2605 (Count VIII), violation of FCCA – section 559.72, *et seq*., Fla. Stat. (Count IX), violation of FDCPA – 15 U.S.C. § 1692, et seq. (Count X), violation of FCRA – 15 U.S.C. § 1681S-2(B) (Count XI).  [D.E. 1].  However, Counts III, VI, VII and VIII of Krieger's Amended Complaint should be dismissed with prejudice for multiple reasons.

***First***, 26 U.S.C. § 6050H does not provide Krieger with a private right of action to impose one party to report to the IRS in a particular manner.

---

[1] TD Bank respectfully requests twenty (20) days after the Court rules on the instant motion to submit its responsive pleading to Counts I, II, IX, X, and XI.

**Second**, because 26 U.S.C. § 6050H does not provide Krieger with a private right of action, Krieger cannot maintain a claim for negligence *per se* based upon the same statute as a matter of Florida law.

**Third**, although Krieger styles his claim as being one for promissory estoppel, he actually attempts to plead a claim for equitable estoppel, which is not a cause of action under Florida law.

**Fourth**, TD Bank provided a legally sufficient response to Krieger's Qualified Written Request that complied with RESPA.

**Fifth**, Counts III, VI, VII, and VIII of the Complaint should be dismissed with prejudice because Krieger failed to cure his pleading deficiencies despite being on notice of such by virtue of TD Bank's motion to dismiss his initial Complaint, and because further amendment would be futile.

**Sixth**, the Court should strike Krieger's prayer for statutory damages and attorney's fees in Counts III, IV, V, VI, VII, and VIII of the Complaint because Krieger fails to plead any entitlement to such under 26 U.S.C. § 6050H.  This is so even if the Court allows Krieger to re-plead Counts III, VI, VII, and VIII.

**Seventh**, the Court should strike Krieger's demand for jury trial because he waived his right to such in the Note and Mortgage attached to the Amended Complaint.

Accordingly, for the reasons stated herein, TD Bank respectfully submits that the Court should (1) dismiss Counts III, VI, VII, and VIII of the Amended Complaint with prejudice and without leave to amend; (2) strike Krieger's prayer for statutory damages and attorney's fees in Counts III, IV, V, VI, VII, and VIII of the Amended Complaint; and (3) strike Krieger's jury demand.

**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

## II.    **FACTUAL AND PROCEDURAL BACKGROUND**

1.      TD Bank entered into a loan agreement with Krieger on November 20, 2013, in the principal amount of $650,000 (the "***Loan***").  [D.E. 11, ¶15].

### *The Loan Modifications*

2.      The terms of the Loan were amended twice, once on February 19, 2015 ("***Loan Mod 1***") and once on December 7, 2016 ("***Loan Mod 2***").  *Id.* at ¶¶17, 19.

3.      The terms of Loan Mod 2, which loan modification is relevant to this case, are as follows:

    a)    Recast of the balance owing under the Note;
    b)    Retention of the fixed 3.00% interest rate;
    c)    Deferral of payment on $31,692.38 of accrued and uncollected interest under the Mortgage until the Majority Date;
    d)    Modification of the amount of Krieger's monthly payment of principal and interest under the Note and Mortgage (as amended and modified), with such monthly payment, effective as of January 1, 2017, increasing from $2,298.10 to $2,350.46.

*Id.* at ¶20.

4.      TD Bank simultaneously sent a letter confirming the terms of Loan Mod 2 ("***Dec. 7th Letter***").  *Id.* at ¶¶21-22.

5.      In addition to confirming the terms of Loan Mod 2, the Dec. 7th Letter also informed Krieger that he was required to make a separate monthly payment to TD Bank in the amount of $1,534.90 towards Escrow.  *Id.*

### *Krieger's Payment History*

6.      Krieger contends that, between January 12, 2017 and December 31, 2018, he paid all amounts due and owing, and made "additional payments in excess of his monthly payment obligations thereunder."  *Id.* at ¶23.

7.      Krieger claims, however, that TD Bank misapplied his monthly mortgage payments by applying them towards a purported Escrow account shortage and other extraneous fees, instead

of applying them to principal, interest, and Escrow. *Id*. at ¶25. As a result, Krieger alleges that his account was continuously delinquent and constantly accrued monthly late fees. *Id*.

