UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:22-cv-81037-CANNON/REINHART

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARK KRIEGER,

    Plaintiff,

v.

TD BANK, N.A., a National Banking Association, EQUIFAX INFORMATION SERVICES, LLC, a Georgia Limited Liability Company, EXPERIAN INFORMATION SERVICES, INC., an Ohio Corporation, and TRANSUNION, LLC, a Delaware Limited Liability Company,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT' TD BANK'S RENEWED MOTION TO DISMISS COUNTS III, VI, VII AND VIII OF PLAINTIFF'S AMENDED COMPLAINT**

    Plaintiff, Mark Krieger ("Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(f), hereby files this Motion to Strike Defendant TD Bank, N.A.'s ("Defendant") Renewed Motion to Dismiss (the "Motion to Dismiss") Counts III, VI, VII and VIII of Plaintiff's Amended Complaint [DE 32], stating as follows:

    1.    On October 6, 2022, Plaintiff filed its Amended Complaint (the "Amended Complaint") [DE 11] against Defendant, Equifax Information Services, LLC ("Equifax"), Experian Information Services, Inc. ("Experian"), and Transunion, LLC ("Transunion" or collectively with

Equifax and Experian, the "Credit Bureaus") for *inter alia,* violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (the "FCRA").

2. In response to the Amended Complaint, on or about October 17, 2022, Defendant filed its Motion to Dismiss Amended Complaint [DE 13].[1]

3. On October 18, 2022, the Court entered an Order Requiring Combined Responses by Defendant and the Credit Bureaus to the Amended Complaint [DE 14] (the "Combined Response Order"). More specifically, the Combined Response Order provided, in pertinent part, that "…. Defendants **shall** submit a **single combined response or separate answers** within the time allowed for the last-served [Defendant] to respond." (Emphasis supplied). *See* DE 14.

4. Following various unopposed motions by each of the Credit Bureaus, on November 9, 2022, the Court entered a paperless Order providing, in part, that "[o]n or before November 30, 2022, all Defendants **shall file a combined response or individual answers to the Complaint."** (Emphasis supplied). *See* DE 26.

5. In compliance with the Court's November 9th Order [DE 26], on November 30, 2022, each of the Credit Bureau Defendants filed their individual answer to Plaintiff Amended Complaint [DE's 27, 29, 30, respectively].

6. However, notwithstanding the clear and unambiguous language of the Combined Response Order [DE 14], in addition to the Court's November 9th Order [DE 26], and rather than filing an individual answer to the Amended Complaint, similar to each of the Credit Bureau Defendants. Defendant TD filed its Motion to Dismiss on November 30, 2022 [DE 32].

---

[1] On October 20, 2022, the Court entered an Order denying the Motion to Dismiss without prejudice in light of the Combined Response Order [DE 15].

7. Defendant TD's Motion to Dismiss, intentionally or otherwise, is violative of the Court's prior orders requiring the filing of either a combined response or individual answers by the respective Defendants to the Amended Complaint. Indeed, it is without question that both the Combined Response Order [DE 14] and the Court's November 9th Order [DE 26] unequivocally required the filing of either a combined response or individual answers to the Amended Complaint and did not provide for both options, such as that taken by Defendant TD by filing its Motion to Dismiss. As such, Defendant TD's Motion to Dismiss must be summarily stricken for failing to comply with this Court's Orders.

8. Moreover, Defendant TD's Motion to Dismiss should be stricken by this Court for improperly requesting an additional extension of time to respond to Counts I, II, IX, X, and XI of the Amended Complaint. *See* DE 32 at fn. 2.

9. Similar to the Motion to Dismiss itself, Defendant TD's request for an enlargement of time likewise defies this Court's prior orders regarding the seeking of extensions of time by the parties hereto. More specifically, in granting Plaintiff's motion for extension of time to respond to Defendant TD's initial motion to dismiss [DE 10], the Court stated "[m]oving forward, **any requests** for an extension of time must be filed **sufficiently in advance of the deadline at issue.**"

10. Notably, Defendant TD's request for an extension of time contained in its Motion to Dismiss was filed on the evening of November 30, 2022, the exact deadline for which its response to the Amended Complaint was due.

**Memorandum of Law**

11. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court may, on its own motion, or by motion of a party "strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f): *see also Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D. Fla. 1995)

12. The purpose of a motion to strike is to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hutchings v. Fed. Ins. Co.,* 2008 U.S. Dist. LEXIS 75334, at *4 (M.D. Fla. 2008); *Merrill Lynch Bus. Fin. Servs. v. Performance Mach. Sys. U.S.A.,* 2005 U.S. Dist. LEXIS 7309, at *37 (S.D. Fla. 2005).

13. Here, because Defendant TD's Motion to Dismiss is blatantly deficient and fails to comply with the plain terms of three (3) separate orders entered by this Court, the Motion to Dismiss constitutes an immaterial, impertinent and scandalous matter.

14. Accordingly, because Defendant TD's Motion to Dismiss is the exact type of filing contemplated by Rule 12(f) of the Federal Rules of Civil Procedure, the Motion to Dismiss and Defendant TD's request therein for an extension of time should be stricken by this Court as a matter of law.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that this Honorable Court enter an Order (i) striking Defendant TD's Renewed Motion to Dismiss in its entirety: (ii) requiring Defendant TD to file its individual answer to the Amended Complaint within five (5) days hereof; and (iii) granting such other and further relief as this Court deems just and proper under the circumstances.

### **LOCAL RULE 7.1(A)(3) PRE- FILING CERTIFICATION**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiff conferred with Defendant's counsel via email on December 14, 2022 regarding the relief sought in this Motion. Notwithstanding the foregoing, through the filing of the instant Motion, Defendant TD's counsel has not responded to the undersigned's conferral request.

Dated this 14th day of December 2022.

               Respectfully Submitted,

              By:  */s/ David H. Haft*
                 David H. Haft, Esq.
                 david@dhaftlaw.com
                 Florida Bar No. 68992
                 **David H. Haft, P.A.**
                 1526 Cardinal Way, Suite A
                 Weston, Florida 33327
                 Tel: (954) 459-1358
                 *Attorneys for Plaintiff Mark Krieger*