## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

CASE NO. 9:22-cv-81037-CANNON/REINHART

MARK KRIEGER,

    Plaintiff,

v.

TD BANK, N.A., a National Banking Association, EQUIFAX INFORMATION SERVICES, LLC, a Georgia Limited Liability Company, EXPERIAN INFORMATION SERVICES, INC., an Ohio Corporation, and TRANSUNION, LLC, a Delaware Limited Liability Company,

    Defendants.

_____/

## **JOINT SCHEDULING REPORT AND PROPOSED SCHEDULING ORDER**

Pursuant to this Court's Order Requiring Joint Scheduling Report and Certificate of Interested Parties [DE 33], Local Rule 16.1, and Fed. R. Civ. P. 16, the Parties hereby jointly submit this Scheduling Report and Proposed Scheduling Order.

## **SCHEDULING REPORT**

1. On December 21, 2022, a telephonic/electronic meet and confer took place between counsel for all parties to this action, to wit: David H. Haft for the Plaintiff, Julian Antony Jackson Fannin for Defendant TD Bank, N.A., Jason Daniel Joffe for Defendant Equifax Information Services, LLC, Monique Nicole Eloi for Defendant Experian Information Services, Inc., and Alexandria N. Epps for Defendant TransUnion, LLC.

**Information Required by S.D. Fla. L.R. 16.1(B)**

**(A)** **Likelihood of settlement:** While some of the Parties have engaged in preliminary settlement discussions and remain open to the idea of settlement, based on the denials by some of the Defendants to Plaintiff's respective claims in the Amended Complaint and Defendant TD Bank, N.A.'s pending motion to dismiss, settlement seems unlikely given the posture of the case. Nevertheless, the Parties understand the likelihood that this Court will require them to participate in mediation, and are prepared to participate in good faith in any mediation conference required by the Court.

**(B)** **Likelihood of appearances in this action of additional parties:** The Parties do not anticipate the appearances of additional parties; however, the Parties may seek to add additional parties as warranted by the pleadings and factual developments in discovery, and as permitted by applicable law, the rules of civil procedure, the Court's local rules, and the scheduling orders of this Court.

**(C)** **Proposed limits on the time: (i) to join other parties and to amend the pleadings; (ii) to file and hear motions: and (iii) to complete discovery:** These deadlines are addressed in the Proposed Scheduling Order, *infra.*

**(D)** **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:** The Parties anticipate that each of them will move for summary judgment, on or before the deadline proposed in the Scheduling Order, *infra,* and established by the Court. In addition, Defendant TD Bank has moved to dismiss certain claims alleged in Plaintiff's Amended Complaint. TD Bank's motion remains pending before the Court.

**(E)** **The necessity or desirability of amendments to the pleadings:** The Parties may amend pleadings on or before the deadlines proposed in the Scheduling Order, *infra,* and established

by the Court. Any additional amendments shall be for good cause, upon leave of Court, if and as permitted under applicable law.

**(F)    The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:** The Parties hereby consent to electronic service of discovery requests and responses and other materials which are not required to be filed with the Court. The Parties do not have any additional specific proposals at this time, but are prepared to work in good faith in discovery to employ available discovery mechanisms to minimize the burden on the Parties and the Court.

**(G)    Suggestions for the avoidance of unnecessary proof and of cumulative evidence:** The Parties do not have any additional specific proposals at this time, but are prepared to work in good faith in discovery to employ available discovery mechanisms to minimize the burden on the Parties and the Court.

**(H)    Suggestions on the advisability of referring matters to a Magistrate Judge or master:** The Parties unanimously agree that certain discovery disputes and other matters as deemed appropriate by the Court may be subject to referral to a Magistrate Judge or master. The Parties do not unanimously agree to referral to a Magistrate Judge of dispositive motions or trial.

**(I)    A preliminary estimate of the time required for trial:** At this time, the Parties believe that a trial in this action may require between 3 and 5 days.

**(J)    Requested date or dates for conferences before trial, a final pretrial conference and trial:** At this time, the Parties do not believe that any additional conferences beyond the standard Status Conference(s) and Calendar Call to be set by this Court will be necessary; however, depending

on the Court's scheduling of the foregoing events, the Parties position(s) may subsequently change with respect to these issues.

**(K)    Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as to trial-preparation materials, including—if the Parties agree on a procedure to assert those claims after production—whether to ask the Court to include their agreement in an order under the Federal Rules of Evidence 502; and (iii) when the Parties have agreed to use the ESI Checklist available on the Court's website (http://www.flsd.uscourts.gov/), matters enumerated on the ESI Checklist:** The Parties anticipate disclosure of ESI in discovery. ESI materials will be produced in bates-stamped, Adobe PDF format in the first instance. If any party has a specific need for metadata or the production of ESI in any other format, the Parties will work together in good faith to resolve those needs without unduly burdening each other or the Court. Notwithstanding the foregoing, Defendant TransUnion, LLC has asserted that it objects to the production of metadata in this matter.

The Parties are aware of their obligations to preserve evidence, including ESI, and have taken reasonably necessary steps to do same. The Parties are aware of, and will comply with, the requirements of Local Rule 26.1(e)(2)(B)-(C) with respect to any claim of privilege.

The Parties do not anticipate any ESI preservation issues. Based on the nature of this case, the Parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the Parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the Parties believe is necessary.

The Parties agree that there may be a need for discovery in this case to be governed by a protective order. If the Parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the Parties disagree concerning the need for, and/or the scope or form of a protective order, the Party or Parties seeking such an order shall file an appropriate motion and supporting memorandum of law.

The Parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws. The Parties agree that following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the Parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and need for privilege logs, as may be applicable.

**(L)** **Any other information that might be helpful to the Court in setting this case for status or pretrial conference:** None at this time.

Respectfully Submitted,

*/s/ David H. Haft*  
David H. Haft, Esq.  
david@dhaftlaw.com  
Florida Bar No. 68992  
**David H. Haft, P.A.**  
1526 Cardinal Way, Suite A  
Weston, Florida 33327  
Tel: (954) 459-1358  
*Attorneys for Plaintiff Mark Krieger*

*/s/ Alexandria Epps*  
Alexandria Epps, Esq.  
aepps@qslwm.com  
Florida Bar No. 1002739  
QUILLING, SELANDER, LOWNDS,  
WINSLETT & MOSER, P.C.  
6900 N. Dallas Parkway, Suite 800  
Plano, Texas 75024  
(214) 560-5463  
*Counsel for Defendant Trans Union LLC*

| | |
|---|---|
| */s/ Monique Eloi* <br> Monique Eloi, Esq. <br> meloi@jonesday.com <br> Florida Bar No. 1025828 <br> Jones Day <br> 600 Brickell Avenue, Suite 3300 <br> Miami, FL 33131 <br> (305) 714-9797 <br> *Counsel for Experian Information Solutions, Inc.* | /s/ *Julian A. Jackson-Fannin* <br> Julian A. Jackson-Fannin, Esq. <br> jjfannin@duanemorris.com <br> Florida Bar No. 93220 <br> Duane Morris LLP <br> 201 S. Biscayne Blvd., Suite 3400 <br> Miami, FL 33131 <br> (305) 960-2200 <br> *Counsel for TD Bank, N.A.* |

*/s/Jason Daniel Joffe*
Jason Daniel Joffe, Esq.
jason.joffe@squirepb.com
Florida Bar No. 13564
Squire Patton Boggs (US) LLP
200 S. Biscayne Blvd., Suite 4700
Miami, FL 33131
(305) 577-7000
*Counsel for Equifax Information Services LLC*