IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
**CASE NO. 9:22-cv-81037-AMC**

MARK KRIEGER,

                  Plaintiff,

v.

TD BANK, N.A., EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN INFORMATION
SERVICES, INC., and TRANSUNION, LLC,

                  Defendants.

                             /

### DEFENDANTS TRANS UNION LLC'S AND EQUIFAX INFORMATION SERVICES, LLC'S JOINT MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW Defendants Trans Union LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax") and files this their ("Defendants") Joint Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and respectfully shows the Court as follows:

### I.    INTRODUCTION

Plaintiff Mark Krieger's ("Plaintiff") Amended Complaint alleges that Trans Union and Equifax negligently and willfully violated the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681, *et seq* ("FCRA") by incorrectly reporting his TD Bank, N.A. ("TD Bank") account as delinquent on his credit files. *See generally* ECF No. 11.  Specifically, Plaintiff alleges that Defendants violated §§ 1681e(b)[1] and 1681i of the FCRA. ECF No. 11, ¶¶ 112, 113, 128, 129. Both §§ 1681e(b) and 1681i require that Plaintiff plead a factual inaccuracy to have a viable cause of action.  Plaintiff has failed to plead the necessary factual inaccuracy but rather presents a legal dispute between Plaintiff and TD

---

[1] Technically, Plaintiff pleads that Trans Union and Equifax violated §1601(e).

Bank which does not satisfy the requirements of the FCRA and his claims must fail as a matter of law.

On or about December 6, 2016, Plaintiff and TD Bank entered a second Loan Modification and Amended Agreement ("Second Loan Modification") with regards to Plaintiff's mortgage.  *See* ECF No. 11, ¶¶ 19; *see also* ECF No. 11, Exhibit E.  The basis of Plaintiff's allegations in this matter is that TD Bank is misinterpreting the terms of the Second Loan Modification thereby wrongly increasing Plaintiff's monthly mortgage payments by including escrow payments and fees, deferred interest, additional fees and "other amounts" in the amount due. *See* ECF No. 11, ¶¶ 19 – 31. Plaintiff claims that TD Bank charging him increased monthly payments is resulting in his payments not satisfying the minimum monthly payment due which ultimately led to TD Bank reporting Plaintiff's mortgage account delinquent to the consumer reporting agencies ("CRAs").  *See* ECF 11, ¶32. Plaintiff contends that Defendants violated the FCRA by not having reasonable procedures to prevent TD Bank from reporting the delinquency[2] and for not conducting a reasonable reinvestigation of his disputes among other violations of § 1681i.  ECF No 11, ¶¶ ¶¶ 112, 113, 114, 128, 129, 130.  Nonetheless, Plaintiff's Amended Complaint fails to allege a factual inaccuracy as required by the FCRA.  Instead, Plaintiff's Amended Complaint is based on a legal dispute between himself and TD Bank wherein Plaintiff asserts that TD Bank is adding additional fees, interest and other amounts which are not justified according to the Second Loan Modification.  Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice.

## II.     APPLICABLE LEGAL STANDARD

### 12(c) Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) allows the Court to enter judgment on the pleadings. Dismissal pursuant to Rule 12(c) is appropriate "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed

---

[2] *See* § 1681e(b).

facts." *Jairam v. Franklin Collection Servs., Inc.*, No. 117CV02449TCBCMS, 2018 WL 1858241, at *1 (N.D. Ga. Feb. 13, 2018), *report and recommendation adopted*, No. 1:17-CV-2449-TCB, 2018 WL 1858242 (N.D. Ga. Mar. 6, 2018) (citing *Horsley v. Rivera,* 292 F.3d 695, 700 (11th Cir. 2002)).

