UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-81037-AMC

MARK KRIEGER,

                Plaintiff,

vs.

TD BANK, N.A.,

                Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS
**[ECF No. 32]**

TD Bank moves to dismiss Counts III, VI, VII, and VIII of the Amended Complaint. It also moves to strike Mr. Krieger's demands for statutory damages, attorney's fees, and a jury trial. For the following reasons, the Motion should be GRANTED IN PART and DENIED IN PART.

As relevant to the Motion to Dismiss, and viewed in the light most favorable to Mr. Krieger, the Amended Complaint alleges: (1) Mr. Krieger borrowed money from TD Bank to purchase a home; (2) he executed a note and mortgage as part of the loan; (3) after the loan went into default, the parties negotiated a loan modification agreement; (4) Mr. Krieger complied with his obligations under the agreement, but TD Bank accounted for his payments improperly, (5) TD Bank gave false information to the IRS and two credit reporting agencies. ECF No. 11.

*Count III*

Count III alleges a cause of action under 26 U.S.C. §6050H. That statute requires a mortgage lender to report certain information to the IRS. The reportable information includes the amount of mortgage interest received during a calendar year. 26 U.S.C. §6050H(b)(2)(B). The Amended Complaint alleges TD Bank failed "to properly account for and report the correct amounts of interest received from Plaintiff during tax years 2020 and 2021 and accurately report same to the IRS on Form 1098 for said tax years." ¶61.

TD Bank argues that there is no express or implied private right of action under Section 6050H. *See* ECF No. 32 at 13-14 (citing cases holding no private right of action exists under Section 6050H). Mr. Krieger does not appear to disagree. His Response says, "Plaintiff does not disagree with this line of authority or the fact that under the line of cases cited by Defendant TD in the Motion to Dismiss, Plaintiff lacks a private cause of action under 26 U.S.C. §6050H." ECF No. 42 at 7-8. Although there appears to be no caselaw in this District on whether a private right of action exists under Section 6050H, I find persuasive the decision in *Rovai v. Select Portfolio Servicing, Inc.*, No. 14-CV-1738-BAS WVG, 2015 WL 3613748 (S.D. Cal. May 11, 2015). For the reasons stated in that decision, the Motion to Dismiss Count III should be granted. And, because further amendment would be futile because it could not cure the legal deficiencies in Count III, the dismissal should be with prejudice.[1]

---

[1] Mr. Krieger's Response vigorously asserts that TD Bank had a duty to him, arising from Section 6050H, to provide accurate information to the IRS about his mortgage, and that TD Bank breached that duty. That may be so. But, as the *Rovai* Court said,

2

*Count VI*

Count VI alleges negligence *per se* based on TD Bank's failure to comply with duties imposed by Section 6050H. TD Bank argues that under Florida law a cause of action for negligence *per se* cannot be based on violating a federal statute that does not include its own private right of action. ECF No. 32 at 15. It cites *Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1365 (S.D. Fla. 2015) (J. Bloom) for the proposition, "Florida courts have refused to recognize a private right of action for negligence *per se* based on an alleged violation of a federal statute that does not provide for a private right of action." (additional citations omitted). Mr. Krieger responds that Florida law allows a negligence *per se* claim "when there is a violation of a 'statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury.'" ECF No. 42 at 14 (first citing *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 353 (11th Cir. 2012); then citing *deJesus v. Seaboard Coast Line R.R. Co.*, 281 So.2d 198, 200–01 (Fla. 1973)). These positions can be reconciled: a federal statute that creates a duty to protect can be the basis for a negligence *per se* claim, but only if it also creates a private right of action. Here, Section 6050H does not create a private right of action,

---

"It is possible that the 1098 forms, if inaccurate, are challengeable with the IRS or under a common law theory, but 26 U.S.C. §6050H does not itself create a private cause of action against the mortgagor." *Id.* at *2. Here, Counts IV and V of the Amended Complaint allege common law negligence claims against TD Bank arising from a duty created by Section 6050H. TD Bank has not moved to dismiss those counts.

so it cannot be the basis for a negligence *per se* claim. Count VI should be dismissed with prejudice.

*Count VII*

Count VII alleges a claim for promissory estoppel. TD Bank argues that Count VII must be dismissed for two reasons: (1) because the requested relief includes "that this Court enter judgment equitably estopping Defendant TD from changing its position under Loan Modification Agreement #2 to the detriment of Plaintiff," it actually is alleging the defense of equitable estoppel not the affirmative claim of promissory estoppel and (2) it incorporates by reference the fact that a valid written contract existed, which precludes a claim for promissory estoppel. Mr. Krieger responds that (1) the prayer for relief is not dispositive and, in any event, it also seeks monetary damages and (2) Federal Rule of Civil Procedure 8(d) allows him to plead breach of contract and promissory estoppel in the alternative. TD Bank replies that (1) Count VII tracks the elements of the defense of equitable estoppel and (2) Count VII is not expressly pled in the alternative and expressly incorporates the factual allegation that a contract exists.

