IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:22-cv-81037-AMC

MARK KRIEGER,

    Plaintiff,

v.

TD BANK, N.A., EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN INFORMATION
SERVICES, INC., and TRANSUNION, LLC,

    Defendants.
_____/

**JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS TRANS UNION, LLC AND EQUIFAX INFORMATION SERVICES LLC'S JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Trans Union LLC ("Trans Union") and Equifax Information Services LLC ("Equifax") respectfully move for an Order staying discovery in this matter until resolution of Trans Union and Equifax's pending Motion for Judgment on the Pleadings (the "Motion"). In the Motion, Trans Union and Equifax have moved to dismiss the Complaint pursuant to Fed. R. C. P. 12(c).

**INTRODUCTION**

A stay in discovery, or alternatively a stay in discovery as to Trans Union and Equifax, pending this Court's resolution of Trans Union and Equifax's Motion would conserve the resources of the parties and the Court, and would not prejudice Plaintiff. The Motion is likely to be meritorious, and provides several reasons for dismissal of Plaintiff's Complaint against Trans Union and Equifax. The Complaint raises one theory of liability: that Trans Union and Equifax

93680780v.1

are liable to Plaintiff for incorrectly reporting his TD Bank, N.A. ("TD Bank") account as delinquent on his credit files. Should this Court decide the Motion in Trans Union and Equifax's favor, Plaintiff's claims against Trans Union and Equifax would be dismissed. It would therefore conserve resources for the threshold issue of the viability of Plaintiff's legal theory to be adjudicated prior to continuing with extensive discovery. Thus, good cause exists for a stay and the Court should accordingly stay discovery in this matter during the pendency of Trans Union and Equifax's Motion or alternatively a stay in discovery as to Trans Union and Equifax.

## FACTS

Plaintiff's Amended Complaint alleges that Trans Union and Equifax negligently and willfully violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq* by incorrectly reporting his TD Bank account as delinquent on his credit file. *See generally* ECF No. 11. On December 27, 2022, the Court entered a scheduling Order. ECF No. 40. The Order allows for discovery in the case until May 30, 2023.

As of the filing of this motion, no depositions have taken place. Trans Union, Equifax, and TD Bank have served discovery on Plaintiff. And Plaintiff has served Defendant TD Bank with written discovery.

Trans Union served Interrogatories, Requests for Production, and Requests for Admission ("Trans Union discovery requests") on Plaintiff on February 22, 2023. Plaintiff served his Responses and Objections to Trans Union's Interrogatories on March 27, 2023. Plaintiff has yet to serve his Responses to Trans Union's Requests for Production and Requests for Admission.

Equifax served Interrogatories, Requests for Production, and Requests for Admission ("Equifax discovery requests") on Plaintiff on February 23, 2022. Plaintiff served his Responses and Objections to Equifax's discovery requests on April 4, 2023.

TD Bank served Interrogatories and Requests for Production ("TD Bank discovery requests") on Plaintiff on February 21, 2023. Plaintiff served his Responses and Objections to TD Bank's discovery requests on March 24, 2023.

Plaintiff served Requests for Production on TD Bank on February 15, 2023. TD Bank served its Responses and Objections to Plaintiff's Request for Production on March 17, 2023.

As of the date of filing Trans Union and Equifax's Motion, Plaintiff has not served written discovery requests on Trans Union, Equifax, or Experian.

As explained in the Motion, Plaintiff's theory of liability fails as a matter of law because it asserts a pure legal dispute between Plaintiff and TD Bank, not a factual inaccuracy, under which the CRA Defendants could be liable.

## LEGAL STANDARD

This Court has broad discretion regulating discovery, including granting a stay in discovery pending resolution of a dispositive motion. *Johnson v. Bd. Of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."); *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) ("matters pertaining to discovery are committed to the sound discretion of the district court."). This Court has the discretion to stay discovery where the pending dispositive motion gives the court enough information that further discovery is not likely to produce a genuine issue of material fact. *Patterson,* 901 F.2d at 927. "If a pending motion is not altogether dispositive, a stay may still be warranted upon consideration of other facts: '(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the

parties and on the court." *MSPA Claims 1, LLC v. Kingsway Amigo Insurance Company*, Case No. 16-20212-CIV-KING/TORRES, 2018 WL 4963245, *3 (S.D. Fla. Sept. 28, 2018); (quoting *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)).

## **ARGUMENT**

Good cause exits for this Court to grant a stay of discovery in this case until the Court is able to resolve Trans Union and Equifax's Motion because the Motion demonstrates that Plaintiff's claim is unmeritorious. As provided in the Motion briefing, authority in this Circuit and others hold that Plaintiff's claims are barred because his legal theory raises merely a legal and not factual inaccuracy. The status of Plaintiff's dispute with TD Bank is a dispute that only a court can decide and is not a dispute that could be resolved by a consumer reporting agency. *Batterman v. BR Carroll Glenridge, LLC*, 829 Fed.Appx. 478, 481 (11th Cir. 2020) (affirming the district court that plaintiff's "complaint concerns a contractual dispute that requires resolution by a court of law, not a credit reporting agency. As such, the complaint does not allege a factual inaccuracy in the credit reports and does not contain allegations sufficient to raise a right to relief on [plaintiff's FCRA claims."); *see also*; *Denan v. TransUnion LLC*, 959 F.3d 290, 296 (7th Cir. 2020); *Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 891 (9th Cir. 2010); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66-68 (1st Cir. 2008); *Spector v. Barclays Bank Delaware*, Cause No. 1:20-cv-24300-UU, 2021 WL 8918999 at *2 (S.D. Fla. Feb. 10, 2021); *Arniella v. Trans Union, LLC*, 2022 WL 2349016 at *3 (S.D. Fla. 2022); *Baldeosingh v. Trans Union, LLC*, 2021 WL 1215001 at *3; *Creel v. Equifax Info. Servs, LLC*, Dkt. No. 1:20-cv-01960-CC-WEJ (N.D. Ga. Nov. 9, 2020).

Moreover, a stay of discovery pending resolution of the Motion is warranted because if not granted, discovery will likely involve multiple costly depositions. Given the purely legal challenge to Plaintiff's claim, there are no factual issues in need of immediate exploration through

discovery. Further, discovery is not likely to produce a genuine issue of material fact. *Patterson,* 901 F.2d at 927. The burden and expense of discovery outweigh its potential benefits. A stay of discovery at this point would conserve the parties' resources and potentially avoid multiple depositions all together. If the Motion is granted, Plaintiff's claims against Trans Union and Equifax will be dismissed. Thus, a stay will simplify the issues in question and ultimately streamline litigation.

Good cause exits to stay discovery because there is no risk of unfair prejudice. Trans Union and Equifax's Motion is a legal argument that does not rely on facts outside of the pleadings, Plaintiff cannot provide a basis for additional discovery as it pertains to Trans Union and Equifax. Thus, Plaintiff will not be prejudiced by a stay in discovery, or in the alternative a stay in discovery as to Trans Union and Equifax.

## CONCLUSION

For the reasons set forth above, Trans Union and Equifax respectfully request that this Court stay the discovery deadlines until this Court rules on Trans Union and Equifax's Joint Motion for Judgment on the Pleadings, or alternatively, Trans Union and Equifax respectfully request that this Court stay the discovery deadlines as to Trans Union and Equifax until this Court rules on the Motion.

## CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1(a)(3), I hereby certify that, on April 6, 2023, and April 12, 2023, counsel for Trans Union contacted counsel for Plaintiff, via email, regarding the relief sought by the foregoing Motion and asked if Plaintiff was opposed. Counsel for Plaintiff responded on April 12, 2023, stating Plaintiff opposed this Motion.

93680780v.1

DATED:  April 18, 2023          Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Jason Daniel Joffe*
    Jason Daniel Joffe
    Florida Bar No. 0013564
    200 S. Biscayne Blvd., Suite 3400
    Miami, FL 33131
    Telephone:  (305) 577-7000
    Facsimile:  (305) 577-7001
    jason.joffe@squirepb.com

**Counsel for Defendant**
**Equifax Information Services LLC**

By: */s/ Alexandria Epps*
    Alexandria Epps
    Florida Bar No. 1002739
    aepps@qslwm.com
    QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.
    6900 N. Dallas Parkway, Suite 800
    Plano, Texas 75024
    (214) 560-5463
    (214) 871-2111 Fax

**Counsel for Trans Union LLC**

93680780v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2023, I filed the foregoing Joint Motion to Stay Discovery Pending Resolution of Trans Union LLC and Equifax's Joint Motion for Judgment on the Pleadings with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jason Daniel Joffe*
Jason Daniel Joffe
*Counsel for Defendant*
*Equifax Information Services LLC*

93680780v.1