UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:22-cv-81037-CANNON/REINHART

MARK KRIEGER,

    Plaintiff,

v.

TD BANK, N.A., a National Banking Association, EQUIFAX INFORMATION SERVICES, LLC, a Georgia Limited Liability Company, EXPERIAN INFORMATION SERVICES, INC., an Ohio Corporation, and TRANSUNION, LLC, a Delaware Limited Liability Company,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, Mark Krieger ("Plaintiff" or "Krieger"), by and through undersigned counsel, hereby files this Response to the Order to Show Cause (the "Order to Show Cause") [DE 62] and Response in Opposition to the Joint Motion on the Pleadings (the "Motion") [DE 53] filed by Defendants, Transunion, LLC ("Transunion") and Equifax Information Services, LLC ("Equifax") (collectively, the "Defendants"), stating as follows:

1. On or about April 5, 2023, Defendants filed the Motion against Plaintiff pursuant to Fed. R. Civ. P. 12(c), seeking judgment on the pleadings as to those counts asserted in Plaintiff's Amended Complaint relating to Defendants. *See* DE 53.

1

2.     On or about April 6, 2023, by paperless order of the Court, the Motion was referred to the Honorable Magistrate Judge Bruce E. Reinhart, for a report and recommendation. *See* DE 54.

3.     Upon information and belief, Plaintiff's response deadline to the Motion was due on or before April 19, 2023.

4.     Notwithstanding the foregoing filing of the Motion and imposition of the corresponding deadline, due to the excusable neglect of the undersigned counsel, the appropriate response deadline was not calendared in the undersigned's calendar or correctly noted in the undersigned's case/document filing management system, as is the normal and ordinary practice of Plaintiff's counsel and his office.

5.     More specifically, upon service of any document, it is the general practice of the undersigned's office to have the legal assistant for the attorney of record in the subject case, to properly save the subject filing in the Firm's case/document management filing system and save the corresponding deadline in the Firm's calendaring system. In the instant circumstance, due to the illness of the undersigned's legal assistant and her observance of the Jewish Holiday of Passover, the undersigned's legal assistant was absent from work for the approximate two (2) week period spanning the weeks of April 3 and April 10, 2023, resulting in the Motion failing to be properly calendared or saved in the undersigned's system, as is its general and normal practice, in a timely manner following service of the Motion.

6.     Independently, the undersigned counsel similarly failed to save a copy of the Motion in the Firm's case/document management filing system or save the corresponding deadline for responding to the Motion in the Firm's calendaring system.

7. Notwithstanding the above described failures, in response to Defendants' inquiry following the filing of the Motion, and prior to the filing of the below described discovery related motion, in response to whether the undersigned would agree to the relief sought by the Motion or a proposed stay of discovery pending adjudication of the Motion, the undersigned unequivocally advised Defendants that Plaintiff opposed the Motion and proposed stay and intended to oppose any such motions.

8. On or about April 18, 2023, the Defendants filed a Motion to Stay Discovery (the "Motion to Stay") pending adjudication of the Motion [DE 58].

9. Upon information and belief, Plaintiff's response deadline to the Motion to Stay was due on or before May 2, 2023.

10. Following service of the Motion to Stay, in accordance with the Firm's general practices and procedures, the undersigned's legal assistant immediately calendared the appropriate May 2, 2023 deadline for Plaintiff's response to said Motion, and saved a copy of same in the Firm's case/document management filing system.

11. Due to the excusable neglect of the undersigned counsel, including his failure to independently calendar and save the Motion following its service on April 5, 2023, the undersigned mistakenly believed that the May 2nd reminder appearing on his calendar pertained to Plaintiff's response deadline to the Motion and not the Joint Motion to Stay. As a result of the undersigned's inadvertence, counsel mistakenly believed that Plaintiff's response deadline to the Motion was due on or before May 2, 2023 rather than prior to correct April 19, 2023 deadline.

12. On or about April 25, 2023, the Magistrate Judge entered the Order to Show Cause relating to Plaintiff's failure to timely respond to the Motion on or before the April 19, 2023

deadline [DE 62] and requiring Plaintiff to show cause and respond to the Motion on or before April 2, 2023 before 5:00 p.m. EST.

13. On or about April 27, 2023, the Court granted an Order granted the Motion to Stay. *See* DE 63.

14. However, as described above, Plaintiff's failure to timely respond to the Motion was due to the excusable neglect of the undersigned counsel and not for any willful reason whatsoever. Indeed, the reasons outlined herein relating to the mistakes committed by the undersigned are consistent with those findings made and accepted by Courts throughout this district as constituting excusable neglect.

15. Indeed, in deciding whether a party's failure to timely act or file, such as here, the Supreme Court has held that the term "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *See Pioneer Investment Services Co. v. Brunswick Associates, Ltd.,* 507 U.S. 380, 113 S. Ct. 1489. 1498 (1993) (excusable neglect can include "inadvertent or negligent omission"). When an act must be done within a specified time, such as here, the district court may extend the time for good cause, "if the part failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

16. In analyzing excusable neglect, a court should look at: (1) the danger of prejudice to the non-movant; (2) the length of the delay of its possible impact on the judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Cheney v. Anchor Glass Container Corp.,* 71 F. 3d 848, 849-50 (11th Cir. 1996); *see also Advanced Estimating Sys, Inc. v. Riney,* 130 F. 3d. 996, 997-98 (11th Cir. 1997).

17. Moreover, in instances such as here, when counsel for a party has failed to timely file an answer by the appropriate court deadline, where there has not been a claim of prejudice by

the non-moving party, the delay in responding itself was short and had no apparent impact on the proceeds, or the subject filing was made intentionally or with a lack of good faith, it is not an abuse of discretion by the district court to allow for such late filing. *See Kirkland v. Guardian Life Ins. Co. of Am.,* 352 F. App'x 293, 297 (11th Cir. 2009).

18. Here, similar to *Kirkland,* Plaintiff's delay in responding to the Motion was (and is now) short and has no apparent impact on the proceedings, nor is any party prejudiced by Plaintiff's late filing as Plaintiff has previously asserted its position and intent to oppose the Motion to Defendants. Finally, like the reasons identified in *Kirkland,* the grounds described above by Plaintiff for failing to timely respond to the Motion, confirm that Plaintiff's failure was caused as a direct result of the inadvertence and excusable neglect of its counsel and not done in bad faith or for purposes of delay. Accordingly, for the foregoing reasons, Plaintiff has demonstrated that sufficient cause exists for its failure to timely respond to the Motion and as such, the Motion should not be granted by default by this Court.

19. Rather, the Motion should be denied as a matter of law because the Motion is procedurally improper and premature. *See Lillian B. ex rel. Brown v, Gwinnet Cnty. Sch. Dist.,* 631 Fed. App'x 851, 853 (11th Cir. 2015) (motion filed before all the pleadings have been filed in procedurally premature and should be denied); *see also Fed R. Civ. P. 12(c)* ("After the **pleadings are closed**… a party may move for judgment on the pleadings") (emphasis supplied); *see also Doe v. United States,* 419 F. 3d 1059, 1061 (9th Cir. 2005) ("[T]he pleadings are closed [under Rule 7(a)] for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming… that no counterclaim or cross-claim is made"); *Perez v. Wells Fargo, N.A.,* 774 F. 3d 1329, 1336-37 (11th Cir. 2014) (same).

20. Fed. R. Civ. P. 7(a) contains the exhaustive list of permissible pleadings and "prescribes when the pleadings are closed." *Perez*, 774 F. 3d at 1336 (quoting *Flora v. Home Fed. Sav. & Loan Ass'n,* 685 F. 2d 209. 211 n.4 (7th Cir. 1982)).

21. In *Perez,* the Eleventh Circuit Court of Appeals held that "judgment on the pleadings is inappropriate where only a single pleading related to a claim (whether alleged in a complaint or counterclaim) has been filed." *Perez*, 774 F. 3d at 1336-37; *see also Johnson v. Dodson Pub. Schs.,* 463 F. Supp. 2d 1151. 1156 (D. Mont. 2006) (12(c) motion is premature if not all defendants have answered). Similarly, judgment on the pleadings with respect to a plaintiff's complaint was improper due to a defendant's unanswered counterclaim, because the "counterclaim related to the same subject matter as [plaintiff's] complaint and a ruling on the complaint would necessarily create law of the case for purposes of the issues raised in the counterclaim." *9 Kings H.K., Ltd. v. Masks, LLC,* 2022 U.S. Dist. LEXIS 812335, at *7-8 (S.D. Fla. Jan. 4, 2022) (citing *Perez*, 774 F. 3d at 1339 n. 10).

22. Here, from the face of the record, is it clear that the pleadings, as defined pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, are not closed. It is undisputed that Defendant TD Bank, N.A., has yet to file an answer to Plaintiff's Amended Complaint, which unanswered claims relate to the same subject matter as those sought to be addressed by Defendants' Motion. Moreover, upon adoption of the Magistrate's report and recommendation on Defendant TD Bank's Motion to Dismiss [DE 57], as Plaintiff anticipates amending its complaint to confirm with such report and recommendation, the pleadings will likewise not be closed, further precluding entry of the Motion as requested by Defendants.

23. Finally, even if the pleadings were closed (which they aren't) or weren't going to be re-open (which they are), the Motion must nonetheless still be denied because there is a material

dispute of fact between Plaintiff's Amended Complaint (as the operative pleading) and the Motion, which precludes entry of the Motion pursuant to Fed. R. Civ. P. 12(c).  More specifically, there is an issue of fact relating to whether Plaintiff's allegations in the Amended Complaint regarding the time period at issue therein and the actions (or inactions) taken by Defendants during such period, satisfy the notice element of Plaintiff's causes of action against Defendants, such that Defendants are unable to meet their burden under the Motion to prevail under Rule 12 of the Federal Rules of Civil Procedure.  Indeed, the law in this Circuit is clear that a motion for judgement on the pleadings must be denied "[i]f a comparison of the averments in the competing pleadings reveals a material dispute of fact."  *Perez*, 774 F. 3d at 1335.  Here, as Defendants have failed to demonstrate the absence of a material dispute of fact, the Motion must also fail as a matter of law.

24.     Accordingly, because Defendants' Motion is not only procedurally premature for the reasons set forth above, because Defendants have separately failed to satisfy their burden under a Rule 12(c) motion, the Motion must be denied as a matter of law.

WHEREFORE, for the reasons set forth herein, Plaintiff Mark Krieger, respectfully requests that this Honorable Court enter an Order: i) finding that Plaintiff has demonstrated that sufficient cause exists; ii) that the Defendants' Motion for Judgment on the Pleadings fails as a matter of law and is therefore denied; and iii) granting such other and further relief as this Court deems just and proper under the circumstances.

    Respectfully submitted,

    **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    *Counsel for Plaintiff*
    110 Southeast Sixth Street, Suite 2600
    Fort Lauderdale, Florida 33301
    Telephone: (954) 728-1280
    Facsimile: (954) 678-4090
    E-Service: ftlemaildesig@lewisbrisbois.com

By: *s/David H. Haft*
David H. Haft, Esq.
Florida Bar No.: 68992
david.haft@lewisbrisbois.com
aviva.pasternak@lewisbrisbois.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2023, a true and correct copy of the foregoing was filed via the CM/ECF system, which will serve a true and correct copy of the same to all attorneys of record.

*s/David H. Haft*
David H. Haft