UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-81037-AMC

MARK KRIEGER,

                Plaintiff,

vs.

TD BANK, N.A., et. al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION FOR JUDGMENT ON THE PLEADINGS [ECF No. 53]

Equifax Information Services, LLC, and TransUnion, LLC ("Movants") jointly ask for judgment on the pleadings on Counts XII and XIV of the Amended Complaint. For the following reasons, the Motion should be GRANTED and judgment should be entered for Movants.

As relevant to the Motion, and viewed in the light most favorable to Mr. Krieger, the Amended Complaint alleges: (1) Mr. Krieger borrowed money from TD Bank to purchase a home; (2) he executed a note and mortgage as part of the loan; (3) after the loan went into default, the parties negotiated a loan modification agreement; (4) Mr. Krieger complied with his obligations under the agreement, but TD Bank accounted for his payments improperly, (5) TD Bank falsely told Movants that the loan was in default, which was then reflected in Mr. Krieger's credit files. ECF No. 11.

## I. JUDGEMENT ON THE PLEADINGS

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b). *See Hawthorne v. Mac Adjustment*, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). "Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)). If the factual averments in the pleadings reveal a material dispute of fact, judgment on the pleadings cannot be entered. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "Documents that are not a part of the pleadings may be considered, as long as they are central to the claim at issue and their authenticity is undisputed." *Id*. at 1340 n.12.

The moving party bears the burden of proving they are entitled to dismissal. *See Hawthorne*, 140 F.3d at 1370. Accordingly, well-pleaded allegations within the complaint are accepted as true and are construed in favor of the non-moving party. *See Cunningham v. Dist. Atty's Office for Escambia Cnty.*, 529 F.3d 1237, 1255 (11th Cir. 2010)*; Miami Herald Pub. Co. v. Ferre*, 636 F. Supp. 970, 974 (S.D. Fla. 1985).

## II. DISCUSSION

*A. Timeliness of Mr. Krieger's Response*

I first address the timeliness of Mr. Krieger's response to the Motion. The Motion was filed on April 5, 2023. ECF No. 53. Mr. Krieger's response was due April 20. SDFL Local Rule 7.1(c)(1). On April 25, after no timely response was filed,

2

I issued an Order to Show Cause why the Motion should not be granted. ECF No. 62. Mr. Krieger responded to the Order to Show Cause and the Motion in a single pleading on May 1, 2023. ECF No. 64.

Mr. Krieger argues that his response to the Motion was untimely because of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). The excusable neglect was that counsel and counsel's legal assistant both did not properly calendar the Motion response deadline. ECF No. 64 ¶¶5, 6. This failure occurred, in part, because counsel's legal assistant was absent from the office the first two weeks in April because of illness and religious observance. *Id*. ¶5. Movants did not respond to these arguments in their Reply.

I find that Mr. Krieger has shown excusable neglect for his belated filing:

> The determination of whether neglect is "excusable" is usually an "equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The relevant circumstances include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

*Hurley v. Anderson*, No. 16-80102-CIV, 2017 WL 4304894, at *2 (S.D. Fla. May 30, 2017) (brackets in original). Here, Movants have not articulated any prejudice, the delay was minimal, and there is no evidence to suggest Mr. Krieger's counsel did not act in good faith.

### B. Procedural Propriety of Motion

Count XII alleges that Equifax violated the Fair Credit Reporting Act (FCRA). Count XIV makes the same allegation against TransUnion. Both Movants have answered the Amended Complaint. ECF Nos. 27 (Equifax), 30 (TransUnion). As relevant here, the Answers deny the factual allegations in the Amended Complaint.

Mr. Krieger responds that the Motion is "procedurally improper and premature" because the pleadings are not yet closed, given that Defendant TD Bank has not yet filed its Answer to the Amended Complaint. ECF No. 64 at 5-6. In response, Defendants cite *Whitson v. Bumbo*, No. C 07-05597 MHP, 2009 WL 1515597, at *4 (N.D. Cal. Apr. 16, 2009), which holds that an answering defendant can file a 12(c) motion before all other defendants have answered.

I find that the motion is procedurally proper. The fundamental building block of a civil action is the claim for relief. Fed. R. Civ. P. 8. A complaint can aggregate multiple claims for relief, even if they are inconsistent. Fed. R. Civ. P. 8(d). But, each claim for relief stands alone and must be resolved independently. *See, e.g.,* Fed. R. Civ. P. 12(b) (defenses "to a claim for relief"); 56(a) (party can move for summary judgment on "each claim" or "part of each claim."). A motion for judgment on the pleadings can be filed "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). Where, as here, no counterclaim or crossclaim has been filed, the pleadings are closed when a complaint and answer have been filed. *Lillian B. ex rel. Brown v. Gwinnett Cnty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015). Reading Rule 12(c) in this context, it becomes clear that a party can move for

judgment on the pleadings *on a particular claim for relief*, when the pleadings are closed *for that claim*.

Count XII sued only Equifax; Count XIV sued only TransUnion. Once these defendants filed their answers, the pleadings were closed as to each of these counts.

Mr. Krieger cites only one case for the proposition that a Rule 12(c) motion cannot be filed until all defendants answer. *Johnson v. Dodson Pub. Sch., Dist. No. 2-A(C)*, 463 F. Supp. 2d 1151, 1155 (D. Mont. 2006). That case supports a finding that the pending motion is timely. In *Johnson*, plaintiff brought a three-count complaint against two defendants — a school board and an individual. Count I sued only the school board. Count II sued both defendants, Count III sued only the individual. The individual moved for judgment on the pleadings on Count III. Although the courts said in dictum, "[the individual's] motion technically was premature . . . because the pleadings were not 'closed' when she filed her motion," it ultimately held that the motion was timely as to Count III because only the individual defendant was named in that count. *Id*. at 1156.

Mr. Krieger also argues that the motion should be denied because "Plaintiff anticipates amending his complaint to confirm [sic] with" the report and recommendation on TD Bank's Motion to Dismiss. ECF No. 64 at 6. He asserts that this proposed amended complaint will "reopen" the pleadings and preclude a motion for judgment on the pleadings. I reject this argument. First, there is no guarantee that Mr. Krieger will be given leave to amend. Second, the report and recommendation did not relate to Counts XII and XIV, so Mr. Krieger has not

5

suggested that any amendment would affect those claims, the Answers to those claims, or the merits of the Motion. Third, to consider the pleadings on a claim for relief to be "reopened" simply because a different claim for relief was amended would improperly put form over substance and not promote the just, speedy, and inexpensive resolution of this case. *See* Fed. R. Civ. P. 1.

*C. Merits*

Counts XII and XIV allege that the respective defendants failed to establish or follow reasonable procedures to assure the accuracy of Mr. Krieger's credit report and credit files, and that the defendants failed to delete inaccurate information from the credit file. The defendants say that the Amended Complaint fails to plead a necessary element of the FCRA causes of action — that the credit reports and credit files were factually inaccurate. They argue that Mr. Krieger's issue with TD Bank is a legal dispute, not a factual one.

Mr. Krieger's sole argument on the merits is that there is a material dispute of fact "between Plaintiff's Amended Complaint (as the operative pleading) and the Motion" about the time period at issue and the "actions (or inactions) taken by Defendants during such period, [sic] satisfy the notice element of Plaintiff's causes of action against Defendants." ECF No. 64 at 7. Mr. Krieger does not cite to where these disputed facts can be found in the record and I decline to cull the record for facts or arguments not presented by a party. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

6

Mr. Krieger's Response does not address Movants' argument that the Amended Complaint fails to allege a factual inaccuracy in the credit files or credit reports. For this reason, alone, the Motion should be granted. *Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed") *cited in Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014); *see also Campbell v. Boies, Schiller, Flexner LLP*, 543 F. Supp. 3d 1334, 1341 (S.D. Fla. 2021) (J. Moore) (failure to address claim constitutes abandonment).

Even if the claim were not conceded, the Motion should be granted on the merits. The Amended Complaint contains the following factual allegations about how the Movants interacted with Mr. Krieger's loan information:

- TD Bank reported Mr. Krieger's mortgage account "as being delinquent to the Credit Bureaus." ¶32.

- Mr. Krieger notified TD Bank that incorrect information had been reported to the Credit Bureaus. ¶34.

- "After receiving notice of Plaintiff's dispute, Defendant TD inaccurately reported and verified the TD Mortgage debt to the credit reporting bureaus as being in default status, which designation negatively and adversely reflected on Plaintiff's credit reports and credit files as maintained by Experian, Equifax and TransUnion." ¶100.

- TD Bank did not "mark or otherwise indicate that Plaintiff disputed Defendant TD's reporting of the subject Mortgage debt." ¶102.

7

So, viewing the well-pled allegations in the Amended Complaint in the light most favorable to Mr. Krieger, he alleges that Movants' files falsely said that his mortgage loan with TD Bank was delinquent under the terms of the loan modification agreement.

On a similar fact pattern, Judge Ungaro found no factual inaccuracy and dismissed an analogous FCRA claim. In *Spector v. Barclays Bank Delaware*, No. 1:20-CV-24300-UU, 2021 WL 8918999, at *2 (S.D. Fla. Feb. 10, 2021), plaintiff sued credit reporting agencies under the same provisions of the FCRA alleged in the Amended Complaint. His theory was that his credit card company over-reported his debt to the credit reporting agencies because the credit card company had not promptly credited him for a refund. The Court held that the balance reported by the credit card company (and incorporated by the credit agencies) was a contractual dispute, not a factual inaccuracy, because it turned on whether the plaintiff was legally entitled to the refund. So, the Court concluded that the plaintiff had not pled an FCRA claim.

Here, Mr. Krieger claims TD Bank did not comply with its obligations under the loan modification agreement, which caused the credit reporting agencies to identify his loan as delinquent. As in *Spector*, this argument turns on a legal dispute about the terms of that contractual agreement, not a factual one.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the motion for judgment on the pleadings and enter judgment for Movants on Counts XII and XIV.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 9th day of May, 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE