IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARK KRIEGER,　　　　　　　　　　　　　　CASE NO.: 22-CV-81037

　　　　Plaintiff,

v.

TD BANK, N.A., a National Banking Association, EQUIFAX INFORMATION SERVICES, LLC, a Georgia Limited Liability Company, EXPERIAN INFORMATION SERVICES, INC., an Ohio Corporation, and TRANSUNION, LLC, a Delaware Limited Liability Company,

　　　　Defendants.
_____/

**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION
ON MOTION FOR JUDGMENT ON THE PLEADINGS**

　　　　Plaintiff, Mark Krieger ("Plaintiff" or "Krieger"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), respectfully objects to United States Magistrate Judge Bruce E. Reinhart's Report and Recommendation (the "R&R") [DE 69] recommending the granting of Defendants, Equifax Information Services, LLC ("Equifax") and Trans Union, LLC's ("Trans Union")[1] Joint Motion for Judgment on the Pleadings (the "Motion on the Pleadings") [DE 53], stating as follows:

---

[1] Subsequent to the Magistrate's entry of the R&R, on or about May 12, 2023, Plaintiff and Defendant Trans Union reached a confidential settlement during mediation to fully resolve all outstanding issues between such parties in this matter. *See* Joint Notice of Settlement [DE 73] filed on May 19, 2023. As such, the instant objection is directed only as to the R&R with respect to Equifax.

1

## INTRODUCTION

By way of the Motion on the Pleadings, Defendant Equifax requested that the Court enter judgment in its favor and dismiss Count XII of Plaintiff's Amended Complaint (the "Amended Complaint") [DE 11] for violation of the Fair Credit Reporting Act ("FCRA"), wherein Plaintiff alleges that Equifax willfully and negligently violated 15 U.S.C. § 1681(e) of the FCRA by, without limitation, failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff, failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff, and failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported. In turn, Equifax contends that its Motion for Judgment on the Pleadings should be granted based on its claims that: (1) Plaintiff failed to plead a factual inaccuracy with respect to Equifax's credit reports and credit file in the Amended Complaint; and (2) Plaintiff presented the existence of only a legal dispute between Plaintiff and Defendant TD Bank in the Amended Complaint, not a factual one, thereby failing to satisfy the requirements of a claim under the FCRA.

In the R&R, the Magistrate held that: (i) Equifax's Motion for Judgment on the Pleadings was ripe for adjudication notwithstanding the fact that Defendant TD Bank had yet to file its answer to the Amended Complaint; (ii) the pleadings for purposes of a Rule 12(c) motion were closed with respect to Equifax based on the filing of its answer to Count XII of the Amended Complaint; (iii) Plaintiff's Amended Complaint fails to allege a factual inaccuracy in Equifax's credit files or credit reports; and (iv) Plaintiff has raised only a legal dispute with Defendant TD

2

Bank regarding his loan modification agreement in his Amended Complaint, not a factual one, precluding Plaintiff from pleading an FCRA claim against Equifax.

Plaintiff contends that the R&R errs in at least four (4) key respects. First, the R&R misconstrues established law and improperly concludes that (i) the Motion for Judgment on the Pleadings was ripe for adjudication notwithstanding the absence of an answer by Defendant TD Bank; and (ii) the pleadings were "closed" for purposes of a Rule 12(c) motion with respect to Equifax. Next, the R&R misapplies the factual allegations pled by Plaintiff in the Amended Complaint regarding the factual inaccuracies contained in Equifax's credit files or credit reports, and finally, the R&R relies on a misinterpretation of the subject facts and established precedent to find that Plaintiff had failed to state a claim against for violation of the FCRA against Equifax because his claims were exclusively premised on a legal dispute with Defendant TD Bank regarding the terms of his mortgage contract, not a factual one. Based on these errors, as further detailed below, in addition to the fact that Plaintiff has demonstrated its ability to prove facts sufficient to support his claim against Equifax and entitled him to relief under the FCRA, this Court should reject the Magistrate Judge's R&R, and deny Equifax's Motion for Judgment on the Pleadings, or in the alternative, grant Plaintiff leave of court to amend its complaint.

## **STANDARD OF REVIEW**

When a party objects to a Magistrate Judge's proposed findings and recommendations which provides dispositive relief, the District Court must "make a *de novo* determination of those portions of the report… to which objection is made." 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (*de novo* review is required for evaluating order granting judgment on the pleadings). *De novo* review as of right applies to all factual and legal matters to which objection is made. *See Stokes v. Singletary*, 952 F.2d 1567 (11th Cir. 1992) (*de novo* review of factual issues); *see also LoConte v.*

*Dugger*, 847 F.2d 745, 750 (11th Cir.), *cert. denied*, 488 U.S. 958 (1988) (district court must consider factual issues *de novo* if any party files timely and specific objection to magistrate judge's factfinding). A *de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the district judge make an independent determination of a controversy that accords no deference to any prior resolution of the same controversy. *See A.V. by Versace, Inc. v. Gianni Versace, S.p.A.,* 191 F. Supp. 2d 404, 405-06 (S.D.N.Y. 2002). In reviewing a magistrate judge's recommendation, "the district judge **may** . . . receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b) (emphasis added); *see also* 28 U.S.C. § 636(b)(1). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. §636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Edition, Subdivision (b); *see also Macort v. Prem, Inc.,* 208 Fed. Appx. 781, 784 (11th Cir. 2006).

## EQUIFAX'S MOTION FOR JUDGMENT ON THE PLEADINGS

In seeking judgment and dismissal of Count XII of Plaintiff's Amended Complaint, Equifax filed its Motion for Judgment on the Pleadings, the basis for which is premised upon two (2) central arguments: i) that Plaintiff failed to plead a factual inaccuracy in Equifax's credit reporting; and ii) that Plaintiff cannot state a cause of action against Equifax because Plaintiff's claims in the Amended Complaint constituted a legal dispute with Defendant TD Bank, not a factual one, as required under the FCRA.

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Ordinarily, this means that "where an action names multiple defendants, the pleadings are not closed until all defendants have answered." *See*, e.g., *Watson v. County of Santa Clara*, 2007

U.S. Dist. LEXIS 53143, 2007 WL 2043852 (N.D. Cal. 2007) (denying the defendants' motion for judgment on the pleadings where all the defendants had been served but not all defendants had answered); *Habeeba's Dance of the Arts, Ltd. v. Knoblauch*, 2006 U.S. Dist. LEXIS 18114, 2006 WL 968642 (S.D. Ohio 2006) (denying the defendant's motion for judgment on the pleadings where the other defendant had filed a motion to dismiss that was pending before the court); *Kowall v. GMAC Mortg., LLC,* 2012 U.S. Dist. LEXIS 34975, 2012 WL 884851, at *1 (E.D. Mich. Mar. 15, 2012) (pleadings do not close for purposes of a Rule 12(c) motion until defendants have filed an answer to the complaint); *Horen v. Board of Educ. of Toledo City Sch. Dist.,* 594 F. Supp.2d 833, 840 (N.D. Ohio 2009) ("If a case has multiple defendants, all defendants must file an answer before a Rule 12(c) motion can be filed"); *Nationwide Children's Hosp., Inc. v. D.W. Dickey & Son, Inc. Emp. Health & Welfare Plan,* 2009 U.S. Dist. LEXIS 120861, 2009 WL 5247486, at *1 (S.D. Ohio Dec. 29, 2009) ("Thus, the pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering"). Notwithstanding, courts maintain discretion under certain circumstances to consider a 12(c) motion even when one of the defendants has not yet filed an answer.[2] *See Nationwide Children's Hosp.,* 2009 U.S. Dist. LEXIS 120861, 2009 WL 5247486, at *2 (citing *Noel v. Hall,* 2005 U.S. Dist. LEXIS 45508, 2005 WL 2007876, at *1-2 (D. Or. Aug. 16, 2005)). However, this is

---

[2]Courts likewise have discretion to grant leave to amend in conjunction with a 12(c) motion, and may dismiss a cause of action rather than grant judgment related to same. *See Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 894 (N.D. Cal. 1993); *see also Whitson v. Bumbo*, No. C 07-05597 MHP, 2009 U.S. Dist. LEXIS 32282, at *9 (N.D. Cal. Apr. 15, 2009). The Federal Rules of Civil Procedure provide that a court should freely grant leave to amend "when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. "[T]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt." *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

generally true in *only limited circumstances*, such as when a plaintiff fails to serve one of the defendants. *See Dunn-Mason v. JP Morgan Chase Bank Nat'l Ass'n*, 2013 U.S. Dist. LEXIS 114026, at *9 (E.D. Mich. May 16, 2013) (citing *Moran,* 825 F. Supp at 894) (holding that particular defendant had not been served and was not yet a party and the pleadings were therefore "closed" for the purposes of the 12(c) motion)); *see also Noel,* 2005 U.S. Dist. LEXIS 45508, at *2 (considering motion for judgment on the pleadings where other two defendants had not answered the complaint for five years and the motion only sought to resolve a legal issue without dismissing any claims).

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth, LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon*, 250 F.3d at 1301. In determining whether a party is entitled to judgment on the pleadings, a court must accept as true all material facts alleged in the non-moving party's pleading, and view those facts in the light most favorable to the non-moving party. *See Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1335 (11th Cir. 2014). On a motion for judgment on the pleadings, documents that are not a part of the pleadings may be considered, as long as they are central to the claim at issue and their authenticity is undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002) (applying the doctrine that allows documents outside the pleadings to be considered on a motion to dismiss under Rule 12(b)(6) only when the documents are central to the claim and undisputed to the motion-for-judgment-on-the-pleadings context under Rule 10(c)); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (affirming the district court's reliance on a contract that was not attached to the parties' complaint but was

6

submitted by the defendants along with their motion to dismiss under Rule 12(b)(6), because the contract was central to the plaintiffs' complaint, and its authenticity was not in dispute). A motion for judgment on the pleadings should not be granted unless it is clear from the pleadings that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. *See Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). As with a motion to dismiss, Plaintiff's Amended Complaint here does not need detailed factual allegations to withstand this standard of review, but is proper if the allegations are "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))[3]. However, if a material dispute of fact exists, judgment on the pleadings must be denied. *See Fernandez v. Crowley Holdings, Inc.*, 2023 U.S. Dist. LEXIS 51902, at *5 (S.D. Fla. Mar. 27, 2023).

In the instant action, service was timely effectuated on each of the named Defendants. Although Defendants, Equifax, Trans Union, and Experian each filed answers to Plaintiff's Amended Complaint,[4] Defendant, TD Bank, N.A., did not, but instead, filed a motion to dismiss **some, but not all,** of the claims raised by Plaintiff in the Amended Complaint. More specifically, through the filing of the instant objection, Defendant TD Bank has yet to answer seven (7) of the counts asserted by Plaintiff in the Amended Complaint, including Count XI therein, for violation of 15 U.S.C. § 1681s-2(b), the underlying allegations for which relate, in part, to Defendant TD

---

[3]By its opinion in *Bell Atlantic,* the Supreme Court made clear that lower courts must apply "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*[,]" but does not require a heightened pleading standard for civil claims. *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007*)* (emphasis in original).
[4]*See* DE's 27, 29, and 30, respectively.

Bank's continuous reporting of factually inaccurate and incomplete information to Equifax concerning Plaintiff's mortgage loan account, including Plaintiff's outstanding loan balance, the status of Plaintiff's loan and Plaintiff's loan payment history.[5]

## ARGUMENT

### A. The R&R Erroneously Concludes That The Motion On The Pleadings Is Ripe For Adjudication and The Pleadings Have Been Closed With Respect To Equifax

At the outset of the R&R, the Magistrate errs in his analysis regarding the Court's ability to consider and rule on Equifax's Motion for Judgment on the Pleadings at this stage of the proceeding. As an initial matter, after making a finding that an answering defendant is permitted to file a 12(c) motion before all of the other defendants have answered, the Magistrate misconstrues this fact to mean that the matter is ripe for adjudication under Rule 12(c) and erroneously concludes that it is within the court's absolute discretion to rule on what would otherwise be considered a "premature" Rule 12(c) motion. Such a conclusion however, not only fails to take into consideration the requirements imposed under Rule 12(c) for deciding a motion for judgment on the pleadings, but also disregards established precedence from courts in both this Circuit and others regarding the appropriateness of a court in deciding a motion filed pursuant to Rule 12(c). *See, e.g., Lillian B. ex rel. Brown v. Gwinnett Cnty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015). Rather, the Magistrate finds that Equifax's Motion for Judgment on the Pleadings, notwithstanding

---

[5]Critically, while Plaintiff's Amended Complaint plainly alleges on its face that Plaintiff's Equifax credit reports and credit file contained factual inaccuracies, this Court may also consider the dispute response correspondence dated July 11, 2022, August 3, 2022, and October 22, 2022, respectively, attached hereto as **Composite Exhibit "1,"** sent by Equifax to Plaintiff regarding the correction and revision of certain disputed information on Plaintiff's credit reports and credit file relating to his TD Bank loan account, each of which response correspondence unambiguously provides that information previously furnished by TD Bank to Equifax regarding Plaintiff's mortgage loan account, including the amount of Plaintiff's outstanding loan balance, the actual payment amounts made by Plaintiff, Plaintiff's payment history, and Plaintiff's historical account information, were factually inaccurate and subject to correction and modification. *See Horsley,* 304 F.3d at 1134-35.

the absence of an answer to the Amended Complaint by Defendant TD Bank and without any consideration regarding the potential effect that Defendant TD Bank's answer would have with respect to the Motion on the Pleadings, is ripe for adjudication, opining that by reading Rule 12(c) in the same context as Rule 8(d) of the Federal Rules of Civil Procedure, under which a complaint can aggregate multiple claims for relief, even if they are inconsistent, and consistently with the language of Fed. R. Civ. P. 12(b) and 56(a), which rules make reference to claims for relief standing alone and the subject of independent resolution, a party can move for "judgment on the pleadings on a *particular claim for relief,* when the pleadings are closed *for that claim*" and concluding that because only Equifax was sued under Count XII of the Amended Complaint, upon the filing of their answer, the pleadings were closed as to such count. *See* R&R at 4-5. However, such reasoning by the Magistrate fails to comport with established precedent regarding when a Rule 12(c) motion is ripe for adjudication, whether under the general rule requiring that the pleadings be closed beforehand, or when a court may exercise its discretion for the limited exception of considering an otherwise pre-mature 12(c) motion.

In determining whether a Rule 12(c) motion is ripe for adjudication, courts in this Circuit have explicitly held that Rule 12(c) "unambiguously require[s]" closed pleadings—i.e., those where all defendants have filed an answer—before a court can rule on a motion under Rule 12(c). *See Lillian B. ex rel. Brown v. Gwinnett Cnty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015); *see also Mid-Continent Cas. Co. v. Paradise Palms Resort Homeowners Ass'n Inc.*, 2021 U.S. Dist. LEXIS 264208, at *3 (M.D. Fla. June 2, 2021). Pleadings are closed "only when a complaint and answer have been filed." *Lillian B. ex rel. Brown*, 631 F. App'x at 853; *see also Estate of Jackson ex rel. Jackson-Platts v. Sandnes*, 2014 WL 408489, at *1 (M.D. Fla. Feb. 23, 2014); *Jordan v. Def. Fin. & Acct. Servs.*, 2014 WL 3887748, at *1 (M.D. Fla. Aug. 7, 2014); *Gelsomino*

9

*v. Horizon Unlimited, Inc.*, 2008 WL 4194842, at *2 n.3 (S.D. Fla. Sept. 10, 2008). While courts have discretion to deviate from the general rule under certain circumstances to consider a Rule 12(c) motion before the closing of the pleadings, the exercise of such discretion by the court is contemplated to be narrow, with limited exception for adjudication of an otherwise pre-mature Rule 12(c) motion under certain circumstances, including where a party has not been served, the motion seeks to resolve only a legal issue without dismissing any of the operative claims, or when the yet to be filed answer of a served defendant would have no effect on the 12(c) motion. *See,* e.g., *Dunn-Mason,* 2013 U.S. Dist. LEXIS 114026, at *9; *Moran,* 825 F. Supp at 894; *Insalaco v. Fire Ins. Exch.*, 2020 U.S. Dist. LEXIS 267003, at *19 (N.D. Cal. Dec. 15, 2020).

Here, Plaintiff filed the Amended Complaint against TD Bank, Equifax, Trans Union, and Experian.[6] Although Defendants, Equifax, Trans Union, and Experian, each filed answers to Plaintiff's Amended Complaint, Defendant TD Bank has not, but instead filed a motion to dismiss [DE 32] directed to four (4) of the eleven (11) counts asserted against it by Plaintiff in the Amended Complaint and, at a minimum, leaving 7 counts for which Defendant TD Bank has not filed an answer asserting its position relating to, in part, the factual inaccuracies furnished to Equifax and contained in Plaintiff's Equifax credit reports and credit file, in addition to whether reasonable procedures were followed to assure the maximum possible accuracy of the information reported, there exists a material dispute of fact[7], which requires denial of Equifax's Motion for Judgement on the Pleadings as a matter of law. *See Fernandez*, 2023 U.S. Dist. LEXIS 51902, at *5.

Last, because it is undisputed that not **all** of the Defendants here have answered the Amended Complaint and the pleadings are not "closed" for purposes of Rule 12(c), consideration

---

[6] Plaintiff previously settled its claims in this action relating to Trans Union and Experian. *See* Joint Notice of Settlement [DE 73].
[7] *See* DE 11 at ¶¶ 34-35, 98-100, 102-103, Ex. K thereto.

of Equifax's Motion for Judgement on the Pleadings is premature under the general rule. Moreover, because it cannot be said that Defendant TD Bank's answer would have no effect on Equifax's Motion for Judgment on the Pleadings or that no prejudice would result to any party from the filing of such answer by TD Bank, consideration of Equifax's Motion for Judgment on the Pleadings under the exception to Rule 12(c)'s general rule is similarly improper and requires that the Motion likewise be denied.  *See Nationwide Children's Hosp.*, 2009 U.S. Dist. LEXIS 120861, 2009 WL 5247486, at *1 (pleadings not "closed" because although one defendant answered the counterclaim, the other two defendants filed a joint motion to dismiss); *see also Habeeba's Dance*, 2006 U.S. Dist. LEXIS 18114, 2006 WL 968642, at *2 (Rule 12(c) motion premature when one defendant filed an answer but the other defendant filed a motion to dismiss in lieu of an answer); *Paskenta Band of Nomlaki Indians v. Crosby*, 2016 U.S. Dist. LEXIS 145134, 2016 WL 6094468, at *3 (E.D. Cal. Oct. 19, 2016); *Associated Builders & Contractors of Cal. Coop. Comm., Inc. v. Becerra*, 231 F. Supp. 3d 810, 817, n.4 (S.D. Cal. 2017); *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879 (9th Cir. 2018) (quoting *Noel*, 2005 U.S. Dist. LEXIS 45508, 2005 WL 2007876, at *1).

- B. **The R&R Erroneously Misapplies The Factual Allegations in Plaintiff's Amended Complaint and Misinterprets Established Precedent Concerning The Nature of Plaintiff's Dispute and Its Ability To State A Viable Cause Of Action Under The FCRA**

Next, as further grounds for granting Equifax's Motion for Judgment on the Pleadings, the Magistrate erroneously concludes in the R&R that Plaintiff's allegations in the Amended Complaint are insufficient to plead a factual inaccuracy in his Equifax credit reports or credit file, as required under the FCRA to maintain a sustainable cause of action against Equifax in the instant action.  In making this finding, the Magistrate misinterprets the applicable facts set forth by Plaintiff, and forms his opinion regarding the nature of Plaintiff's dispute, as best as can be

discerned from the face of the R&R, based on a total of four (4) partial paragraphs (out of 133) contained in Plaintiff's Amended Complaint, three of which are unrelated or otherwise directed to Equifax, holding in the R&R that Plaintiff has, at most, alleged that TD Bank did not comply with its obligations under the loan modification agreement and, as a result thereof, Equifax filed falsely that Plaintiff's mortgage loan with TD Bank was delinquent under the terms of the loan modification agreement.  *See* R&R at 7-8.  Based on this misinterpretation of fact, the Magistrate erroneously relies on *Spencer v. Barclays Bank Delaware,* 2021 WL 8918999, at *2 (S.D. Fla. Feb. 10, 2021), a case involving a supposedly similar fact pattern, wherein Judge Ungaro found that no factual inaccuracy was identified in the credit reporting agency's report, leading to dismissal of a purportedly analogous FCRA claim to Plaintiff's claim here, leading to the wrongful conclusion in the R&R that Plaintiff's FCRA claim, like *Spencer,* turns on a legal dispute regarding the terms of a contractual agreement—i.e., Plaintiff's loan modification agreement with Defendant TD Bank, not a factual inaccuracy, thereby precluding Plaintiff from ever stating any set of facts that would entitle him to relief against Equifax under an FCRA claim.  *Id.*

However, from just a cursory review of Plaintiff's Amended Complaint, it is readily apparent that in making the above erroneous finding, the Magistrate failed to either consider or misapplied the well-pled allegations set forth in the Amended Complaint, specifically with respect to the factual inaccuracies contained in Equifax's credit files and reports, Equifax's failure to conduct a re-investigation after receiving notice from Plaintiff regarding such inaccuracies, and Equifax's establishment and implementation of reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit file.  Indeed, in the Amended Complaint, Plaintiff plainly alleges that Equifax violated the FCRA by failing: (1) **to establish or follow reasonable procedures to assure maximum possible accuracy in the**

**preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff**; (2) to delete inaccurate information from the credit file of the Plaintiff **after receiving actual notice of such inaccuracies and conducting reinvestigation** and by **failing to maintain reasonable procedures with which to verify the disputed information** in the credit file of the Plaintiff; (3) **to follow reasonable procedures to assure the maximum possible accuracy of the information reported**; (4) to **correct erroneous personal information** regarding the Plaintiff after a reasonable request by the Plaintiff; (5) to remove and/or **correct the inaccuracy** and derogatory credit information **after a reasonable request by the Plaintiff**; (6) to promptly and adequately investigate information which Defendant Equifax **had notice was inaccurate**; (7) ceasing placement of **inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate**; (8) to note in the credit report that the Plaintiff disputed the accuracy of the information; (9) to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and (10) **to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer**. (Emphasis Supplied). *See* DE 11 at ¶¶ 34, 99-103, 112-114, Ex. K thereto. Thus, as an initial matter, it is clear that Plaintiff's Amended Complaint not only satisfies the pleading requirements under Fed. R. Civ. P. 8 with respect to its claims against Equifax, but that Plaintiff has also plead sufficient facts to support a right to relief above a speculative level against Equifax and maintain a sustainable cause of action under the FCRA in the instant action.

The FCRA provides private causes of action both against consumer reporting agencies and against those who furnish information to consumer reporting agencies. *See Allmond v. Bank of Am.*, 2008 U.S. Dist. LEXIS 4788, at \*9 (M.D. Fla. Jan. 23, 2008). When preparing consumer

13

reports, consumer reporting agencies (the "CRAs") must "*follow reasonable procedures to assure maximum accuracy of the information*." 15 U.S.C. § 1681e(b) (emphasis added). "To state a claim for a violation of FCRA section 1681e(b), a plaintiff must allege: (1) the CRA published an inaccurate consumer report to a third party; (2) in publishing its consumer report, the CRA failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer report; and (3) the plaintiff suffered actual damages as a result of the CRA's failure to follow reasonable procedures." *See Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1335-36 (S.D. Fla. 2011); *see also Cahlin v. General Motors Acceptance Corp.*, 936 F. 2d 1151, 1157, 1160 (11th Cir. 1991); *Nagle v. Experian Info. Sols., Inc.*, 297 F.3d 1305, 1307 (11th Cir. 2002); *Erickson v. First Advantage Background Servs.*, 981 F. 3d 1246, 1251-52 (11th Cir. 2020) (holding "that to reach 'maximum possible accuracy,' information must be factually true and also unlikely to lead to a misunderstanding"). To make out prima facie violation of §1681e(b), a plaintiff must present evidence tending to show that a credit reporting agency prepared report contained inaccurate information, and if he fails to satisfy this initial burden, plaintiff, as matter of law, has not established a violation and the court need not inquire further as to the reasonableness of procedures adopted by the credit reporting agency. *See Cahlin,* 936 F. 2d at 1151. A consumer fails to establish a factual inaccuracy by merely asserting a challenge to the legal validity of a reported debt, rather the determination as to the legal validity of a disputed debt and a consumer's defense to such debt are legal questions for the court to resolve in an action by the consumer against its creditor, not a duty imposed on the CRAs under the FCRA. *See Denan v. Trans Union LLC*, 959 F. 3d 290, 296 (7th Cir. 2020). While not explicitly defined under the FCRA, courts applying §1681e(b) have recognized the reasonableness of the procedures to be a fact-dependent inquiry, and whether the agency followed them will typically be a question for a jury. *See Cahlin,* 936 F.

2d at 1156 ("The agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures, which will be a jury question in the overwhelming majority of cases"); *see also Swoager v. Credit Bureau of Greater St. Petersburg, Fla.*, 608 F. Supp. 972, 975 (M.D. Fla. 1985) ("The standard of conduct by which the trier of fact must judge the adequacy of agency procedures is what a reasonably prudent person would do under the circumstances"); *Lee v. Sec. Check, LLC*, 2010 U.S. Dist. LEXIS 82630, 2010 WL 3075673, at *9-13 (M.D. Fla. Aug. 5, 2010) (judging reasonableness of CRA's procedures "involves weighing the potential harm from inaccuracy against safeguarding against the inaccuracy"). A reporting agency's procedures will not be deemed unreasonable unless the agency has a reason to believe that the information supplied to it by a data furnisher is unreliable. *See Losch v. Nationstar Mortgage LLC*, 995 F.3d 937, 945-946 (11th Cir. 2021). Federal courts have generally held that § 1681e(b) "does not hold a reporting agency responsible where an item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate unless the agency receives notice of systemic problems with its procedures." *Sarver v. Experian Info. Sols.*, 390 F. 3d 969, 972 (7th Cir. 2004); *see also Gibson v. Experian Info. Sols.*, 494 F. Supp. 3d 613, 616 (E.D. Mo. 2020); *Wright v. Experian Info. Sols., Inc.*, 805 F. 3d 1232, 1239 (10th Cir. 2015) ("[c]ourts have held CRAs must look beyond information furnished to them when it is inconsistent with the CRAs' own records, contains a facial inaccuracy, or comes from an unreliable source"); *Sampson v. Equifax Info. Servs., LLC*, 2005 U.S. Dist. LEXIS 19240, at *18-19 (S.D. Ga. Aug. 29, 2005) (same).

Conversely, when a CRA has been notified of potentially inaccurate information in a consumer's credit report, it is in a very different position than one who has no such notice. *See Losch,* 995 F. 3d at 945; *see also Riley v. Equifax Info. Servs., LLC*, 2021 U.S. Dist. LEXIS 159545, at *9 (M.D. Fla. Aug. 24, 2021) (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d

15

Cir. 1997) ("[O]nce a claimed inaccuracy is pinpointed, a CRA conducting further investigation incurs only the cost of reinvestigating that one piece of disputed information"); *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1334-35 (11th Cir. 2015) (explaining that §1681i(a) "imposes on a consumer reporting agency the duty of conducting a reasonable reinvestigation of ***disputed*** information in a consumer's credit file and that an agency 'violates that provision' if a consumer notifies it of inaccurate information and the agency does not reinvestigate") (emphasis added). Indeed, if a consumer disputes "the completeness or accuracy of any item of information contained in" a credit report, a consumer reporting agency must conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A); *see also Benjamin v. Experian Info. Sols.*, 561 F. Supp. 3d 1330, 1340-41 (N.D. Ga. 2021); *Cahlin,* 936 F. 2d at 1160 (interpreting Section 1681i(a) as imposing a duty on the credit reporting agency to make "reasonable efforts" to investigate and correct inaccurate or incomplete information brought to its attention by the consumer). In *Denan,* the seventh circuit held that "inaccurate information under section 1681i… mean[s] factually inaccurate information, as consumer reporting agencies are neither qualified nor obligated to resolve legal issues." 959 F. 3d at 296. Courts have found examples of factual inaccuracies to include the amount a consumer owes, and what day a consumer opened an account or incurred a payment. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F. 3d 876, 891 (9th Cir. 2010). A reasonable reinvestigation, however, does not require CRAs to resolve legal disputes about the validity of the underlying debts they report. *Id. at* 892 ("We agree that reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts"); *see also DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (holding a reasonable reinvestigation does not entail resolving "legal issue[s] that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA"). However, while not defined

under section 1681i(a), courts have consistently held reasonable reinvestigation requires more than "making only a cursory investigation into the reliability of information that is reported to potential creditors." *Cortez v. Trans Union, LLC,* 617 F. 3d 688, 708-11 (3d Cir. 2010). Indeed, the grave responsibility imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a reinvestigation that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute. *See Cushman v. Trans Union Corp.,* 115 F.3d 220, 225 (3d Cir. 1997); *see also Henson v. CSC Credit Servs*., 29 F. 3d 280, 286-87 (7th Cir. 1994) ("[A CRA's] exclusive reliance [on documents provided by the creditor] may not be justified once the credit reporting agency receives notice that the consumer disputes information contained in his credit report"). An objective understanding of accuracy requires congruence between the legal status of a consumer's account and the status a CRA reports. Put another way, a consumer report cannot be "accurate" under either section 1681e(b) or section 1681i if it contains information that is legally incorrect. *See Crane v. Trans Union, LLC*, 282 F. Supp. 2d 311, 317-18 (E.D. Pa. 2003).

Here, where Plaintiff has sufficiently alleged facts in the Amended Complaint demonstrating the existence of **factual inaccuracies** in his Equifax credit reports and credit file, including information related to his TD Bank mortgage account such as the amount of Plaintiff's outstanding loan balance, the actual payment amounts made by Plaintiff, Plaintiff's payment history, and Plaintiff's historical account information thereunder, and has pled sufficient facts to support a right to relief above a speculative level against Equifax for its failures to act with respect to the above described factual inaccuracies, Plaintiff has stated a valid and sustainable cause of action against Equifax under the FCRA herein. As such, Equifax's Motion for Judgment on the Pleadings fails as a matter of law and must be denied by this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff Mark Krieger respectfully objects to Judge Reinhart's Report and Recommendation on the Motion on the Pleadings and requests that, for the reasons addressed in this Objection, the Motion on the Pleadings be denied.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Plaintiff*
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
E-Service: ftlemaildesig@lewisbrisbois.com

By: *s/David H. Haft*
    David H. Haft, Esq.
    Florida Bar No.: 68992
    david.haft@lewisbrisbois.com
    aviva.pasternak@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2023, a true and correct copy of the foregoing was filed via the CM/ECF system, which will serve a true and correct copy of the same to all attorneys of record.

*s/David H. Haft*
David H. Haft