IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:22-cv-81037-AMC

MARK KRIEGER,

        Plaintiff,

v.

TD BANK, N.A., EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN INFORMATION
SERVICES, INC., and TRANS UNION, LLC,

        Defendants.

_____/

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S UNTIMELY OBJECTION TO REPORT AND RECOMMENDATION ON MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Equifax Information Services LLC ("Equifax"), by counsel, respectfully submits this Response In Opposition to Plaintiff's Untimely Objection to United States Magistrate Judge Bruce E. Reinhart's Report and Recommendation granting Equifax's and Trans Union, LLC ("Trans Union") Joint Motion For Judgment on the Pleadings, and respectfully shows the Court as follow:

**I.    PROCEDURAL HISTORY**

On October 6, 2022, Plaintiff filed his Amended Complaint, alleging that Equifax and Trans Union negligently and willfully violated the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681, *et seq* by incorrectly reporting his TD Bank, N.A. ("TD Bank") account as delinquent on his credit files. *See generally* ECF No. 11. On November 30, 2022, Equifax, Trans Union, and Experian Information Services, Inc. each filed Answers to Plaintiff's Amended Complaint. *See* ECF 27, 29 & 30. On November 30, 2022, TD Bank renewed its Motion To Dismiss Plaintiff's

Amended Complaint. *See* ECF 32. On December 27, 2022, this Court entered an Order setting an amended pleadings deadline of February 1, 2023. *See* ECF. 40. On January 2, 2023, Plaintiff filed a Response In Opposition to TD Bank's Motion To Dismiss. *See* ECF 42. On January 6, 2023, TD Bank filed its Reply to Plaintiff's Response In Opposition to TD Bank's Motion To Dismiss. *See* ECF 46. On January 17, 2023, TD Bank's Motion to Dismiss was referred to Magistrate Judge Bruce E. Reinhart. *See* ECF 47.

On April 5, 2023, Trans Union and Equifax filed their Joint Motion for Judgment on the Pleadings (the "Motion"), which detailed how Plaintiff's Amended Complaint alleges a purely legal dispute between Plaintiff and TD Bank; namely, that TD Bank is allegedly misinterpreting the terms of the second loan modification and TD Bank has wrongly increased Plaintiff's monthly mortgage payments resulting in Plaintiff not satisfying the minimum monthly payments. *See* ECF 53. Plaintiff's response to Defendants' Motion was due April 19, 2023. S.D.Fla. L.R. 7.1(c)(1). On April 13, 2023, Magistrate Reinhart issued a Report and Recommendation on TD Bank's Motion To Dismiss that the motion should be granted in part and denied in part. *See* ECF 57. On April 25, 2023, Magistrate Reinhart issued an Order to Show Cause after Plaintiff failed to timely respond to Defendants' Motion. *See* ECF 62. The Order to Show Cause provided Plaintiff "shall show cause why he failed to timely respond to the Motion and why this Court should not recommend the District Judge grant the Motion based on his failure to respond (ECF No. 53). Failure to timely respond may result in the Court recommending that the Motion be granted by default." *Id*. at 1-2.

On May 1, 2023, Plaintiff filed a response to the Order to Show Cause and Defendants' Motion.[1]  *See* ECF 64.  On May 8, 2023, Equifax and Trans Union filed a Joint Reply In Support Of Defendants' Joint Motion For Judgment on the Pleadings that Plaintiff's Response in Opposition to the Motion failed to address the arguments presented in the Motion and further failed to set forth any case law in support that Plaintiff had alleged a factual inaccuracy, which is a necessary element of his FCRA claims against Trans Union and Equifax.  *See* ECF 68.  On May 9, 2023, Magistrate Reinhart issued a Report and Recommendation **granting** the Motion.  *See* ECF 69.

Magistrate Reinhart's Report and Recommendation (the "R&R") granting the Motion explicitly advised that "a party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation."  *Id*. at 9.  Plaintiff's deadline to file an objection to the R&R was May 23, 2023.[2]

On May 26, 2023, *seventeen* days after the R&R was issued and three days after the deadline to file objections, Plaintiff filed an untimely Objection to Report And Recommendation On Motion For Judgment On The Pleadings (the "Objection").  *See* ECF 75.  Notably absent from Plaintiff's Objection to the R&R, is Plaintiff's basis as to why he failed to timely file his Objection

---

[1] Plaintiff's response to the Order to Show Cause provided the untimely filing was due to excusable neglect as both the undersigned counsel and counsel's legal assist, who was out for two weeks due in part to illness and observance of the Jewish Holiday of Passover, both failing to properly calendar the correct motion response deadline.  *See* ECF 64 ¶¶ 4-6.
[2]  On May 12, 2023, Trans Union and Plaintiff settled during mediation.  *See* ECF 73.

or request leave from this Court to consider his untimely filed Objection, despite Magistrate Reinhart's clear notice to object.³

## II.  APPLICABLE LEGAL STANDARD

Upon review of a magistrate judge's findings and recommendations submitted pursuant to 28 U.S.C. § 363(b)(1)(B), a district judge may accept, reject, or modify the findings or recommendation. 28 U.S.C. § 363(b)(1). A party challenging a report and recommendation must "file… written objections which shall specifically identify the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 72(b)(2).

## III.  ARGUMENT

### A.  The Court Should Adopt The Magistrate's R&R Because The R&R Correctly Finds The Pleadings Are Closed As To Equifax.

In the R&R, Magistrate Reinhart correctly held Equifax's Motion was "procedurally proper." ECF 69 at 4. In making this assertion, Magistrate Reinhart went further, stating "[a] motion for judgment on the pleadings must be brought 'after the pleadings are closed – but early enough not to delay trial.'" *Id.*; *see also* Fed. R. Civ. Pro. 12(c). "Where, as here, no counterclaim or crossclaim has been filed, the pleadings are closed when a complaint and answer have been filed." *Id.* (quoting *Lillian B. ex rel. Brown v. Gwinnett Cnty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015)). Magistrate Reinhart wrote "[r]eading Rule 12(c), in this context, it becomes clear that a party can move for judgment on the pleadings *on a particular claim for relief*, when

---

³ "It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's finding contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level." *Chiu v. Colvin*, Case No. 14-CIV-21986-BLOOM/VALLE 2015 WL 12531980, *1 (S.D. Fla. Sept 21, 2015) (quoting *United States v. Pilati*, 627 F.3d 1360, 1365 (11th Cir. 2010)).

the pleadings are closed *for that claim*." Id. Magistrate Reinhart correctly found that Plaintiff's own citation to *Johnson v. Dodson Pub. Sch., Dist. No. 2-A(C)*, further "supports a finding that the pending motion is timely." *Id*.; *see also*, *Johnson v. Dodson Pub. Sch., Dist. No. 2-A(C)*, 463 F.Supp.2d 1151, 1155 (D. Mont. 2006). Indeed, Magistrate Reinhart goes on to outright reject Plaintiff's assertion that Plaintiff's anticipated amended complaint, to conform with the Magistrate Reinhart's report and recommendation on TD Bank's Motion to Dismiss, "will 'reopen' the pleadings and preclude a motion for judgment on the pleadings." R&R at 5. Magistrate Reinhart states:

> First, there is no guarantee that Mr. Krieger will be given leave to amend. Second, the report and recommendation did not relate to Counts XII [count against Equifax] and XIV [count against Trans Union], so Mr. Krieger has not suggested that any amendment would affect those claims, the Answers to those claims, or the merits of the Motion. Third, to consider the pleadings on a claim for relief to be 'reopened' simply because a different claim for relief was amended would improperly put form over substance and not promote the just, speedy, and inexpensive resolution of this case.

Id. at 5-6 (citing Fed. R. Civ. P. 1). Magistrate Reinhart's analysis is correct.

Plaintiff's Objection oddly contends Magistrate Reinhart's R&R "fails to take into consideration the requirements imposed under Rule 12(c) for deciding a motion for judgment on the pleadings, but also disregards established precedence from courts in both this Circuit and others regarding the appropriateness of a court in deciding a motion filed pursuant to Rule 12(c)." Objection at 8. Plaintiff's argument to rebut Magistrate Reinhart's R&R misses the mark. And in part is based on pure speculation that because TD Bank has not filed an answer "asserting its position relating to, in part, the factual inaccuracies furnished to Equifax and contained in Plaintiff's Equifax's credit reports and credit file… exists a material dispute of fact." Objection at 10. Plaintiff's objection wrongly asserts that "because it cannot be said that Defendant TD Bank's answer would have no effect on Equifax's Motion For Judgment on the Pleadings or that no

5

prejudice would result to any party from the filing of such answer by TD Bank, consideration of Equifax's Motion For Judgment on the Pleadings under the exception to Rule 12(c)'s general rules is similarly improper." *Id*. at 11.

As Judge Reinhart found in the R&R, *Johnson* supports the finding Equifax's Motion was timely. R&R at 5. In *Johnson*, the court held that "[p]leadings are closed when all required or permitted pleadings have been served and filed." *Johnson* at 1156-57. When a defendant has failed to file an answer, the pleadings are not closed and a motion for judgment on the pleadings is not the correct procedural remedy because it is premature. *See Doe v. U.S.*, 419 F.3d 1058, 1061-62 (9th Cir. 2005) (holding the plaintiff's 12(c) motion was premature because the defendant had not answered but instead filed a motion to dismiss); *see also Lillian B. ex rel. Brown* at 852-53 (holding that the district court erred in granting the school district's motion for judgment on the pleadings because the school district itself had not answered, and thus, pleadings were not closed).

Courts may, however, exercise discretion to permit judgment on the pleadings when a party has answered and ***then*** moves for a 12(c) motion, even if other parties have not yet answered. *See Whitson v. Bumbo*, No. C 07-05597-MHP, 2009 WL 1515597, at *3–4 (N.D. Cal. April 16, 2009) (holding that Rule 12(c) does not require all defendants must answer before ruling on a motion for judgment on the pleadings, and that the defendant who has answered should not have to wait for another party to answer before filing a 12(c) motion); *see also Noel v. Hall*, No. CV99-649-AS, 2005 WL 2007876, at *1-2 (D. Or. Aug. 16, 2005) (finding a court may exercise its discretion to permit a motion on the pleadings before all defendants have filed an answer where no prejudice to any part would result); *see also Jung v. Ass'n of Am. Med. Coll.*, 399 F.Supp.2d 26, 35-36 (D.D.C. 2004) (granting the motion for judgment on the pleadings under Rule 12(c) with respect to 14 of the defendants that had filed answers, even though 15 had not); *see also Johnson*, 463 F.Supp.2d

at 1156 (holding it was inappropriate to deny the individual-defendant's 12(c) motion as premature even though the other two parties had not yet answered because, though it was technically premature and the pleadings had not yet closed, the court found the pleadings were closed with respect to the count involving only the individual-defendant because she filed her answer and the 12(c) motion).

Though the general rule is that the pleadings must be closed as to all parties, this general rule does not account for the same party answering and then moving for a 12(c) motion. Plaintiff's continued reliance on *Lillian B.* is thus misplaced. In *Lillian B.* the party moving for the judgment on the pleadings was the same party that had failed to answer. *Lillian B.*, 631 F.App'x at 853. As a result, the motion for judgment on the pleadings was vacated because, as 12(c) requires, the pleadings must be closed. *Id.*

Here, Plaintiff's own Objection provides, Equifax has answered the Amended Complaint. *See* Objection at 9. Furthermore, Equifax's Motion seeks dismissal of claims solely against Equifax, not on any claims against TD Bank. *See generally* Motion. As a result, the pleadings may be considered closed because Equifax has answered the claim against it. As Judge Reinhart's R&R noted, *Lillian B.*, read within context of Rule 12(c), "permits a party to move for judgment on the pleadings *on a particular matter for relief*, when the pleadings are closed *for that claim*." R.& R. at 4-5. Plaintiff's Objection even acknowledges this Court's discretion to "deviate form the general rule under certain circumstances to consider a Rule 12(c) motion before the closing of the pleadings, the exercise of such discretion by the court is contemplated to be narrow…" Objection at 10. However, Plaintiff's Objection does not allege how Judge Reinhart's R&R abuses such discretion. *Id.*

Furthermore, Plaintiff's Objection wrongly asserts that pleadings are not closed until all defendants have answered, citing *Nationwide Children's Hosp. See Nationwide Children's Hosp., Inc. v. D.W. Dickey &Son, Inc. Emp. Health & Welfare Plan,* 2009 WL 5247486 (S.D. Ohio Dec. 31, 2009). However, Plaintiff's reliance is misplaced as the claims discussed in *Nationwide Children's Hosp.* were the same against all parties. *Id*. at *1. In *Nationwide*, all parties were served counterclaims; one answered, and the other two filed a joint motion to dismiss. *Id.* The party that answered then filed a motion for judgment on the pleadings. *Id.* The court ultimately determined that the pleadings were not closed because the parties who had not answered entered a motion to dismiss on the same counterclaim as the party who had answered and filed the 12(c) motion. *Id.* at *3. *Nationwide Children's Hosp.*, is clearly distinguishable from the instant Motion, as discussed above, the claims were the same against all defendants, but here, the claims asserted against Equifax are not the same as those against TD Bank. Thus, the pleadings can be considered closed as to the claims against Equifax. Plaintiff further references *Habeeba's Dance of the Arts v. Knoblauch*, for the same argument. *Habeeba's Dance of the Arts v. Knoblauch*, No. 2:05-CV-926, 2006 WL 968642 (S.D. Ohio Apr. 10, 2006). Though the court determined in *Habeeba* that the motion for judgment on the pleadings was premature, the court acknowledged that courts maintain discretion in certain circumstances to consider a 12(c) motion before all defendants have answered. *Habeeba*, 2006 WL 968642 at *2. The plaintiff, along with the court in *Habeeba*, states that courts exercise their discretion on 12(c) motions "most notably … when a plaintiff fails to serve a defendant." *Id.* "Most notably" does not imply the courts are resigned to that specific fact pattern when considering a motion for judgment on the pleadings before all defendants have answered, though, and courts maintain discretion to determine the appropriateness of ruling on a motion for judgment on the pleadings. *Id.*

Even if this Court finds the pleadings have not closed as to Equifax, which they have and as discussed above, this Courts may exercise its discretion and rule on Equifax's Motion before all parties have answered. *Whitson*, 2009 WL 1515597 at *4. In *Whitson* the store-defendant answered, but the other defendant had not yet done so. *Id*. The plaintiff in *Whitson* argued that a 12(c) motion cannot be considered until *all* defendants have answered. *Id*. The court rejected that argument because the defendant moving for a 12(c) motion had answered, stating that "it makes no sense to require [a defendant] to wait for co-defendant['s] answer before allowing [the defendant] to file a Rule 12(c) motion." *Id*. Similarly, it makes no sense to make Equifax wait for a ruling on a motion to dismiss involving a co-defendant when that motion will have no dispositive impact against the claims asserted against Equifax. As Judge Reinhart's R&R provides, the court in *Johnson* held that pleadings were closed as to one of three counts because the defendant answered and then moved for judgment on the pleadings on that count, and she was the only defendant named in that count. R&R at 5 (citing *Johnson* at 1156-57). Specifically, not all parties had answered, but the court exercised its discretion and granted the motion for judgment on the pleadings in that case. *Id*.

In further support of this Court's discretion to rule on Equifax's Motion, in *Noel*, two of the defendants had failed to answer, but one had. *Noel*, 1005 WL 2007876, at *1. The court found that courts have exercised their discretion and determined that even though two defendants had not answered the complaint, they could consider, and grant, the defendant's motion on the pleadings. *Id.* at *2-3. It is within this Court's discretion to do the same, even though TD Bank has yet to file an answer. Finally, in *Jung*, the plaintiffs argued the motion for judgment on the pleadings was premature because 15 defendants out of 29 defendants had not yet answered the complaint. *Jung*, 339 F.Supp.2d at 35. The court found it appropriate to proceed with

consideration of the defendants' motion under Rule 12(c) for the defendants that had answered the complaint, holding that the motion was not premature as to any defendant. *Id.* at 35-36. Therefore, the district court is free, in its discretion, to adopt the Magistrate Reinhart's R&R even though TD Bank has not answered, Equifax has and thus Magistrate Reinhart's R&R finding the pleadings are considered closed as to Equifax, and granting the Motion is not inappropriate or an abuse of discretion.

**B.     The Court Should Adopt The Magistrate's R&R Because The R&R Correctly Finds, Consistent With Eleventh Circuit Case Law, Plaintiff's Amended Complaint Fails To Allege A Factual Accuracy In His Consumer Reports As Required To State An FCRA Claim Under § 1681e(b) And  § 1681i.**

First, in the R&R, Magistrate Reinhart addresses Plaintiff's blatant and clear failure to "address Movants' arguments that the Amended Complaint fails to allege a factual inaccuracy in the credit files or credit reports.  For this reason alone, the Motion should be granted." *See* R&R at 7 (citing *Kramer v. Gwinnett Cnty., Ga.*, 306 F.Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed") *cited in Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014); *see also Campbell v. Boies, Schiller, Flexner LLP*, 543 F. Supp. 3d 1334, 1341 (S.D. Fla. 2021) (J. Moore) (failure to address claim constitutes abandonment)).  Plaintiff's Objection fails to rebut this portion of Magistrate Reinhart's R&R.  *See generally* Objection.

Indeed, Magistrate Reinhart does not stop there and continues "even if the claim were not conceded, the Motion should be granted on the merits."   R&R at 6.  Magistrate Reinhart outlines the sparse and limited factual allegations provided in Plaintiff's Amended Complaint and rightfully concludes in "viewing the well-pled allegations in the Amended Complaint in the light most favorable to Mr. Krieger, he alleges that Movants' files falsely said that this mortgage loan with TD Bank was delinquent under the terms of the loan modification." *Id*.  Further,

Magistrate Reinhart correctly concludes Equifax's reliance on *Spector v. Barclays Bank Delaware*, that Plaintiff's claims "TD Bank did not comply with its obligations under the loan modification agreement, which caused the credit reporting agencies to identify his loan as delinquent. As in *Spector*, turns on a legal dispute about the terms of that contractual agreement, not a factual one." *Id*.

This Circuit has consistently held that in order, "To state a claim under § 1681 e(b), a plaintiff must allege that a credit reporting agency's report was inaccurate, the agency failed to follow reasonable procedures to ensure 'maximum possible accuracy of its reports,' and that the failure caused damages to plaintiff." *Spector*, 2021 WL 8918999 at *1 (S.D. Fla. Feb. 10, 2021) (quoting *Enwonwu v. Trans Union, LLC*, 164 Fed. Appx. 914, 918 (11th Cir. 2006)).

Plaintiff is also required to allege inaccurate reporting to maintain § 1681i cause of action. *See Spector* at *2 (citing *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011)). A "reinvestigation" claim "is properly raised when a particular credit report contains a factual deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1911) (emphasis in original).

Case law holds that claims concerning a contractual dispute that requires resolution by a court of law, not a CRA, which do not allege a factual inaccuracy in a credit report, do not contain allegations sufficient to raise a right of relief under the FCRA. *See Batterman v. BR Carroll Glenridge, LLC*, 829 Fed.Appx. 478, 481 (11th Cir. 2020); *Spector v. Barclays Bank Delaware*, Case No. 1:20-cv-24300-UU; 2021 WL 8918999 at *2 (S.D. Fla. Feb. 10, 2021); *Baldeosingh v. Trans Union, LLC*, 2021 WL 1215001 at *3 (M.D. Fla. March 31, 2021);

*Arniella v. Trans Union, LLC*, 2022 WL 2349016 at *3 (S.D. Fla. June 2, 2022); *Creel v. Equifax Info Servs, LLC*, Dkt. No. 1:20-cv-01960-CC-WEJ (N.D. Ga. Nov. 9, 2020).

The instant case is no different and Plaintiff's Objection fails to distinguish this instant case with the facts in *Spector*. Plaintiff alleges his debt is inaccurate, not for a factual reason, but because of his own legal conclusion that TD Bank is adding additional fees, interest and other amounts which are not justified according to the second loan modification. This underlying contractual dispute, the impact it has on TD Bank reporting Plaintiff's mortgage account delinquent to the consumer reporting agencies, and who can determine it, is not a factual inaccuracy, but rather, unequivocally, a legal dispute between Plaintiff and TD Bank. This is a legal question, Equifax had no responsibility, or capability, to resolve.

Plaintiff's Objection provides Magistrate Reinhart:

> misinterprets the applicable facts set forth by Plaintiff, and forms his opinion regarding the nature of Plaintiff's dispute… based on a total of four (4) partial paragraphs (out of 133) contained in Plaintiff's Amended Complaint, three of which are unrelated or otherwise directed to Equifax, holding in the R&R that Plaintiff, has, at most, alleged TD Bank did not comply with its obligations under the loan modification agreement, and as a result thereof, Equifax filed falsely that Plaintiff's mortgage loan with TD Bank was delinquent under the terms of the loan modification agreement.

Objection at 11-12. And by following Plaintiff's logic, "this misinterpretation of fact, the Magistrate erroneously relies on *Spencer v. Barclays Bank Delaware…*" *Id*. Notably, Plaintiff's Objection argues "it is readily apparent that in making the above erroneous finding, the Magistrate failed to either consider or misapplied the well-pled allegations set forth in the Amended Complaint," however, Plaintiff's Objection fails to identify in the Amended Complaint for this Court the "factual inaccuracies contained in Equifax's credit files and reports," facts surrounding Equifax's alleged "failure to conduct a re-investigation after receiving notice from Plaintiff regarding such inaccuracies," and facts in support of Equifax's

"establishment and implementation of reasonable procedures to assure maximum possible accuracy in preparation of Plaintiff's credit reports and credit file." *Id.* As Magistrate Reinhart explicitly states, "Mr. Krieger does not cite to where these disputed facts can be found in the record and I decline to cull the record for facts or arguments not presented by a party." R&R at 6-7 (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Circ. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

In fact, Plaintiff Objection still makes no attempt at all and fails to point to any facts that allege a factual inaccuracy as required by the FCRA in Plaintiff's Amended Complaint and instead directs this Court accept Plaintiff's contention that Equifax violated the FCRA by not having reasonable procedures to prevent TD Bank from reporting the delinquency and for not conducting a reasonable re-investigation of his disputes as facts, when they are nothing more than mere contentions. *Id*. at 12-13. Plaintiff's Objection wrongly and conclusory provides Plaintiff has met his burden of pleading a factual inaccuracy, "such as the amount of Plaintiff's outstanding loan balance, the actually payment amounts made by Plaintiff, Plaintiff's payment history, and Plaintiff's historical account information. and has pled sufficient facts to support a right to relief above a speculative level." *Id*. at 17. However, notably absent from Plaintiff's Objection are any citations to Plaintiff's Amended Complaint in support of same.[4] Further, accepting such a conclusion disregards most of the claims at issue in the Complaint. There is no allegation in the Complaint that TD Bank admitted, or agreed, with Plaintiff's unilateral assessment that TD Bank is overcharging him on his monthly mortgage payments. To the contrary, in addition to the FCRA claims against defendants, Plaintiff stated *10* additional claims

---

[4] In a final effort to salvage his deficient claims in the Amended Complaint, Plaintiff improperly attempts to included documents not referenced nor cited to in his Amended Complaint. *See* ECF 75, Exhibit 1.

13

against TD Bank, each of these claims arose out of the unresolved contractual dispute between Plaintiff and TD Bank.   ECF 11 at ¶¶ 44-96.

As discussed above, Plaintiff's Objection fails to point to any facts in the Amended Complaint which, if true, would entitle him to relief under either FCRA provision and urges this Court to stray from the guidance in *Ashcroft* by construing Plaintiff's allegations in his favor by accepting his legal conclusion as accepted facts. *Ashcraft* v. *Iqbal*, 556 U.S. 662, 679 (2009); *See* ECF 11 ¶¶ 112-114.  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset. Mgmt. v. Jarais*, 297 F.3d 1182, 1188 (11th Cir. 2002). Plaintiff's Objection does nothing to bolster his claims that he has pled the essential elements of a factual inaccuracy required under §§ 1681e(b) and 1681i.  Plaintiff's Objection simply attempts to repackage Plaintiff's Amended Complaint's failure allege a factual inaccuracy as required by the FCRA as new and, simply put, mischaracterizes his own allegations to avoid dismissal.  There was, and still is, a clear legal dispute surrounding the unresolved contractual dispute between Plaintiff and TD Bank.  For the reasons discussed herein, the FCRA does not require Equifax to determine the validity of a contractual or legal dispute.  Accordingly, this Court should adopt Magistrate Reinhart's R&R granting Equifax's Motion.

C. **CONCLUSION**

For the foregoing reasons, Defendant Equifax Information Services LLC respectfully requests that the Court adopt the Report and Recommendation, denying Plaintiff's objection, granting Equifax's Motion For Judgment on the Pleadings and dismiss Plaintiff's Complaint, with prejudice, in its entirety.

1096402601\1\AMERICAS

DATED:  June 9, 2023            Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Jason Daniel Joffe*
    Jason Daniel Joffe
    Florida Bar No. 0013564
    200 S. Biscayne Blvd., Suite 3400
    Miami, FL 33131
    Telephone:  (305) 577-7000
    Facsimile:  (305) 577-7001
    jason.joffe@squirepb.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S UNTIMELY OBJECTION TO REPORT AND RECOMMENDATION ON MOTION FOR JUDGMENT ON THE PLEADINGS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jason Daniel Joffe*
Jason Daniel Joffe
*Counsel for Defendant*
*Equifax Information Services LLC*