UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:22-cv-81037-CANNON/REINHART

MARK KRIEGER,

     Plaintiff,

v.

TD BANK, N.A., a National
Banking      Association,      EQUIFAX
INFORMATION   SERVICES,   LLC,   a
Georgia   Limited   Liability   Company,
EXPERIAN   INFORMATION   SERVICES,
INC.,   an   Ohio   Corporation,   and
TRANSUNION, LLC, a Delaware Limited
Liability Company,

     Defendants.

_____/

## RENEWED JOINT SCHEDULING REPORT AND PROPOSED SCHEDULING ORDER

Pursuant to this Court's Accepting Magistrate Judge's Report and Recommendations [D.E. 79] and Order Requiring Joint Scheduling Report and Certificated of Interested Parties [D.E. 33], Local Rule 16.1, and Fed. R. Civ. P. 16, the Parties hereby jointly submit this Renewed Scheduling Report and Proposed Scheduling Order.

## SCHEDULING REPORT

1.     On July 6, 2023, a telephonic/electronic meet and confer took place between counsel for all parties to this action, to wit: David H. Haft for the Plaintiff, Mark Krieger ("Plaintiff"), and Julian Antony Jackson Fannin and Ryan E. Borneman for Defendant TD Bank, N.A. ("Defendant" or "TD").

126625800.1

**Information Required by S.D. Fla. L.R. 16.1(B)**

(A) **Likelihood of settlement:**   Excluding prior party defendants, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SERVICES, INC., and TRANSUNION, LLC, Plaintiff and Defendant have engaged in preliminary settlement discussions and remain open to the idea of settlement; however, the Parties do not believe that any type of substantive settlement discussions will take place until following the filing of Plaintiff's Second Amended Complaint and the Parties re-engaging in discovery practice, which was previously stayed by the Court.  The Parties believe that following commencement of the above events, that re-attending mediation with former Judge Howard Tescher will be in the best interests of resolving this matter and, as such, the Parties are prepared to participate in good faith in any mediation conference required by the Court.

(B) **Likelihood of appearances in this action of additional parties:**  The Parties do not anticipate the appearances of additional parties; however, the Parties may seek to add additional parties as warranted by the pleadings and factual developments in discovery, and as permitted by applicable law, the rules of civil procedure, the Court's local rules, and the scheduling orders of this Court.

(C) **Proposed limits on the time: (i) to join other parties and to amend the pleadings; (ii) to file and hear motions: and (iii) to complete discovery:**  These deadlines are addressed in the Proposed Scheduling Order, *infra*.

(D) **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**  The Parties anticipate that each of them

will move for summary judgment, on or before the deadline proposed in the Scheduling Order, *infra,* and established by the Court.

(E)     **The necessity or desirability of amendments to the pleadings:** The Parties may amend pleadings on or before the deadlines proposed in the Scheduling Order, *infra,* and established by the Court.  Any additional amendments shall be for good cause, upon leave of Court, if and as permitted under applicable law.

(F)     **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**  The Parties hereby consent to electronic service of discovery requests and responses and other materials which are not required to be filed with the Court.  The Parties do not have any additional specific proposals at this time, but are prepared to work in good faith in discovery to employ available discovery mechanisms to minimize the burden on the Parties and the Court.

(G)     **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**  The Parties do not have any additional specific proposals at this time, but are prepared to work in good faith in discovery to employ available discovery mechanisms to minimize the burden on the Parties and the Court.

(H)     **Suggestions on the advisability of referring matters to a Magistrate Judge or master:**  The Parties unanimously agree and consent, in accordance with 28 U.S.C. § 636(c)(1), to the referral of all matters, including certain discovery disputes and other matters as deemed appropriate by the Court, and the trial and final disposition of this matter by Magistrate Judge.

**(I)** **A preliminary estimate of the time required for trial:** At this time, the Parties believe that a trial in this action may require between 3 and 5 days.

**(J)** **Requested date or dates for conferences before trial, a final pretrial conference and trial:** At this time, the Parties do not believe that any additional conferences beyond the standard Status Conference(s) and Calendar Call to be set by this Court will be necessary; however, depending on the Court's scheduling of the foregoing events, the Parties position(s) may subsequently change with respect to these issues.

**(K)** **Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as to trial-preparation materials, including—if the Parties agree on a procedure to assert those claims after production—whether to ask the Court to include their agreement in an order under the Federal Rules of Evidence 502; and (iii) when the Parties have agreed to use the ESI Checklist available on the Court's website (http://www.flsd.uscourts.gov/), matters enumerated on the ESI Checklist:** The Parties anticipate disclosure of ESI in discovery. ESI materials will be produced in bates-stamped, Adobe PDF format in the first instance. If any party has a specific need for metadata or the production of ESI in any other format, the Parties will work together in good faith to resolve those needs without unduly burdening each other or the Court. The Parties are aware of their obligations to preserve evidence, including ESI, and have taken reasonably necessary steps to do same. The Parties are aware of, and will comply with, the requirements of Local Rule 26.1(e)(2)(B)-(C) with respect to any claim of privilege.

The Parties do not anticipate any ESI preservation issues. Based on the nature of this case, the Parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is

4

appropriate and proportional to the needs of the case.  Once the Parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the Parties believe is necessary.

The Parties agree that there may be a need for discovery in this case to be governed by a protective order.  If the Parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time.  Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  If the Parties disagree concerning the need for, and/or the scope or form of a protective order, the Party or Parties seeking such an order shall file an appropriate motion and supporting memorandum of law.

The Parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.  The Parties agree that following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the Parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and need for privilege logs, as may be applicable.

(L)     **Any other information that might be helpful to the Court in setting this case for status or pretrial conference:**  None at this time.

Respectfully submitted,

/s/ David H. Haft
David H. Haft, Esq.
david.haft@lewisbrisbois.com
Florida Bar No. 68992
Lewis Brisbois Bisgaard & Smith, LLP
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
(954) 728-1280
Counsel for Plaintiff

/s/ _ Julian A. Jackson-Fannin
Julian A. Jackson-Fannin, Esq.
jjfannin@duanemorris.com
Florida Bar No. 93220
Duane Morris LLP
201 S. Biscayne Blvd., Suite 3400
Miami, FL  33131
(305) 960-2200
Counsel for TD Bank, N.A.

/s/ Ryan E. Borneman
Ryan E. Bormeman, Esq.
reborneman@duanemorris.com
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 1901
(215) 979-1105
Counsel for TD Bank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:22-cv-81037-CANNON/REINHART


MARK KRIEGER,

      Plaintiff,

v.

TD BANK, N.A., a National
Banking      Association,      EQUIFAX
INFORMATION    SERVICES,    LLC,    a
Georgia    Limited    Liability    Company,
EXPERIAN    INFORMATION    SERVICES,
INC.,    an    Ohio    Corporation,    and
TRANSUNION, LLC, a Delaware Limited
Liability Company,

      Defendants.

_____/

## JOINT PROPOSED SCHEDULING ORDER

Having considered the Joint Scheduling Report of the Parties, the Court Hereby **ORDERS**

the following:

(A) **Assignment of Case Management Track**:  This Case shall be assigned to the Standard

Track Designation pursuant to S.D. Fla. L.R. 16.1.A.2.

(B) **Pretrial Deadlines.**  The pretrial deadlines in this case, which shall not be modified absent

compelling circumstances, shall be as follows:

| July 17, 2023 | **Deadline for Plaintiff to file its Second Amended Complaint.** |
|---|---|
| 14 days after service of Plaintiff's Second Amended Complaint | **Parties to provide initial disclosures pursuant to Rule 26(a)(1)(A) (if not provided earlier).** |
| **August 31, 2023** | **Deadline for Joinder of Additional Parties.** |
| **September 30, 2023** | **Parties to exchange expert witness summaries and reports.** |

| October 6, 2023 | Parties to exchange rebuttal expert witness summaries or reports. |
|---|---|
| October 31 2023 | All discovery, including expert discovery, shall be completed. |
| November 20, 2023 | The parties must have completed mediation with Judge Howard Tescher and filed a mediation report.  Within five (5) days of the mediation, the parties are required to file a mediation report with the Court. |
| December 11, 2023 | Parties shall file all pre-trial motions, including motions for summary judgment and *Daubert* Motions. |
| February 9, 2024 | The parties shall file the following materials:<br><br>(1) a joint pre-trial stipulation pursuant to Local Rule 16.1(e); (2) a joint exhibit list and a joint trial plan in accordance with the Court's templates available at https://www.flsd.uscourts.gov/content/judge-aileen-m-cannon (under "Civil Procedures" tab); (3) individually filed witness lists and deposition designations (and objections thereto and counter designations); (4) joint proposed jury instructions and verdict form in accordance with the instructions below [or proposed findings of fact and conclusions of law, as applicable]; and (5) any motions in limine (other than Daubert motions).  Each party is limited to filing one motion in limine, which may not, without leave of Court, exceed the page limits allowed by the Rules.  The parties are reminded that motions in limine must contain the Local Rule 7.1(a)(3) certification. |
| March 26, 2024 | Calendar Call |
| April 1, 2024 | Trial |

**DONE AND ORDERED** in Chambers at Fort Piece, Florida this _____ day of July, 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record