UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:22-cv-81037-CANNON/REINHART

MARK KRIEGER,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
TD BANK, N.A. a National　　　　　　　　　)
Banking Association, EQUIFAX　　　　　　　)
INFORMATION SERVICES, LLC, a　　　　　 )
Georgia Limited Liability Company,　　　　　 )
　　　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　　　)
_____　)

**DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S CORRECTED SECOND AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

　　　Defendants, TD BANK, N.A. ("*TD Bank*") and EQUIFAX INFORMATION SERVICES, LLC ("*Equifax*"), collectively referred to herein as "*Defendants*", without waiving and expressly preserving all of their defenses under Fed. R. Civ. P. 12, respectfully submit this Joint Motion for an Extension of Time to respond to Plaintiff's Corrected Second Amended Complaint ("*Amended Complaint*"), [D.E. 85], through and including September 19, 2023 (the "*Motion*"). In support thereof, Defendants state as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

　　　1.　　On July 18, 2023, Mark Krieger ("*Plaintiff*") filed his 125-page, nine-count Amended Complaint against Defendants alleging, *inter alia*, claims for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), negligence – duty to

97665955v.1

accurately report under 26 U.S.C. § 6050H (Count III), negligence – duty to correct mistakes under 26 U.S.C. § 6050H (Count IV), promissory estoppel (Count V), violation of Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (Count VI), violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (Count VII), violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681S-2(B) (Count VIII), and violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681S-2(B) (Count IX – Against Equifax). [D.E. 85].

2. Plaintiff served Equifax with the Summons and Amended Complaint on August 8, 2023.

3. Accordingly, pursuant to the Court's Order Requiring Combined Responses, [D.E. 14], Defendants' combined response to Plaintiff's Amended Complaint is due on or before August 29, 2023. *See also* [D.E. 90].

4. Counsel for Defendants are undertaking a good faith effort to review the facts alleged by Plaintiff along with their respective records to assess the merits of Plaintiff's amended claims. However, given the number and complexity of Plaintiff's amended claims as well as the volume of information needing review, Defendants require a brief extension of time in order to prepare their combined response to Plaintiff's Amended Complaint properly.

5. Therefore, Defendants respectfully requests a three-week extension of time to respond to Plaintiff's Amended Complaint, up to and including September 19, 2023.

6. Defendants submit that this extension of time is not being sought for the purposes of delay.

7. Based upon the following arguments and legal authorities, Defendants respectfully submits that good cause exists and that the Court should grant the relief requested herein.

## MEMORANDUM OF LAW

Based upon the "good cause" factors set forth below, Defendants' Motion should be granted pursuant to Fed. R. Civ. P. 6(b)(1)(A). This rule provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." *Smith v. Conner*, 2013 U.S. Dist. LEXIS 7248, at *2 (M.D. Fla. Jan. 17, 2013) (granting an extension of time for defendants to respond to the amended complaint based on, *inter alia*, "counsel's other pending deadlines"); *see also Cambridge Educ. Ctr., Inc. v. Kim*, 2011 U.S. Dist. LEXIS 163168, at *4 (N.D. Ga. Nov. 10, 2011) (granting motion for extension of time "in light of the Court's policy favoring determination of cases on their merits"); *Jozwiak v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 17221, at *8 (M.D. Fla. 2010) ("Because Plaintiff's Motion to Extend was filed within the deadline for filing a response, the Court may grant an extension of time upon a showing of good cause.").

The requested extension will not prejudice either party here. In this context, "to establish prejudice, the delay must 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Smith*, 2013 U.S. Dist. LEXIS 7248, at *4-5 (*citing* 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699 at 536-37 (2d ed. 1983)). None of these factors are present here.

Further, there are no discovery or trial deadlines that would otherwise be impacted by granting the relief requested herein. *Smith*, 2013 U.S. Dist. LEXIS 7248, at *5 (granting the defendants' motion for an extension of time to respond to the amended complaint "given the early stage of these proceedings," and because any "delay should have little impact on them.").

Precedent from the Southern District of Florida shows that Defendants' slight delay in responding to the Amended Complaint pales in comparison to other circumstances where

extensions were granted. *See*, *e.g.*, *Turner v. RAMO, LLC*, 2011 U.S. Dist. LEXIS 159113 (S.D. Fla. 2011) (finding a ***seven-week*** delay in responding to summary judgment motion did not impact the proceedings); *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, 2018 U.S. Dist. LEXIS 19747, at *11 (S.D. Fla. Feb. 2, 2018) (granting motion for extension of discovery deadline filed ***one month*** after the time expired).

WHEREFORE, based upon the foregoing, Defendants respectfully requests that the Court enter an Order: (1) granting the instant motion; (2) extending the time, through and including September 19, 2023, for Defendants to file their combined response to Plaintiff's Amended Complaint; and (3) granting such other and further relief that the Court deems just and proper.

## LOCAL RULE 7.1(a)(3) PRE-FILING CERTIFICATION

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for TD Bank, on behalf of the Defendants, conferred with Plaintiff's counsel via telephone regarding the relief sought in this Motion. Plaintiff's counsel stated that he lacked the authority to agree to the relief requested herein, but does not object to the request.

Dated this 22nd day of August, 2023.

By: */s/ Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.
Florida Bar No.: 0093220
DUANE MORRIS LLP
201 S. Biscayne Blvd.
Suite 3400
Miami, Florida 33131-4325
Telephone: (305) 960-2253
Facsimile: (305) 402-0544
Email: JJFannin@duanemorris.com
*Attorneys for TD Bank, N.A.*

*Case No. 9:22-cv-81037-CANNON/REINHART*

SQUIRE PATTON BOGGS (US) LLP


By: */s/ Jason Daniel Joffe*
    Jason Daniel Joffe
    Florida Bar No. 0013564
    200 S. Biscayne Blvd., Suite 3400
    Miami, FL 33131
    Telephone: (305) 577-7000
    Facsimile: (305) 577-7001
    jason.joffe@squirepb.com

*Counsel for Defendant*
*Equifax Information Services LLC*

DM1\14431171.2