8.      In order to bring his account into good standing, Krieger alleges that TD Bank continued to increase his monthly payments. *Id*.

9.      For example, beginning on January 1, 2019, Krieger alleges that his monthly payment was increased to $4,020 per month, which included $356.93 per month toward an Escrow shortage. *Id*. at ¶29.

10.     According to Krieger's allegations, sometime in 2019, TD Bank also began reporting Krieger's account as delinquent to the credit reporting agencies. *Id*. at ¶32.

11.     Between 2019 to the present, Krieger contends he has paid all amounts due and owing and that, due to TD Bank's "erroneous and improper billing and account practices", he has overpaid his mortgage by more than $60,000. *Id*.

12.     Krieger also alleges that, TD Bank continues to misapply his payments, counting each payment as late and continuously subjecting his account to additional fees and charges as a result. *Id*. at ¶33.

*Account Reporting and Correspondence*

13.     In addition to misapplying his payments, Krieger alleges that for tax years 2020 and 2021 TD Bank issued Mortgage Interest Statements (Form 1098-B) containing false and incorrect information. *Id*. at ¶37.

14.     Krieger alleges that he made multiple complaints to TD Bank about its inaccurate account reporting and misapplication of his payments beginning on February 17, 2021, but TD Bank never addressed them. *Id*. at ¶¶37-39.

**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

15.     Thereafter, on or about March 1, 2022, Krieger, through his counsel, sent TD Bank a qualified written request under the Real Estate Settlement Practices Act ("***RESPA***"), 12 U.S.C. § 2605(e) (the "***QWR***"), requesting a payment history and other information related to Krieger's mortgage account. *Id*. at ¶38.

16.     In response to the QWR, on April 6, 2022, TD Bank sent a letter containing the following: a breakdown of the information Krieger requested, a statement of the borrower's right to request the documents on which TD Bank relied, information on how to request those documents, and a telephone number for obtaining further assistance (the "***Response***"). *Id*. at ¶39.

17.     However, Krieger erroneously alleges that TD Bank's Response was "woefully deficient and fails to address the accounting and servicing deficiencies described by the QWR, and instead includes only a payment history and other account summaries", which is precisely what Krieger requested. *Id*.; [D.E. 11-14; D.E. 11-15].

18.     On June 14, 2022, Krieger sent a letter to TD Bank advising that Krieger believed TD Bank to be in default under the Note and Mortgage and that it had 20 days to cure the defect. *Id*. at ¶41.

19.     To date, Krieger alleges that TD Bank failed to cure its purported defaults. *Id*. at ¶42.

20.     Being unsatisfied with TD Banks's response, Krieger filed his eleven-count Complaint against TD Bank seeking damages he purportedly suffered as a result of TD Bank's alleged defaults on July 15, 2022. [D.E. 1].

21.     On September 12, 2022, TD Bank moved to dismiss Counts III, VI, VII, and VIII of Krieger's initial Complaint, moved to strike Kreiger's prayer for statutory damages and

attorney's fees in Counts III, IV, V, VI, VII, and VIII of Krieger's initial Complaint, as well as Krieger's jury demand.  [D.E. 8].

22.     Instead of addressing the pleading deficiencies noted in TD Bank's motion to dismiss and motion to strike, Krieger simply filed a fourteen-count Amended Complaint against TD Bank and three other defendants on October 6, 2022.  [D.E. 11].  In doing so, Krieger simply reiterated the exact same unavailing allegations against TD Bank.

23.     TD Bank now moves to dismiss Krieger's Amended Complaint with prejudice for the reasons stated in greater detail below.

### III.     MEMORANDUM OF LAW

#### A.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) (quotation omitted). Additionally, "'[a] court is generally limited to reviewing what is within the four corners of the complaint.'" *Hayes v. U.S. Bank Nat. Ass'n*, 648 F. App'x 883, 887 (11th Cir. 2016) (quotation omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above a speculative level. *Id.* Detailed factual allegations are not required, but a pleading

"that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950; *Montes v. M & M Mgmt. Co.*, 2015 WL 4077463, at *1 (S.D. Fla. July 6, 2015).

**B.**   **The Court Should Dismiss Count III of the Amended Complaint Because 26 U.S.C §
6050H Does Not Provide Krieger a Private Right of Action**

Krieger's claimed violation of 26 U.S.C. § 6050H fails because there is no private right of action, implied or otherwise, under 26 U.S.C. § 6050H.  [D.E. 11, pgs. 15-16].

26 U.S.C. § 6050H requires companies, such as TD Bank, that have received mortgage interest in excess of $600 from a debtor, such as Krieger, to provide a mortgage interest statement (or an IRS Form 1098) to that debtor. However, nowhere in this statute is there an express private right of action granted to the debtor.

Further, courts addressing this issue have declined to read 26 U.S.C. § 6050H as creating a private cause of action, implied or otherwise. *See e.g., Barbieri v. Wells Fargo & Co.*, 2014 WL 7330461, at *9 (E.D. Pa. Dec. 22, 2014) ("Neither 26 U.S.C. § 6050H(d), nor the associated Treasury Regulations, provide individuals with a private right of action for the failure of a mortgage lender or servicer to provide a mortgage interest statement, or a IRS Form 1098, to the individual debtor. Instead, Plaintiffs invite the Court to exercise its "equitable authority" and allow Plaintiffs' claim to survive despite an absence of statutory authority permitting a private right of action. This we will not do."); *Rovai v. Select Portfolio Servicing, Inc.*, 2015 WL 3613748, at *1–2 (S.D. Cal. May 11, 2015) ("It is possible that the 1098 forms, if inaccurate, ***are challengeable with the IRS*** or under a common law theory, ***but 26 U.S.C. § 6050H does not itself create a private cause of action against the mortgagor***." (emphasis added)); *Rovai v. Select Portfolio Servicing, Inc.*, 2017 WL 4700080, at *3 (S.D. Cal. Oct. 18, 2017) ("The Court has already found that no

private right exists under § 6050H. Because [§ 6050H] does not explicitly create a private cause of action and focuses on the person regulated, the Court is reticent to imply a private right." (alteration in original)); *Pemberton v. Nationstar Mortg. LLC*, 2015 WL 13828420, at *2 (S.D. Cal. Feb. 5, 2015) (same).

Moreover, Krieger's reliance on *Cort v. Ash*, 422 U.S. 66 (1975) for the proposition that a private right of action exists under 26 U.S.C. § 6050H is equally unavailing.  [D.E. 11, ¶55].  In *Cort*, the Supreme Court articulated a four-factor test to determine whether a statute implicitly includes a private cause of action.  422 U.S. at 78.  However, in more recent jurisprudence, courts have emphasized that the "key inquiry is whether Congress intended to provide the plaintiff with a private right of action." *First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1121 (9th Cir. 2000). More significantly, courts have gone so far as to opine that *Cort* has been "effectively overruled." *Thompson v. Thompson*, 484 U.S. 174, 188 (1988) (O'Connor, J. and Scalia, J., concurring).

Where, as here, federal statutes focus "on the person regulated rather than the individuals protected [] 'no implication of an intent to confer rights on a particular class of persons'" exists. *Alexander v. Sandoval*, 532 U.S. 275, 289 (2001) (quoting *California v. Sierra Club*, 451 U.S. 287, 294 (1981)). Because 26 U.S.C. § 6050H does not explicitly create a private cause of action and focuses on the person regulated—*i.e.*, TD Bank—the Court should be reticent to imply a private right as Krieger's amended allegations suggest. *See id.* at 287 ("Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 365 (1991) (Scalia, J., concurring in part and concurring in judgment)); *Barbieri*, 2014 WL 7330461, at *9 (declining to find a private right of action under 26 U.S.C. § 6050H); *Rovai*, 2017 WL 4700080, at *3 (same); *Pemberton*, 2015 WL 13828420, at *2 (same).

**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

Without an express or implied private of action, the Court should dismiss Count III of the Amended Complaint with prejudice.

## C.     The Court Should Dismiss Count VI of the Amended Complaint Because Florida Law Does Not Recognize a Cause of Action Where the Underlying Statute Does Not Create Civil Liability

In Count VI of the Amended Complaint, Krieger essentially repeats his claim for negligence predicated upon TD Bank's purported breach of its duty to accurately report under 26 U.S.C. § 6050H, but attempts to recast it as a separate claim for negligence *per se*.  However, Krieger's negligence *per se* claim fails because, as stated above, there is no private right of action under 26 U.S.C. § 6050H.

"Florida courts have refused to recognize a private right of action for negligence *per se* based on an alleged violation of a federal statute that does not provide for a private right of action." *Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1365–66 (S.D. Fla. 2015) (quoting *Stevens v. Danek Medical, Inc.*, 1999 WL 33217282, at *5–6 (S.D. Fla. 1999) (citing *Jupiter Inlet Corp. v. Brocard*, 546 So. 2d 1, 2–3 (Fla. 4th DCA 1998) ("OSHA [Occupational Safety and Health Act] does not provide the basis for a private right of action.... [Thus,] "violation of OSHA does not constitute *per se* negligence (alteration in original)))); *Pantages v. Cardinal Health 200, Inc.*, 2009 WL 2244539, at *3 (M.D. Fla. July 27, 2009) ("Plaintiff's claim fails to state a cause of action for which relief can be granted because Florida law does not recognize a claim based upon a theory of negligence *per se* claim for an alleged violation of this particular federal regulation. Accordingly, because there is no set of facts which Plaintiff could offer that could establish a claim for negligence *per se* based upon this federal regulation, Count VI is due to be dismissed.").

**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 · Tel: 305.960.2200

It is clear from the analysis above that 26 U.S.C. § 6050H does not provide a private right of action to Krieger. As such, his claim for negligence *per se* predicated upon an alleged violation of 26 U.S.C. § 6050H fails as a matter of Florida law and the Court should dismiss Count VI of the Amended Complaint with prejudice.

## D.  The Court Should Dismiss Count VII of the Amended Complaint Because Equitable Estoppel is Not a Cause of Action Under Florida Law

Although styled as a claim for promissory estoppel, Krieger actually attempts to plead a claim for equitable estoppel, which is evident from his prayer for relief requesting the Court "enter judgment equitably estopping Defendant TD from changing its position under Loan Modification #2 . . . ." [D.E. 11, pg. 19]. However, equitable estoppel is a defense under Florida law—*not* a cause of action. Further, even if Count VII could be read to set forth a claim for promissory estoppel (which it cannot), the claim still fails as a matter of law because Krieger incorporates the terms of an express agreement between the parties.

"Equitable estoppel is a defense in Florida." *Richmond Manor Apts., Inc. v. Certain Underwriters at Lloyd's London*, 2011 WL 13175618, at *5 (S.D. Fla. Feb. 28, 2011); *Meyer v. Meyer*, 25 So. 3d 39, 43 (Fla. 2d DCA 2009) ("In this state, equitable estoppel is a defensive doctrine rather than a cause of action.") (quoting *Agency for Health Care Admin. v. MIED, Inc.*, 869 So. 2d 13, 20 (Fla. 1st DCA 2004)); *see also Kerivan v. Fogal*, 22 So. 2d 584, 586 (Fla. 1945). A defense of equitable estoppel requires:

> (1) the party against whom the estoppel is sought must have made a representation about a material fact that is contrary to a position it later asserts; (2) the party claiming estoppel must have relied on that representation; and (3) the party seeking estoppel must have changed his position to his detriment based on the representation and his reliance on it.

*Winans v. Weber*, 979 So. 2d 269, 274-275 (Fla. 2d DCA 2007) (quoting *Watson Clinic, LLP v. Verzosa*, 816 So. 2d 832, 834 (Fla. 2d DCA 2002)).

In contrast to equitable estoppel, Florida recognizes an affirmative estoppel claim under the doctrine of promissory estoppel. *Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship*, 45 So. 3d 897, 906 (Fla. 3d DCA 2010) ("Florida recognizes the cause of action for promissory estoppel."). The elements of a claim of promissory estoppel are:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

*W.R. Grace & Co. v. Geodata Servs., Inc.*, 547 So. 2d 919, 924 (Fla. 1989) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 90 (1979)); *see also Coral Reef Drive Land Dev.*, 45 So. 3d at 906.

Importantly, promissory estoppel may not be asserted where there is a valid contract. *Jones v. Miami-Dade Cnty.*, 2005 WL 2456884, at *10 (S.D. Fla. Apr. 7, 2005). This is because "'[p]romissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of contract.'" *Advanced Mktg. Sys. Corp. v. ZK Yacht Sales*, 830 So. 2d 924, 928 (Fla. 4th DCA 2002) (quotation omitted); *JI-EE Indus. Co. v. Paragon Metals, Inc.*, 2010 WL 1141103, at *1 (S.D. Fla. Mar. 23, 2010) ("There can be no unjust enrichment or promissory estoppel claim when there is an express contract between the parties."). Moreover, "a complaint cannot allege an express agreement in a claim for unjust enrichment or promissory estoppel." *JI-EE Indus. Co.*, 2010 WL 1141103, at *1.

Here, Krieger is clear that he is seeking equitable estoppel, which is not a cause of action under Florida law. Further, because he incorporates the terms of the express agreement between the parties, Krieger cannot maintain a claim for promissory estoppel either. Krieger was aware of this pleading deficiency in his initial Complaint and failed to correct it in his Amended Complaint. As such, Count VII of the Amended Complaint should be dismissed with prejudice.

E.     **The Court Should Dismiss Count VIII of the Amended Complaint Because TD Bank Responded to Krieger's Qualified Written Request as Required Under RESPA**

In Count VIII, Krieger alleges that TD Bank failed to comply with RESPA because TD Bank failed to provide any "adequate" response to his QWR. [D.E. 11, pg. 20]. Krieger is wrong and his claim should be dismissed as TD Bank's response complied with the RESPA requirements in all respects.

Courts have consistently held that RESPA simply requires a servicer to acknowledge and respond to a borrower's request for information and that the response does not have to be to the borrower's satisfaction. *See, e.g., O'Brien v. Seterus, Inc*., 2015 WL 4514512, *1, at *3 (S.D. Fla. July 24, 2015) (dismissing RESPA claim given that defendant responded to plaintiff's request for information and stating that while defendant did not give plaintiff the answers it wanted, or respond with the specificity plaintiff requested, defendant did answer); *Whittaker v. Wells Fargo Bank, N.A*., 2014 WL 5426497, *1, at *8 (M.D. Fla. Oct. 23, 2014) ("[RESPA] does not require the servicer to provide the resolution or the explanation desired by the borrower; it requires the servicer to provide a statement of its reasons"). There can be no cause of action under RESPA simply because a borrower or his attorneys are unsatisfied with a servicer's answer. *Bates v. JP Morgan Chase Bank*, N.A, 768 F.3d 1126, 1135 (11th Cir. 2014). The borrower's mere disagreement with the outcome of a reasonable investigation does not establish a RESPA violation. *Finster v. U.S. Bank, N.A*., 2017 WL 1155349, *1, *9 (M.D. Fla. Mar. 28, 2017).

Here, TD Bank met the standard under RESPA. First, Krieger's discovery-style QWR was not calculated to notify TD Bank of any possible account errors. *See, e.g., Nunez v. J.P. Morgan Chase Bank, N.A*., 648 F. App'x 905, 907 (11th Cir. 2016) (12 C.F.R. § 1024.35 "allows borrowers to notify mortgage servicers of possible *account errors.*" (emphasis added)). Moreover, even if TD Bank did not give Krieger the response that *his attorneys* desired, TD Bank adequately

responded to Krieger's request. [D.E. 11-15]. TD Bank included in its response letter and supporting enclosures: (i) a breakdown of the information Krieger requested; (ii) a statement of the borrower's right to request the documents on which TD Bank relied; (iii) information on how to request those documents; and (iv) a telephone number for obtaining further assistance. *Id*. In that regard, TD Bank's response fully complies with the requirements of RESPA and Krieger's claim fails as a matter of law. *See* 12 U.S.C. § 2605(e)(2)(B); 12 C.F.R. § 1024.35(e)(1)(i)(B); *accord Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1135 (11th Cir. 2014) (analyzing a RESPA claim prior to Regulation X and finding a response was sufficient where it explained what happened to the payment in question and provided contact information, although the borrower was unsatisfied with the answer); *see also Williams v. Wells Fargo Bank, N.A*., 560 F. App'x 233, 241-42 (5th Cir. 2014); *Finster*, 2017 WL 1155349, *1, *8.

As evidenced by its March 1, 2022 response letter, TD Bank provided substantial information to Krieger's counsel that was sufficient to fulfill its legal obligations under RESPA. Thus, Count VIII of the Amended Complaint should be dismissed with prejudice.

**F.      The Court Should Dismiss Counts III, VI, and VIII of the Amended Complaint with Prejudice and Without Leave to Amend**

TD Bank seeks to dismiss Counts III, VI, and VIII of Krieger's Amended Complaint with prejudice because there is no set of facts upon which Krieger can state a private cause of action under 26 U.S.C. § 6050H or bring a negligence *per se* claim predicated on the same federal statute, or present facts that demonstrate a RESPA violation. Krieger was also on notice of the pleading deficiencies contained in his initial Complaint by virtue of TD Bank's motion to dismiss, yet he failed to address or correct any of them. Instead, Krieger simply reiterated the same unavailing allegations against TD Bank verbatim.

**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 · Tel: 305.960.2200

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, leave to amend is not warranted "where there has been . . . [a] repeated failure to cure deficiencies by amendments previously allowed; . . . or [] where amendment would be futile." *Id.*

Because Krieger failed to correct his prior pleading deficiencies and because further amendment in this instance will be futile, dismissal with prejudice is appropriate.

## G.   The Court Should Strike Krieger's Request for Attorney's Fees and Statutory Damages in Counts III, IV, V, VI, VII, and VIII of the Amended Complaint

In the *ad damnum* clauses following Counts III, IV, V, VI, VII, and VIII Krieger prays for, among other things, statutory damages and attorney's fees. [D.E. 11, pgs. 15-20].  However, Krieger fails to plead any entitlement to statutory damages and attorney's fees such under 26 U.S.C. § 6050H.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  A motion to strike should be granted when "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Queen For A Day, LLC v. J. Milton & Assoc., Inc.*, 2020 WL 12188440, at *1 (S.D. Fla. Aug. 20, 2020).  Moreover, "under both Florida and federal case law the American Rule applies. In accordance with this rule, each litigant pays his or her own attorney's fees, win or lose, unless a statute or contract provides otherwise." *In re Lazarus Holdings, LLC*, 816 F. App'x 417, 419 (11th Cir. 2020); *Stockman v. Downs*, 573 So. 2d 835, 838 (Fla. 1991).

Here, Krieger attempts to allege claims for a violation of 26 U.S.C. § 6050H and negligence against TD Bank. [D.E. 11, pgs. 15-20].  However, there is no contractual or statutory basis for fees arising from Krieger's alleged claims. *Rovai*, 2015 WL 3613748, at *1–2 (no private cause of

action under 26 U.S.C. § 6050H); *Queen For A Day, LLC*, 2020 WL 12188440, at *1 ("Defendant is correct that there is no contractual or statutory basis for a negligence claim."); *Sheridan v. Greenberg*, 391 So. 2d 234 (Fla. 3d DCA 1980) (denying plaintiff's request for attorney's fees in negligence action). Therefore, Krieger's allegations are unrelated to his asserted claims. Further, the existence of these allegations is prejudicial because it confuses the issues and gives the false impression that Krieger has a valid legal basis for the imposition of statutory damages and prevailing party attorney's fees when none exists. Presumably, Krieger intends to use these spurious allegations to seek discovery on topics that are irrelevant to his actual claims. As such, the Court should strike these erroneous and prejudicial allegations from Counts III, IV, V, VI, VII, and VIII of the Amended Complaint.

**H.      The Court Should Strike Krieger's Jury Demand Because He Knowingly and Voluntarily Waived His Right to a Jury Trial**

According to Rule 39, "the court, on motion or on its own" may determine that there is no federal right to a jury trial. Fed. R. Civ. P. 39(a)(2). Moreover, "[a] party may validly waive his right to a jury trial if his waiver is done knowingly and voluntarily." *Ackner v. PNC Bank, Nat'l Ass'n*, 2017 WL 7355329, at *2 (S.D. Fla. Dec. 22, 2017) (citing *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x. 820, 823 (11th Cir. 2006) (per curiam)).

Here, Krieger's Amended Complaint incorporates by reference mortgage terms that contain the following jury trial waiver:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

[D.E. 11-2, pg. 14]. Krieger agreed to the waiver by initialing the page immediately following the waiver language and signing the mortgage on the next page. *Id.* at pgs. 14-15.

"Courts routinely enforce jury trial waivers in cases similar to the present case because they are clearly related to the note and mortgage." *Yeh Ho v. Wells Fargo Bank, N.A.*, 2020 WL 1163473, at *1–2 (S.D. Fla. Mar. 11, 2020); *see also Fiora v. Green Tree Servicing, LLC*, 2015 WL 9916717, at *1 (S.D. Fla. Oct. 23, 2015) ("[C]ourts within this Circuit have found that virtually identical jury trial waivers were enforceable in the context of RESPA claims."); *Ferraro v. Wells Fargo N.A.*, 2013 WL 5357109 at *1 (M.D. Fla. Sept. 24, 2013) (upholding waiver as to TILA and RESPA claims); *Correa v. BAC Home Loans Servicing, LP*, 2012 WL 1176701, at *15-16 (M.D. Fla. 2012) (upholding waiver as to TILA, RESPA, and FDCPA claims); *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1295 (M.D. Fla. 2012) (upholding waiver as to RESPA claims); *Hancock v. Deutsche Bank Nat'l Trust Co.*, 2006 WL 6319816, at *2 (M.D. Fla. 2006) (same); *see also Harrington v. Roundpoint Mortg. Servicing Corp.*, 2016 WL 614578, at *3 (M.D. Fla. Feb. 16, 2016) (finding borrower's consumer protection claims directly related to jury trial waiver stating "the Mortgage is the sole source of the parties' relationship"); *Deleplancque v. Nationstar Mortg., LLC*, 2016 WL 406788, at *2 (M.D. Fla. Jan. 14, 2016) (same); *Newton v. Wells Fargo Bank N.A.*, 2013 WL 5854520, at *2 (M.D. Fla. Oct. 30, 2013).

More importantly, the specific waiver involved in this mortgage has been upheld by numerous district courts in Florida. *See, e.g., Yeh Ho*, 2020 WL 1163473, at *1–2; *Fleeger v. Wachovia Bank*, 2013 WL 1760190, at *1 (M.D. Fla. Apr. 24, 2013); *Anderson v. Apex Fin. Group, Inc.*, 2008 WL 2782684, at *1-2 (M.D. Fla. July 16, 2008); *Murphy v. Cimarron Mortg. Co.*, 2007 WL 294229 at *2 (M.D. Fla. Jan. 29 2007); *Belin v. Litton Loan Servicing, LP*, 2006 WL 2061340, at *1 (M.D. Fla. July 17, 2006).

Additionally, Krieger knowingly and voluntarily waived his right to a jury trial. "The waiver provision in the mortgage is conspicuous, since (1) it is in its own separate paragraph, (2)

it is in the same size font as the rest of the document, (3) it is located in the last paragraph of a relatively short document, thus, it cannot be considered hidden within the document, and (4) it states in clear and unambiguous language that [Krieger] is waiving [his] right to a jury trial." *Yeh Ho*, 2020 WL 1163473, at *2.  The waiver provision is also clear and conspicuously labeled. *Id.*; *Levinson v. Green Tree Servicing, LLC*, 2015 WL 1912276 at *2 (M.D. Fla. Apr. 27, 2015) ("Plaintiffs knowingly and voluntarily waived their right to a jury trial upon signing the mortgage, thereby creating a valid waiver of jury trial.").  Consequently, Krieger's demand for a jury trial in the Amended Complaint should be stricken.

## IV.    CONCLUSION

Based upon the foregoing, TD Bank respectfully asks this Honorable Court to enter and Order: (i) dismissing Counts III, VI, VII, and VIII of the Amended Complaint with prejudice and without leave to amend; (ii) striking Krieger's prayer for statutory damages and attorney's fees in Counts III, IV, V, VI, VII, and VIII of the Amended Complaint; (iii) striking Krieger's jury demand; and (iv) for any such further relief as the Court deems necessary and proper.

Dated this 17th day of October, 2022          Respectfully Submitted,

*s/ Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Harvey W. Gurland, Jr.
Florida Bar No. 284033
DUANE MORRIS LLP
201 S. Biscayne Boulevard, Suite 3400
Miami, FL 33131
Tel: 305.960.2200
jjfannin@duanemorris.com
hwgurland@duanemorris.com
pnmendoza@duanemorris.com
jmagarin@duanemorris.com
*Counsel for Defendant, TD Bank, N.A.*

DM1\13535215.2