"The standards for reviewing decisions on motions to dismiss and motions for judgment on the pleadings are the same: 'whether the count stated a claim for relief.'" *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018) (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 f.3d 1293, 1295 n.8 (11th Cir. 2002)). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive dismissal.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

"In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  Further, when reviewing a Rule 12(c) motion, the court "accept[s] all facts alleged in the complaint as true and construe[s] the allegations in the light most favorable to the plaintiff." *Hart v. Hodges,* 587 F.3d 1288, 1290 n.1 (11th Cir. 2009) (citing *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)).  However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III.   ARGUMENT AND AUTHORITY

**A.**   **Plaintiff's FCRA Claims Should be Dismissed Because no Factual Inaccuracy is Pled.**

Plaintiff's Amended Complaint does not plead a factual inaccuracy, as required under the FCRA to maintain a sustainable cause of action against a CRA.  Instead, Plaintiff's claims stem from unresolved contractual disputes with TD Bank.  Specifically, Plaintiff's disputes suggest that TD Bank is charging him too much in monthly payments contrary to the terms of several legal documents which is ultimately causing him to be delinquent.  *See* ECF No. 11, ¶¶ 24 – 29.  In support of his claims, Plaintiff attaches various Exhibits to his Amended Complaint, such as the (1) Fixed/Adjustable-Rate Note, (2) the Mortgage, (3) Loan Modification Agreement to the Note and Mortgage ("First Loan Modification") and (4) correspondence from December 7, 2016[3] ("Agreements") which allegedly confirm certain terms of the Second Loan Modification.  ECF No. 11, Exhibits A, B, D, E and G.  Plaintiff attaches these Agreements because he is cognizant of the fact that they are necessary in determining if TD Bank is requiring him to pay higher monthly payments than the parties agreed.  In fact, without reviewing and interpreting the terms of the Agreements in their totality it is impossible to determine if Plaintiff is making at least the minimum monthly payments and whether he is delinquent on his mortgage account with TD Bank.

In order to decipher Plaintiff's contractual dispute, one must at a minimum, determine if the Agreements are valid and enforceable, if so, interpret the terms of the Agreements, whether one Agreement alters some or all of the terms of previous Agreements, the obligations of each party under the Agreements, what actions or inactions constitute breach of the Agreements, whether the parties breached the Agreements, and the remedies of one or both of the parties breaching the Agreements.

As such, Plaintiff has not alleged a factual inaccuracy.  Instead, Plaintiff's claims are premised on an unresolved legal dispute between himself and TD Bank regarding what fees,

---

[3] Plaintiff claims that the December 7, 2016, correspondence confirms certain terms of the Second Loan Modification.

6191713.1

interest and amounts should be included in his minimum monthly mortgage payments.  The legal quarrel regarding the terms of the Agreements must be resolved between Plaintiff and TD Bank before Plaintiff can possibly plead a factual inaccuracy.

1.      **Plaintiff's §1681 e(b) and §1681i Claims Should be Dismissed Because He Has Failed to Allege a Factual Inaccuracy**

For Plaintiff to establish a prima facia case[4] against Defendants he must identify a factual inaccuracy in Defendants credit reporting, as well as the other essential elements of his § 1681 e(b) and § 1681i claims. "To state a claim under § 1681 e(b), a plaintiff must allege that a credit reporting agency's report was inaccurate, the agency failed to follow reasonable procedures to ensure 'maximum possible accuracy of its reports,' and that the failure caused damages to plaintiff." *Spector v. Barclays Bank Delaware*; Cause No. 1:20 – cv – 24300 – UU; 2021 WL 8918999 at *1 (S.D. Fla. Feb. 10, 2021) (quoting *Enwonwu v. Trans Union, LLC*, 164 Fed. Appx. 914, 918 (11th Cir. 2006)).

Likewise, Plaintiff is also required to allege inaccurate reporting to maintain § 1681i cause of action.  *See Spector* at *2 (citing *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011)).  Notably, a "reinvestigation" claim "is properly raised when a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry."  *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) (emphasis in original).  On its face, Plaintiff's Complaint falls far short of this standard.

To survive a motion to dismiss—or a motion for judgment on the pleadings—Plaintiff must allege facts supporting the essential elements of each of his claims.[5]  *Samara v. Taylor*, 38 F.4th 141, 152 (11th Cir. 2022).  Plaintiff's failure to allege a factual inaccuracy in his § 1681e(b)

---

[4] Plaintiff's only causes of action against Defendant are alleged violations of § 1681e(b) and § 1681i.
[5] Plaintiff vaguely stated that Trans Union was liable for punitive damages for willfulness, and in the alternative, negligently under 15 U.S.C. §§ 1681n and 1681o, respectively.  However, Plaintiff failed to allege any facts which, if true, would entitle him to relief under either FRCA provision.  *Iqbal*, 556 U.S. at 679; ECF No. 29, ¶¶ 141-143.

and § 1681i claims against Defendants would not survive a motion for judgment on the pleadings because his Amended Complaint does not contain sufficient allegations to raise right to relief under the FCRA.  *See Batterman v. BR Carroll Glenridge, LLC*, 829 Fed. Appx. 478, 481 (11th Cir. 2020) (affirming the district court that plaintiff's "complaint concerns a contractual dispute that requires resolution by a court of law, not a credit reporting agency. As such, the complaint does not allege a factual inaccuracy in the credit reports and does not contain allegations sufficient to raise a right to relief on [plaintiff's] FCRA claims.); *see also*; *Denan v. TransUnion LLC*, 959 F.3d 290, 296 (7th Cir. 2020); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66-68 (1st Cir. 2008).

Plaintiff's inaccuracy claims are meritless because they are inconsistent with case law in this Circuit, which stands for the proposition that Defendants are not required to take a consumer's legal position as to how multiple legal documents and correspondence should be interpreted.  In order for Defendants to determine if Plaintiff was delinquent on his payments to TD Bank they would have to review and interpret several legal documents and conclude what escrow payments and fees, deferred interest, and "other amounts" should be included in Plaintiff's monthly mortgage payments fees, and ultimately if Plaintiff paid the correct amount due in a timely manner.  However, this is precisely what Plaintiff intended the Defendants to do—make a legal determination and adopt his position that TD Bank should not have increased his payments by adding escrow payments and fees, deferred interest, and "other amounts" to his monthly mortgage payment.  Because Plaintiff failed to plead a factual inaccuracy, Plaintiff's § 1681i claim fails.

In a relatable case, the Court granted the defendant's motion to dismiss.  *Padgett v. Clarity Services, Inc.,* Case No. 8:18-cv-1918-T-30CPT, 2018 WL 6628274 (M.D. Fla. Dec. 13, 2018).  In *Padgett*, the plaintiff acquired a loan from an online lender that issued loans to consumers subject only to the lending laws of the tribe.  The plaintiff later sued the CRA for reporting the debt, alleging

the underlying loan was "void and uncollectible" under state usury laws.  *Id.*  The Court, however,

held plaintiff failed to state a claim, holding that:

> If the Court permitted this lawsuit to continue, the Court would have to first determine the legality of Padgett's loan and then make a determination as to whether [the CRA] should have anticipated – through its own independent research of Florida law – that a court of law would have declared the loan invalid. Placing such a high burden on a CRA is unsupported under the law . . . . [Plaintiff's] FCRA claims fail because she does not adequately allege that the disputed debt was inaccurate. Her 'inaccuracy' allegations are premised on a legal conclusion that her loan is uncollectible. This artful pleading tactic fails because it would place the burden on CRAs . . . to resolve the legal dispute about the underlying debt's validity before reporting the debt. But whether a debt is enforceable is a matter of law that can be resolved only in court.

*Id.* at *4.

Here, Plaintiff never alleged that TD Bank conceded that his monthly payment amount was

correct, and therefore, he was not delinquent in his monthly mortgage payments.  He admits that

the amount and delinquency are in dispute. *See* ECF 11, ¶¶ 32 – 33. Specifically, he provides that

TD Bank is charging him too much in monthly payments contrary to the terms of several legal

documents which is ultimately causing him to be delinquent.  ECF No. 11, ¶¶ 24 – 29.  In fact,

Plaintiff and TD Bank were in a previous legal dispute concerning his alleged failure to pay even

before the Second Loan Modification which resulted in TD Bank filing a foreclosure lawsuit

against Plaintiff.  *See* ECF 11, ¶18.  Plaintiff asserts that the claims in the foreclosure lawsuit were

resolved by entering in to the Second Loan Modification *See* ECF 11, ¶19.

Plaintiff does not plead a factual inaccuracy; instead, he argues TD Bank is overcharging

him on his monthly mortgage payments. Indeed, Trans Union nor Equifax were not required to,

nor could they, decipher the terms of Plaintiff's Agreements with TD Bank, determine the

enforceability of the Agreements; and, what effect, if any, the underlying unresolved contractual

dispute has on Plaintiff's TD Bank tradeline.  As discussed hereunder, a credit reporting agency

such as Trans Union or Equifax, is not required to determine the validity of a contractual or legal

dispute. *Baldeosingh v. Trans Union, LLC*, 2021 WL 1215001 at *3 (M.D. Fla. March 31, 2021).

Accordingly, this Court should grant Defendants' Motion for Judgment on the Pleadings.

> **2.      Plaintiff's Amended Complaint Identifies a Contractual Dispute Between Himself and TD Bank and Does Not Plead a Factual Inaccuracy for Relief Under the FCRA**

While Defendants acknowledge that Plaintiff need not actually *prove* an inaccuracy at this stage of litigation, he "does have to present a purported factual inaccuracy, rather than a legal defense or legal dispute." *Id.* at *7. Courts have held that a consumer fails to establish a factual inaccuracy in a CRA's reporting when merely asserting a challenge to the legal validity of a reported debt. *Baldeosingh v. Trans Union, LLC*, 2021 WL 1215001 at *3. It is well established that CRAs are not legal tribunals and are not required to resolve contractual disputes. *Batterman, 829 F. App'x* at 481-82; *Carvalho,* 629 F. 3d at 891-92*.

In Florida, several courts have unanimously held that claims concerning a contractual dispute that requires resolution by a court of law, not a CRA, which do not allege a factual inaccuracy in a credit report, do not contain allegations sufficient to raise a right of relief under the FCRA. *Batterman*, 829 Fed.Appx. 478, 481 (Court of Appeals held that appellant's complaint did not contain sufficient allegations to raise a right to relief under the FCRA because the complaint contained a contractual dispute about whether plaintiff lawfully terminated his lease); *Spector*, 2021 WL 8918999 at *2 (Plaintiff's allegation of inaccurate reporting was predicated on a contractual dispute with parties other than the CRA defendants, wherein plaintiff contended that he was contractually entitled to a refund for his Barclays account); *Arniella v. Trans Union, LLC*, 2022 WL 2349016 at *3 (S.D. Fla. 2022) (Plaintiff's action was collateral to the underlying dispute which Trans Union was not in a position to resolve because his claims were contractual in nature, hinged on the validity of his agreement with JP Morgan Chase Bank and whether the bank upheld its duties under that agreement); *Baldeosingh v. Trans Union, LLC*, 2021 WL 1215001 at *3 (Plaintiff failed to assert any information that Trans Union included in his credit report was

factually inaccurate as required to state a claim under the FCRA, and instead, plaintiff's suit implicitly challenged the legal validity of a reported debt which Trans Union is not required to resolve); *Creel v. Equifax Info. Servs, LLC*, Dkt. No. 1:20-cv-01960-CC-WEJ (N.D. Ga. Nov. 9, 2020) (Plaintiff alleged he did not have a contractual relationship with Verizon and, thus, did not owe a wireless termination fee.  The court held "Plaintiff's dispute is not fit for resolution by credit reporting agencies, as it would require the resolution of legal issues.")

Furthermore, in *Spector*, the court noted that where a genuine underlying legal dispute exists as to the validity of an account balance—CRAs are not required to accept the plaintiff's legal argument or delete the record. *Spector*, 2021 WL 8918999 at *2.

Similar reasoning was anticipated and followed by courts in other Circuits. *See Bradshaw v. BAC Home Loans Servicing, LP*, 816 F.Supp.2d 1066 (D. Or. 2011) (Court held that defendants were not qualified to evaluate the legal status of plaintiff's home loan modification since defendants were not parties to the loan agreement, had not means outside of the information they received from plaintiff and the furnisher to determine whether the loan modification had in fact been approved).

Likewise, in this case, Plaintiff's Amended Complaint presents this Court with nothing more than a contractual dispute which Defendants are not required to referee.  Plaintiff alleges that TD Bank is overcharging him for his monthly mortgage payments, ultimately challenging the validity of the payments TD Bank claims are due.  Plaintiff bolsters Defendants' arguments by attaching no less than four legal documents which purport to show that TD Bank didn't abide by the terms of the Agreements by misapplying his payments and incorrectly adding escrow payments and fees, deferred interest and "other fees" to his minimum amount due each month. ECF 11, ¶¶24 – 32; *see also* Exhibits A, B, D, E and G.

Plaintiff predicates his theory of inaccuracy on whether TD Bank correctly calculated and increased his monthly mortgage payments based on the applicable terms of the Agreements.

Plaintiff's allegations involve a contractual dispute rather than a factual inaccuracy, which is a legal determination that the Defendants are not equipped nor required to resolve. *DeAndrade, 523 F.3d at*, 68 (ruling CRAs have no duty to reinvestigate legal disputes regarding whether debt is or is not legally binding on the consumer). At no point does Plaintiff plead the essential element of a factual inaccuracy required under §§ 1681e(b) and 1681i. Accordingly, this Court should grant Defendants' Motion for Judgment on the Pleadings because Plaintiff asserts a contractual dispute, not a factual inaccuracy, which is not a basis for relief under the FCRA.

**B.      Plaintiff Should Not Be Granted Leave to Amend His Complaint**

The Supreme Court and Eleventh Circuit have enumerated factors which allow for the denial of a motion to amend, including undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility of the motion, or repeated failure to cure deficiencies by previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape*, 556 F.3d 1232, 1241 (11th Cir. 2009). While leave to amend is ordinarily freely given, amendment here would be futile. "A district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-3 (11th Cir. 2004). "In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss." *Amick v. BM & KM, Inc.*, 275 F. Supp. 2d 1378, 13891 (N.D. Ga. 2003); *Spear v. Nix*, 215 F. App'x 896, 902 (11th Cir. 2007).

Here, Plaintiff cannot craft any set of allegations that would make amendment viable, because Plaintiff cannot assert or fashion an inaccuracy regarding the TD Bank account that does not stem from a contractual dispute or require interpretation of the Agreements. Further, Plaintiff's account reported accurately and there is no set of facts upon which Plaintiff could support his FCRA claims. Therefore, any relief for amendment should be denied.

10

## IV.    CONCLUSION

For the foregoing reasons, Defendants Trans Union LLC and Equifax Information Services,

LLC respectfully requests that the Court grant its Motion for Judgment on the Pleadings.

Respectfully submitted,

*/s/ Alexandria Epps*
Alexandria Epps
Florida Bar No. 1002739
aepps@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5463
(214) 871-2111 Fax
***Counsel for Trans Union LLC***

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April 2023, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF.

David H. Haft
david@dhaftlaw.com
David H. Haft, P.A.
1526 Cardinal Way, Suite A
Weston, Florida 33327
(954) 459-1358
***Counsel for Plaintiff***

Julian A. Jackson-Fannin
jjfannin@duanemorris.com
Harvey W. Gurland, Jr.
hwgurland@duanemorris.com
Duane Morris LLP
201 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
(305) 960-2200
(305) 402-0544 Fax
and
Ryan E. Borneman
reborneman@duanemorris.com
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1181
***Counsel for TD Bank, N.A.***

Monique Eloi
meloi@jonesday.com
Jones Day
600 Brickell Avenue, Suite 3300
Miami, FL 33131
(305) 714-9797
***Counsel for Experian
Information Solutions, Inc.***

Jason Daniel Joffe
jason.joffe@squirepb.com
Squire Patton Boggs (US) LLP
200 S. Biscayne Blvd., Suite 4700
Miami, FL 33131
(305) 577-7000
(305) 577-7010 Fax
***Counsel for Equifax
Information Services LLC***

/s/ Alexandria Epps
**ALEXANDRIA EPPS**

6191713.1