The elements of promissory estoppel are "(1) a promise made by the promisor; (2) which the promisor should reasonably expect to induce action or forbearance on the part of the promise; (3) that in fact induced such action or forbearance; and that (4) injustice can be avoided only by enforcing the promise." *Adria MM Prods., Ltd. v. Worldwide Ent. Grp., Inc.*, No. 17-21603-CIV, 2018 WL 4268886, at *8 (S.D. Fla. Sept. 6, 2018) (J. Moreno). The elements of equitable estoppel are "(1) a representation as

to a material fact that is contrary to a later-asserted position, (2) reliance on that representation, and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." *Starbuck v. R.J. Reynolds Tobacco Co.*, 349 F. Supp. 3d 1223, 1228 (M.D. Fla. 2018) (citations omitted). Count VII alleges the elements of equitable estoppel, not promissory estoppel. For that reason, it should be dismissed.

The dismissal should be without prejudice because I cannot say on the present record that further amendment would be futile. A plaintiff can pursue the alternative claims of breach of contract and promissory estoppel in separate counts. *JI-EE Indus. Co. v. Paragon Metals, Inc.*, No. 09-81590-CIV, 2010 WL 1141103, at *1 (S.D. Fla. Mar. 23, 2010) (citations omitted) (J. Marra).

*Count VIII*

On or about March 1, 2022, Mr. Krieger's counsel sent a qualified written request for information to TD Bank. ECF No. 11-14 (the "QWR"). After summarizing Mr. Krieger's complaints about how his loan was being serviced, the QWR asked for the following six categories of information about the loan:

> 1. The monthly principal and interest payment, and monthly escrow payment from January 1, 2019 to February 1, 2022.
>
> 2. The total amount, separately listed and identified, for any unpaid principal, interest, deferred interest, escrow charges, and other charges due and owing as of February 28, 2022.
>
> 3. For each payment received from January 1, 2019 to February 1, 2022, indicate the amount of the payment, the date received, the date posted to the account, how the payment was applied or credited (indicating the portion, if any, applied or credited to principal, interest, deferred interest, escrow, suspense or other treatment), and the month to which such payment was applied. If interest is calculated using a daily accrual

accounting method, indicate for each payment the number of days that lapsed from the prior payment application date.

4. The amount, payment date, purpose, and recipient of all late charges, property inspection/preservation fees, force placed insurance charges, legal fees, recoverable corporate advances, and other expenses or costs that have been charged and/or assessed to Mr. Krieger's Mortgage Loan Account from January 1, 2019 to February 1, 2022.

5. A breakdown of the current escrow account payment.

6. The balance in any suspense account as of February 28, 2022 and the reason why such funds were deposited in said account.

*Id*.

On April 6, 2022, TD Bank responded in writing to each of the six categories as follows:

1. See attached billing statements from January 2019-February 2022

2. See attached payoff statements

3. See attached loan payment history from 1/1/2019-2/28/2022

4. See attached fee breakdown. There were fifteen (15) late fees assessed for the months of January 2019-March 2020. Late fees are assessed at 6% of the principal and interest payment. Total late fees assessed within the scope requested was $2,115.30. There was also force placed insurance paid on 3/20/2019 to Loan Protector in the amount of $18,345.00 due to no insurance from March 20th, 2019 through December 5, 2019.

5. See attached most recent escrow analysis statement

6. There were no funds in the separate suspense account (referred to as "Unapplied Funds") as of February 28, 2022.

ECF No. 11-15.

Count VIII alleges that TD Bank failed to comply with its obligations under RESPA because it failed to properly respond to the QWR. *See* ECF No. 11 ¶¶38-39. Specifically, Count VIII alleges that TD Bank "fail[ed] to address the accounting and

6

servicing deficiencies described by the QWR and instead include[ed] only a payment history and other account summaries." ¶39. TD Bank responds that it provided a statutorily-compliant response.

Even viewing the allegations in the Amended Complaint and its attachments in the light most favorable to Mr. Krieger, he has not shown that TD Bank's response to the QWR failed to comply with RESPA. TD Bank responded to the six categories of information that was actually requested. The Amended Complaint does not allege facts showing that these responses were insufficient. And, the attachments to the Amended Complaint reflect that Mr. Krieger cannot plausibly allege that the responses were insufficient. To the extent Mr. Krieger complains that the response did not address the underlying reasons *why* his loan may have been serviced improperly, the QWR did not ask that question.

Count VIII should be dismissed with prejudice.

*Request to Strike*

TD Bank also asks the Court to strike Mr. Krieger's request for a jury trial on all counts and his requests for attorney's fees and statutory damages on Counts III, IV, V, VI, VII, and VIII. The Court can strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Mr. Krieger did not respond to the request to strike his claim for statutory damages and attorney's fees. A party's "failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." *Kramer v. Gwinnett*

*Cnty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) *cited in Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014); *see also Campbell v. Boies, Schiller, Flexner LLP*, 543 F. Supp. 3d 1334, 1341 (S.D. Fla. 2021) (J. Moore) (failure to address claim constitutes abandonment). Therefore, this issue is conceded and the motion to strike the request for attorney's fees and statutory damages should be granted.

*Jury Demand*

The request to strike the jury trial demand should be granted. Federal Rule of Civil Procedure 39(a)(2) allows the court "on motion or on its own" to find that there is no right to a jury trial on certain issues. TD Bank argues that Mr. Krieger knowingly and voluntarily waived his right to a jury trial as a term of the mortgage. ECF No. 32 at 22 (citing ECF No. 11-2 at 14). The relevant language says:

> The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

ECF No. 11-2 at 14 ("Jury Trial Waiver").

Mr. Krieger concedes that he is not entitled to a jury trial on his breach of contract claims (Counts I and II). ECF No. 42 at 20. He argues that his other causes of action are not sufficiently connected to the mortgage or note to fall within the Jury Trial Waiver:

> [N]one of Plaintiff's remaining claims against Defendant TD in the Amended Complaint arise from or relate to Defendant TD's performance of its contractual obligations under the Mortgage, the Court must follow established precedent in this district and decline to enforce the jury trial waiver contained in the Mortgage to Plaintiff's remaining claims asserted against Defendant TD that are attendant breaches of the Mortgage.

8

ECF No. 42 at 20. Notably, he does not argue that the waiver was not made knowingly and voluntarily.

Accepting Mr. Krieger's concession and applying the rulings discussed above, the jury demand relates to his claims that TD Bank (1) negligently failed to accurately report his mortgage interest to the IRS (Count IV); (2) negligently failed to correct inaccurate information about mortgage interest that had been sent to the IRS (Count V); (3) improperly "attempt[ed] to collect on debts from Plaintiff under the Note and Mortgage" (Count IX); (4) used deceptive means to attempt to collect a debt allegedly arising under the Note and Mortgage (Count X); providing inaccurate information about Plaintiff's mortgage debt to credit reporting agencies (Count XI). All of these claims either arise out of, or relate to, the mortgage and note.

By its plain and unambiguous terms, Jury Trial Waiver applies to all claims related to the mortgage or note. "The cardinal rule of contractual construction is that when the language of a contract is clear and unambiguous, the contract must be interpreted and enforced in accordance with its plain meaning." *Columbia Bank v. Columbia Developers, LLC*, 127 So. 3d 670, 673 (Fla. 1st DCA 2013), *cited in CitiMortgage, Inc. v. Turner*, 172 So. 3d 502, 504 (Fla. 1st DCA 2015). Mr. Krieger's argument that the Jury Trial Waiver only applies to claims that arise out of, or relate to, TD Bank's *contractual obligations under* the mortgage reads the waiver too narrowly. The Jury Trial Waiver applies to any legal claims "arising out of or in any way related to this Security Instrument or the Note." Claims falling into this category include (1) failing to accurately report mortgage interest that accrued under the note,

9

or (2) improperly trying to collect the debt arising from not paying the note, or (3) falsely reporting that mortgage debt to a credit reporting agency. These are the claims asserted in Counts IV, V, IX, X, and XI. Therefore, the jury trial demand for these counts must be stricken.

In reaching this conclusion, I find Judge Marra's decision in *Yeh Ho v. Wells Fargo Bank, N.A.*, No. 15-81522-CIV, 2020 WL 1163473 (S.D. Fla. Mar. 11, 2020), to be persuasive. In that case, a mortgage borrower sued the lender under the Equal Credit Opportunity Act and RESPA. *Yeh Ho v. Wells Fargo Bank, N.A.*, No. 15-81522-CIV, Def.'s Mot. to Strike Pl.'s Jury Trial Demand at 2, ECF No. 82. Plaintiff demanded a jury trial. *Id.* at 1. The lender moved to strike the jury demand based on a term of the mortgage that was identical to the Jury Trial Waiver. *Id.* at 2. After summarizing the relevant caselaw, Judge Marra found the jury trial waiver enforceable as to all counts. 2020 WL 1163473 at *2.

Mr. Krieger argues, "Moreover, courts in this district have routinely declined to enforce terms of a mortgage to claims arising out of a defendant's alleged violations of a party's statutory duties, including RESPA, and not a concomitant breach of the mortgage." ECF No. 42 at 20. The only case he cites for this broad proposition is *Lamothe v. Freedom Mortg. Corp.*, No. 18-61448-CIV, 2018 WL 5631172 (S.D. Fla. Oct. 31, 2018) (J. Bloom). That case did not involve a jury trial waiver. It addressed whether the notice and cure provision of a mortgage applied to a RESPA claim arising from the same mortgage. The relevant provision said:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class)

10

> that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 14) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

*Id.* at *3. Judge Bloom held that the notice and cure provision was not enforceable because the Plaintiff's RESPA claim did "not arise as a result of a breach of any provision of the mortgage or a duty owed within the mortgage itself." *Id.* at *4. Here, the Jury Trial Waiver is broader than the notice and cure provision in *Lamothe*. Given this textual difference, *Lamothe* does not preclude enforcement of the Jury Trial Waiver.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court:

1. Dismiss Counts III, VI, and VIII with prejudice;
2. Dismiss Count VII without prejudice;
3. Strike the request for statutory damages and attorney's fees from Counts IV and V;
4. Strike the jury trial demand for Counts I, II, IV, V, IX, X, and XI.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file

11

objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of April, 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE