# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

CASE NO.: 22-cv-81037-CANNON/REINHART

MARK KRIEGER,

     Plaintiff,

v.

TD BANK. N.A., a National Banking
Association, and EQUIFAX INFORMATION
SERVICES, LLC, a Georgia Limited Liability
Company,

     Defendants.

_____/

**TD BANK, N.A. AND EQUIFAX INFORMATION SERVICES, LLC'S COMBINED MOTION TO DISMISS CORRECTED SECOND AMENDED COMPLAINT, AND TD BANK, N.A.'S MOTION TO STRIKE PLAINTIFF'S PRAYER FOR ATTORNEY'S FEES IN COUNTS I-III AND V, AND PLAINTIFF'S JURY DEMAND**

Respectfully Submitted,

*/s/ Jason Daniel Joffe*
_____
Jason Daniel Joffe, Esq.
Florida Bar No. 0013564
SQUIRE PATTON BOGGS (US) LLP
200 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
jason.joffe@squirepb.com

*Counsel for Defendant,*
*Equifax Information Services LLC*

*/s/ Julian A. Jackson-Fannin*
_____
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Harvey W. Gurland, Jr.
Florida Bar No. 284033
DUANE MORRIS LLP
201 S. Biscayne Boulevard, Suite 3400
Miami, FL 33131
Tel: 305.960.2200
jjfannin@duanemorris.com
hwgurland@duanemorris.com

Ryan E. Borneman, Esq.
Admitted *Pro Hac Vice*
30 South 17th Street
Philadelphia PA, 19320
Tel: 215-979-1105
reborneman@duanemorris.com

*Counsel for Defendant, TD Bank, N.A.*

**<u>TABLE OF CONTENTS</u>**

Page

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND AS TO TD BANK .......................4

III.    FACTUAL AND PROCEDURAL BACKGROUND AS TO EQUIFAX.........................8

IV.     MEMORANDUM OF LAW .........................................................................................12

       A.      Legal Standard ................................................................................................ 12

       B.      The Court Should Dismiss Counts III and IV of the Corrected Second
Amended Complaint Because Krieger Essentially Re-Pleads Claims for
Negligence *Per Se* and Florida Law Does Not Recognize a Cause of Action
Where the Underlying Statute Does Not Create Civil Liability ........................... 13

       C.      The Court Should Dismiss Count V of the Corrected Second Amended
Complaint Because Equitable Estoppel is Not a Cause of Action Under
Florida Law....................................................................................................... 15

       D.      The Court Should Dismiss Count VI of the Corrected Second Amended
Complaint Because TD Bank is Entitled to Recover Funds Due for Escrow
Items, and by Entering into Loan Mod 2, TD Bank Did Not Waive Its Right
to Those Amounts ............................................................................................. 17

       E.      The Court Should Dismiss Count VII of Plaintiff's Corrected Second
Amended Complaint Because TD Bank is Not a "Debt Collector" Nor Did
it Engage in any Activity or Omission Prohibited by the FDCPA ...................... 18

       F.      The Court Should Dismiss Counts III-VII of the Corrected Second
Amended Complaint with Prejudice and Without Leave to Amend ................... 20

       G.      The Court Should Dismiss Plaintiff's Corrected Second Amended
Complaint as to Equifax Because It Is Explicitly Barred By The Broad
Doctrine Of *Res Judicata* ..................................................................................... 21

       H.      If The Court Finds Plaintiff's Claim Against Equifax Is Not Barred By *Res
Judicata*, Which It Clearly Is, Dismissal Is Still Appropriate As Plaintiff's
Corrected Second Amended Complaint *Still* Fails To Plead A Factual
Inaccuracy ........................................................................................................ 23

       I.      The Court Should Strike Krieger's Request for Attorney's Fees in Counts
I-III and V of the Corrected Second Amended Complaint .................................. 27

J.     The Court Should Strike Krieger's Jury Demand Because the Court Previously Struck His Jury Demand Finding that He Knowingly and Voluntarily Waived His Right to a Jury Trial .......................................................... 28

V.     CONCLUSION ....................................................................................................... 30

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Ackner v. PNC Bank, Nat'l Ass'n*
2017 WL 7355329 (S.D. Fla. Dec. 22, 2017) ................................................... 28-29

*Anderson v. Apex Fin. Group, Inc.*
2008 WL 2782684 (M.D. Fla. July 16, 2008) .......................................................29

*Arniella v. Trans Union, LLC*
2022 WL 2349016 (S.D. Fla. 2022) ....................................................................24

*Ashcroft v. Iqbal*
556 U.S. 662 (2009).................................................................................... 12, 23

*AT&T Mobility LLC v. Bushman*
2011 WL 5924666 (S.D. Fla. Sept. 23, 2011) ......................................................15

*Baldeosingh v. Trans Union, LLC*
2021 WL 1215001 (M.D. Fla. March 31, 2021)................................................24, 26

*Baptiste v. Comm'r of Internal Revenue*
29 F.3d 1533 (11th Cir. 1994) ...........................................................................21

*Batterman v. BR Carroll Glenridge, LLC*
829 F. App'x 478 (11th Cir. 2020) ................................................................ 24-25

*Beck v. Deloitte & Touche*
144 F.3d 732 (11th Cir. 1998) ...........................................................................12

*Belin v. Litton Loan Servicing, LP*
2006 WL 2061340 (M.D. Fla. July 17, 2006) ...................................................4, 30

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)..........................................................................................12

*Bentley v. Bank of Am., N.A.*
773 F. Supp. 2d 1367 (S.D. Fla. 2011) ...............................................................18

*Cahlin v. Gen. Motors Acceptance Corp.*
936 F.2d 1151 (11th Cir. 1991) .........................................................................23

*Carvalho v. Equifax Info. Servs., LLC*
629 F.3d 876 (9th Cir. 2010) ..................................................................... 1, 24-25

*Chiu v. Colvin*
  2015 WL 12531980 (S.D. Fla. Sept 21, 2015) ..........................................................10

*Concierge Servs., Inc. v. Flagler Holdings VI Beta Inc.*
  2021 WL 3934225 (S.D. Fla. May 27, 2021) ...........................................................16

*Correa v. BAC Home Loans Servicing, LP*
  2012 WL 1176701 (M.D. Fla. 2012) ........................................................................29

*Corsello v. Lincare, Inc.*
  428 F.3d 1008 (11th Cir. 2005) .........................................................................17, 20

*Creel v. Equifax Info. Servs, LLC*
  Case No. 1:20-cv-01960-CC-WEJ (N.D. Ga. Nov. 9, 2020)....................................25

*Davis v. U.S. Steel Supply*
  688 F.2d 166 (3d Cir. 1982)......................................................................................20

*DeAndrade v. Trans Union LLC*
  523 F.3d 61 (1st Cir. 2008).................................................................................24, 26

*Deleplancque v. Nationstar Mortg., LLC*
  2016 WL 406788 (M.D. Fla. Jan. 14, 2016) .............................................................29

*Dellaquila v. Westchester Country Club Homeowner's Assn., Inc.*
  2021 WL 8776797 (S.D. Fla. June 14, 2021) ...........................................................17

*Denan v. TransUnion LLC*
  959 F.3d 290 (7th Cir. 2020) ....................................................................................24

*Ferk v. Mitchell*
  2014 WL 7369646 (S.D. Fla. Dec. 29, 2014) ...........................................................16

*Ferraro v. Wells Fargo N.A.*
  2013 WL 5357109 (M.D. Fla. Sept. 24, 2013)..........................................................29

*Fiora v. Green Tree Servicing, LLC*
  2015 WL 9916717 (S.D. Fla. Oct. 23, 2015).............................................................29

*Fleeger v. Wachovia Bank*
  2013 WL 1760190 (M.D. Fla. Apr. 24, 2013)...........................................................29

*Hancock v. Deutsche Bank Nat'l Trust Co.*
  2006 WL 6319816 (M.D. Fla. 2006) ........................................................................29

*Harrington v. Roundpoint Mortg. Servicing Corp.*
  2016 WL 614578 (M.D. Fla. Feb. 16, 2016) .............................................................29

*Hayes v. U.S. Bank Nat. Ass'n*
   648 F. App'x 883 (11th Cir. 2016) .........................................................................12

*In re Lazarus Holdings, LLC*
   816 F. App'x 417 (11th Cir. 2020) .........................................................................27

*JI-EE Indus. Co. v. Paragon Metals, Inc.*
   2010 WL 1141103 (S.D. Fla. Mar. 23, 2010) ........................................................16

*Jones v. Miami-Dade Cnty.*
   2005 WL 2456884 (S.D. Fla. Apr. 7, 2005) ...........................................................16

*Knight v. Mueller*
   2010 WL 11504340 (S.D. Fla. Jan. 26, 2010) ........................................................16

*Levinson v. Green Tree Servicing, LLC*
   2015 WL 1912276 (M.D. Fla. Apr. 27, 2015) ........................................................30

*Lobo v. Celebrity Cruises, Inc.*
   704 F.3d 882 (11th Cir. 2013) ......................................................................... 20-21

*Madura v. BAC Home Loans Servicing L.P.*
   851 F. Supp. 2d 1291 (M.D. Fla. 2012) ................................................................29

*Maldonado v. U.S. Att'y Gen.*
   664 F.3d 1369 (11th Cir. 2011) ........................................................................ 21-22

*Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*
   992 F.2d 1171 (11th Cir. 1993) .............................................................................12

*Montes v. M & M Mgmt. Co.*
   2015 WL 4077463 (S.D. Fla. July 6, 2015).........................................................12

*Murphy v. Cimarron Mortg. Co.*
   2007 WL 294229 (M.D. Fla. Jan. 29 2007)..........................................................29

*Newton v. Wells Fargo Bank N.A.*
   2013 WL 5854520 (M.D. Fla. Oct. 30, 2013) .......................................................29

*Pantages v. Cardinal Health 200, Inc.*
   2009 WL 2244539 (M.D. Fla. July 27, 2009) .......................................................14

*Pinson v. JPMorgan Chase Bank, Natl. Assn.*
   942 F.3d 1200 (11th Cir. 2019) .............................................................................19

*Pyure Brands, LLC v. Nascent Health Science LLC*
   2019 WL 7945226 (S.D. Fla. Mar. 4, 2019).........................................................21

*Queen For A Day, LLC v. J. Milton & Assoc., Inc.*
    2020 WL 12188440 (S.D. Fla. Aug. 20, 2020)..........................................................................27

*Reese v. JPMorgan Chase & Co.*
    686 F. Supp. 2d 1291 (S.D. Fla. 2009) ...................................................................................19

*Richmond Manor Apts., Inc. v. Certain Underwriters at Lloyd's London*
    2011 WL 13175618 (S.D. Fla. Feb. 28, 2011) ......................................................................15

*Solis v. Global Acceptance Credit Co., L.P.*
    601 F. App'x 767 (11th Cir. 2015) ..................................................................................13, 21

*Weinberg v. Advanced Data Processing, Inc.*
    147 F. Supp. 3d 1359 (S.D. Fla. 2015) ..................................................................................13

*Yeh Ho v. Wells Fargo Bank, N.A.*
    2020 WL 1163473 (S.D. Fla. Mar. 11, 2020).................................................................. 29-30

**FLORIDA CASES**

*Advanced Mktg. Sys. Corp. v. ZK Yacht Sales*
    830 So. 2d 924 (Fla. 4th DCA 2002) .....................................................................................16

*Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship*
    45 So. 3d 897 (Fla. 3d DCA 2010) ................................................................................. 15-16

*Kerivan v. Fogal*
    22 So. 2d 584 (Fla. 1945)........................................................................................................15

*Meyer v. Meyer*
    25 So. 3d 39 (Fla. 2d DCA 2009) ..........................................................................................15

*Sheridan v. Greenberg*
    391 So. 2d 234 (Fla. 3d DCA 1980) ......................................................................................28

*Stockman v. Downs*
    573 So. 2d 835 (Fla. 1991).....................................................................................................27

*W.R. Grace &Co. v. Geodata Servs., Inc.*
    547 So. 2d 919 (Fla. 1989).....................................................................................................16

*Winans v. Weber*
    979 So. 2d 269 (Fla. 2d DCA 2007) ......................................................................................15

**FEDERAL STATUTES**

15 U.S.C. § 1681, *et seq.*....................................................................................................8, 11

15 U.S.C. § 1681i.................................................................................................. 3, 10, 23, 26-27

15 U.S.C. § 1681(i)(a)..........................................................................................22

15 U.S.C. § 1681n.................................................................................................23

15 U.S.C. § 1681o.................................................................................................23

15 U.S.C. § 1681S-2(B)..........................................................................................1

15 U.S.C. § 1692, *et seq*........................................................................................1

15 U.S.C. § 1692a(6)............................................................................................19

15 U.S.C. § 1692e.................................................................................................19

26 U.S.C. § 6050H.............................................................. 1-2, 7, 13-14, 20, 27

**FLORIDA STATUTES**

Fla. Stat. § 559.72...............................................................................................17

Fla. Stat. § 559.72(9)..........................................................................................17

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 8..................................................................................................16

Fed. R. Civ. P. 8(c).............................................................................................12

Fed. R. Civ. P. 12(b)...........................................................................................12

Fed. R. Civ. P. 12(b)(6)........................................................................................1

Fed. R. Civ. P. 12(b)(6)............................................................................. 12-13, 21

Fed. R. Civ. P. 12(f).........................................................................................1, 27

Fed. R. Civ. P. 39................................................................................................28

Fed. R. Civ. P. 39(a)(2).......................................................................................28

Fed. R. Civ. P. 39(a)(2)..........................................................................................1

Defendants, TD Bank, N.A. ("**TD Bank**") and Equifax Information Services, LLC ("**Equifax**") (collectively, "**Defendants**"), pursuant to Rules 12(b)(6), 12(f), and 39(a)(2) of the Federal Rules of Civil Procedure, move to dismiss Plaintiff's Corrected Second Amended Complaint with prejudice and without leave to amend, and TD Bank moves to strike Plaintiff's prayer for attorney's fees in Counts I-III and V of the Corrected Second Amended Complaint as well as Plaintiff's jury demand.[1] In support thereof, Defendants state as follows:

## I.   PRELIMINARY STATEMENT

Plaintiff, Mark Krieger ("**Krieger**"), alleges that TD Bank improperly accounted for the various payments Krieger made against his loan. Based on that simple premise, Krieger brings a 125-page, nine-count Corrected Second Amended Complaint against TD Bank and Equifax. [D.E. 85]. With respect to TD Bank, Krieger asserts claims for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), negligence – duty to accurately report under 26 U.S.C. § 6050H (Count III), negligence – duty to correct mistakes under 26 U.S.C. § 6050H (Count IV), promissory estoppel (Count V), violation of Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (Count VI), violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (Count VII), and violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681S-2(B) (Count VIII). [D.E. 85]. However, Counts III-VII of Krieger's Corrected Second Amended Complaint should be dismissed with prejudice and without leave to amend for multiple reasons.

**First**, 26 U.S.C. § 6050H does not provide Krieger with a private right of action to impose one party to report to the IRS in a particular manner. Because 26 U.S.C. § 6050H does not provide

---

[1] TD Bank respectfully requests twenty (20) days after the Court rules on the Defendants' Combined Motion to Dismiss Plaintiff's Corrected Second Amended Complaint to submit its responsive pleading to Counts I, II, and VIII.

Krieger with a private right of action, Krieger cannot maintain his claims for negligence predicated upon an alleged violation of 26 U.S.C. § 6050H as a matter of Florida law. Krieger also fails to allege any other duty arising under Florida common law.

*Second*, although Krieger styles his claim as being one for promissory estoppel, he actually attempts to plead a claim for equitable estoppel, which is not a cause of action under Florida law. Even still, Krieger's claim for promissory estoppel fails because he cannot avoid the contractual agreements between the parties.

*Third*, Count VI of the Corrected Second Amended Complaint is subject to dismissal because, under Florida Consumer Collection Practices Act, TD Bank is entitled to recover funds due for Escrow Items, and by entering into Loan Mod 2, TD Bank did not waive its right to those amounts.

*Fourth*, Krieger cannot state a claim under the Fair Debt Collection Practices Act because TD Bank is not a "debt collector" under the statute nor did TD Bank engage in any activity or omission prohibited by the Fair Debt Collection Practices Act.

*Fifth*, the Court should dismiss Counts III-VII with prejudice and without leave to amend because no construction of the facts will allow these claims to proceed and further amendment will be futile. Moreover, Krieger was aware of his pleading deficiencies based on TD Bank's prior motions to dismiss his initial and amended Complaints. Yet, Krieger failed to correct any of his prior pleading deficiencies. As such, he cannot demonstrate good cause for further amendment.

*Sixth*, the Court should strike Krieger's prayer for statutory damages and attorney's fees in Counts I-III and V because the Court previously struck Krieger's prayers for attorney's fees and Krieger does not plead any contractual or statutory entitlement to such. [D.E. 57].

**Seventh**, the Court should strike Krieger's demand for jury trial because the Court previously struck Krieger's jury demand and found that he waived his right to such in the Note and Mortgage attached to the Amended Complaint. [D.E. 57].

Moreover, contrary to this Court's Order entering final judgment as to Equifax, astonishingly and without leave, Plaintiff asserts the **exact same** claim against Equifax, which this Court previously dismissed. Plaintiff's Corrected Second Amended Complaint alleges that Equifax negligently and recklessly violated the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681i by incorrectly reporting his TD Bank account as delinquent on his credit files. *See* [D.E. 85]. Plaintiff's Second Amended Complaint is still based on the same facts and the very much live legal dispute between himself and TD Bank wherein Plaintiff asserts that TD Bank is adding additional fees, interest and other amounts which are not justified according to a second loan modification. As discussed in the fully briefed Trans Union and Equifax ("**CRA Defendants**") Joint Motion for Judgment on the Pleadings (the "**Motion**"), Plaintiff failed to plead the necessary factual inaccuracy, and Plaintiff's Second Amended Complaint once again fails. Instead, Plaintiff still presents a legal dispute between Plaintiff and TD Bank, which this Court previously held did not satisfy the requirements of the FCRA. Plaintiff's claims still fail as a matter of law despite the attempt to repackage them anew. Further, Plaintiff's Second Amended Complaint blatantly ignores this Court's Order entering final judgment as to Equifax and asserts the same cause of action that this Court previously dismissed. Plaintiff's Second Amended Complaint sets forth additional facts and provides various documents all in support of the **same claim** that this Court rightfully dismissed previously. Equifax respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint with prejudice as to Equifax, as it is clearly barred by the broad doctrine of *res judicata* and still fails to state a claim.

Accordingly, for the reasons stated herein, TD Bank respectfully submits that the Court should (1) dismiss Counts III-VII of the Corrected Second Amended Complaint with prejudice and without leave to amend; (2) strike Krieger's prayer for attorney's fees in Counts I-III and V of the Corrected Second Amended Complaint; and (3) strike Krieger's jury demand. Similarly, Equifax respectfully submits that the Court should dismiss Plaintiff's Corrected Second Amended Complaint with prejudice as to Equifax, as it is barred by the doctrine of *res judicata* and fails to state a claim against Equifax.

## II.   FACTUAL AND PROCEDURAL BACKGROUND AS TO TD BANK

1.     TD Bank entered into a loan agreement with Krieger on November 20, 2013, in the principal amount of $650,000 (the "***Loan***"). [D.E. 85, ¶11].

### *The Loan Modifications*

2.     The terms of the Loan were amended twice, once on February 19, 2015 ("***Loan Mod 1***") and once on December 7, 2016 ("***Loan Mod 2***"). *Id*. at ¶¶13, 15.

3.     The terms of Loan Mod 2, which loan modification is relevant to this case, are as follows:

   a)   Recast of the balance owing under the Note;
   b)   Retention of the fixed 3.00% interest rate;
   c)   Deferral of payment on $31,692.38 of accrued and uncollected interest under the Mortgage until the Majority Date;
   d)   Modification of the amount of Krieger's monthly payment of principal and interest under the Note and Mortgage (as amended and modified), with such monthly payment, effective as of January 1, 2017, increasing from $2,298.10 to $2,350.46.

*Id*. at ¶16.

4.     TD Bank simultaneously sent a letter confirming the terms of Loan Mod 2 ("***Dec. 7th Letter***"). *Id*. at ¶¶17.

5.      In addition to confirming the terms of Loan Mod 2, the Dec. 7th Letter also informed Krieger that he was required to make a separate monthly payment to TD Bank in the amount of $1,534.90 towards Escrow. *Id*.

*Krieger's Payment History*

6.      Krieger contends that, between January 12, 2017 and December 31, 2018, he paid all amounts due and owing, and made "additional payments in excess of his monthly payment obligations thereunder." *Id*. at ¶¶19-20.

7.      Krieger claims, however, that TD Bank misapplied his monthly mortgage payments by applying them towards a purported Escrow account shortage and other extraneous fees, instead of applying them to principal, interest, and Escrow. *Id*. at ¶21. As a result, Krieger alleges that his account was continuously delinquent and constantly accrued monthly late fees. *Id*.

8.      In order to bring his account into good standing, Krieger alleges that TD Bank continued to increase his monthly payments. ¶¶22-24.

9.      For example, beginning on January 1, 2019, Krieger alleges that his monthly payment was increased to $4,020 per month, which included $356.93 per month toward an Escrow shortage. *Id*. at ¶25.

10.      According to Krieger's allegations, sometime in 2019, TD Bank also began reporting Krieger's account as delinquent to the credit reporting agencies. *Id*. at ¶28.

11.      Between 2019 to the present, Krieger contends he has paid all amounts due and owing and that, due to TD Bank's "erroneous and improper billing and account practices", he has overpaid his mortgage by more than $60,000. *Id*.

12.     Krieger also alleges that, TD Bank continues to misapply his payments, counting each payment as late and continuously subjecting his account to additional fees and charges as a result. *Id*. at ¶29.

*Account Reporting and Correspondence*

13.     In addition to misapplying his payments, Krieger alleges that for tax years 2020 and 2021 TD Bank issued Mortgage Interest Statements (Form 1098-B) containing false and incorrect information. *Id*. at ¶33.

14.     Krieger alleges that he made multiple complaints to TD Bank about its inaccurate account reporting and misapplication of his payments beginning on February 17, 2021, but TD Bank never addressed them. *Id*. at ¶¶34-40.

15.     On June 14, 2022, Krieger sent a letter to TD Bank advising that Krieger believed TD Bank to be in default under the Note and Mortgage and that it had 20 days to cure the defect. *Id*. at ¶41.

16.     To date, Krieger alleges that TD Bank failed to cure its purported defaults. *Id*. at ¶42.

17.     Being unsatisfied with TD Banks's response, Krieger filed his eleven-count Complaint against TD Bank seeking damages he purportedly suffered as a result of TD Bank's alleged defaults on July 15, 2022. [D.E. 1].

18.     On September 12, 2022, TD Bank moved to dismiss Counts III, VI, VII, and VIII of Krieger's initial Complaint, moved to strike Krieger's prayer for statutory damages and attorney's fees in Counts III, IV, V, VI, VII, and VIII of Krieger's initial Complaint, as well as Krieger's jury demand. [D.E. 8].

6

19.     Instead of addressing the pleading deficiencies noted in TD Bank's motion to dismiss and motion to strike, Krieger simply filed a fourteen-count Amended Complaint against TD Bank and three other defendants on October 6, 2022. [D.E. 11]. In doing so, Krieger simply reiterated the exact same unavailing allegations against TD Bank.

20.     TD Bank again moved to dismiss Counts III, VI, VII, and VIII of Plaintiff's Amended Complaint and moved to strike Krieger's demands for statutory damages, attorney's fees, and a jury trial. [D.E. 32].

21.     On April 14, 2023, Magistrate Judge Reinhart entered a Report and Recommendation recommending that the Court grant TD Bank's motions in their entirety. [D.E. 57]. Specifically, Magistrate Judge Reinhart recommended that the Court dismiss Count III (violation of 26 U.S.C. § 6050H), Count VI (negligence *per se* based on the duties imposed by 26 U.S.C. § 6050H) , and Count VIII (failure to comply with RESPA) with prejudice; dismiss Count VII (equitable estoppel) without prejudice; strike Krieger's requests for statutory damages and attorney's fees from Count IV (negligence – duty to accurately report under 26 U.S.C. § 6050H) and Count V (negligence – duty to correct mistakes under 26 U.S.C. § 6050H); and strike Krieger's jury demand for Counts I, II, IV, V, IX, X, and XI.

22.     On June 23, 2023 the Court accepted Magistrate Judge Reinhart's Report and Recommendation and entered an Order consistent with Magistrate Judge Reinhart's recommendations. [D.E. 79].

23.     Thereafter, on July 18, 2023[2], Krieger filed his Corrected Second Amended Complaint against TD Bank and Equifax alleging many of the same claims that the Court

_____

[2] TD Bank notes that Krieger's Second Amended Complaint [D.E. 83] was untimely as it was not filed until July 18, 2023 and the Court ordered Krieger to file the same on or before July 17, 2023.

dismissed previously, along with previously stricken prayers for attorney's fees and a demand for a jury trial. [D.E. 85].

24.     TD Bank now moves to dismiss Krieger's Corrected Second Amended Complaint with prejudice and without leave to amend for the reasons stated in greater detail below.

### III.     FACTUAL AND PROCEDURAL BACKGROUND AS TO EQUIFAX

1.     On October 6, 2022, Plaintiff filed his Amended Complaint, alleging that Equifax, along with Experian Information Solutions, Inc. and Trans Union, LLC, negligently and willfully violated the FCRA, 15 U.S.C. § 1681, *et seq.* by incorrectly reporting his TD Bank account as delinquent on his credit files. *See generally* [D.E. 11].

2.     On November 30, 2022, TD Bank renewed its Motion To Dismiss Plaintiff's Amended Complaint. *See* [D.E. 32]. On January 17, 2023, after TD Banks's Motion was fully briefed, it was referred to Magistrate Judge Bruce E. Reinhart. *See* [D.E. 47].

3.     On April 5, 2023, CRA Defendants filed their Motion, which detailed how Plaintiff's Amended Complaint alleges a purely legal dispute between Plaintiff and TD Bank; namely, that TD Bank is allegedly misinterpreting the terms of the second loan modification and TD Bank has wrongly increased Plaintiff's monthly mortgage payments resulting in Plaintiff not satisfying the minimum monthly payments. *See* [D.E. 53]. Plaintiff's response to Defendants' Motion was due April 19, 2023. S.D. Fla. L.R. 7.1(c)(1).

4.     On April 13, 2023, Magistrate Reinhart issued a Report and Recommendation on TD Bank's Motion To Dismiss that the motion should be granted in part and denied in part. *See* [D.E. 57].

---

[D.E. 79 at pg. 4]. As such, Krieger's Corrected Second Amended Complaint erroneously filed *nunc pro tunc* to July 17, 2023 is also untimely.

5.      On April 25, 2023, Magistrate Reinhart issued an Order to Show Cause after Plaintiff failed to timely respond to CRA Defendants' Motion. *See* [D.E. 62]. The Order to Show Cause provided Plaintiff "shall show cause why he failed to timely respond to the Motion and why this Court should not recommend the District Judge grant the Motion based on his failure to respond [D.E. 53]. Failure to timely respond may result in the Court recommending that the Motion be granted by default." *Id*. at 1-2.

6.      On May 1, 2023, Plaintiff filed a response to the Order to Show Cause and CRA Defendants' Motion.[3] *See* [D.E. 64].

7.      On May 8, 2023, CRA Defendants filed a Joint Reply In Support Of Defendants' Joint Motion For Judgment on the Pleadings that Plaintiff's Response in Opposition to the Motion failed to address the arguments presented in the Motion and further failed to set forth any case law in support that Plaintiff had alleged a factual inaccuracy, which is a necessary element of his FCRA claims against CRA Defendants. *See* [D.E. 68].

8.      On May 9, 2023, Magistrate Reinhart issued a Report and Recommendation **granting** the Motion and enter judgment for CRA Defendants. *See* [D.E. 69].

9.      Magistrate Reinhart's Report and Recommendation (the "***R&R***") granting the Motion explicitly advised that "a party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report

---

[3] Plaintiff's response to the Order to Show Cause provided the untimely filing was due to excusable neglect as both the undersigned counsel and counsel's legal assist, who was out for two weeks due in part to illness and observance of the Jewish Holiday of Passover, both failing to properly calendar the correct motion response deadline. *See* [D.E. 64 ¶¶ 4-6].

and Recommendation." *Id.* at 9. Plaintiff's deadline to file an objection to the R&R was May 23, 2023.[4]

10.     On May 26, 2023, *seventeen* days after the R&R was issued and three days after the deadline to file objections, Plaintiff filed an untimely Objection to Report And Recommendation On Motion For Judgment On The Pleadings (the "***Objection***"). *See* [D.E. 75]. Notably absent from Plaintiff's Objection to the R&R was Plaintiff's basis as to why he failed to timely file his Objection or request leave from this Court to consider his untimely filed Objection, despite Magistrate Reinhart's clear notice to object.[5]

11.     On June 8, 2023, Equifax filed its Response in Opposition to Plaintiff's Untimely Objection setting forth that, while Plaintiff's objection was clearly untimely, that Magistrate Reinhart's R&R correctly found the pleadings were closed as to Equifax and also correctly found, consistent with Eleventh Circuit case law, Plaintiff's Amended Complaint fails to allege a factual inaccuracy in his consumer reports as required to state an FCRA claim under section § 1681 e(b) and § 1681i. *See* [D.E. 77].

12.     On June 23, 2023, Judge Cannon issued an Order Accepting Magistrate Judge's Report and Recommendations granting Equifax's Joint Motion for Judgment on the Pleadings. *See* [D.E. 79]. In this Court's Order, Judge Cannon opined, in relevant part "[t]o the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so

---

[4] On May 12, 2023, Trans Union and Plaintiff settled during mediation. *See* [D.E. 73].

[5] "It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's finding contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level." *Chiu v. Colvin*, 2015 WL 12531980, *1 (S.D. Fla. Sept 21, 2015) (quoting *United States v. Pilati*, 627 F.3d 1360, 1365 (11th Cir. 2010)).

long as there is no clear error on the fact of the record." *See id* at 2-3 (quoting *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Rightfully, Judge Cannon concluded:

> although Plaintiff filed objections to the Second Report, Plaintiff did so after the deadline to do so expired despite being warned of the objection deadline and the consequences of failing to file timely objections [ECF No. 69, p. 9; ECF No. 75]. The Court thus declines to consider Plaintiff's untimely objections. *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th Cir. 2007) (affirming district court's decision not to consider a plaintiff's untimely objections to a report and recommendation on costs; 11th Cir. R. 3-1.

*See* [D.E. 79, pg. 3]. Accordingly, "[t]he Joint Motion for Judgment on the Pleadings [ECF No. 53] is **GRANTED**. **Judgment in favor of Equifax Information Solutions [sic], LLC on Count XII will be entered by separate order**." *Id*. at 4. Judge Cannon's Order Accepting Magistrate Judge's Report and Recommendation did not provide Plaintiff leave to file an amended complaint as to Equifax. *See generally id*.

13.     On June 26, 2023, final judgment as to Equifax was entered providing "[j]udgment is entered in favor of Defendant Equifax Information Services, LLC and against Plaintiff Mark Krieger as to Count XII of the Second [sic] Amended Complaint. . . . The Clerk of the Court shall **TERMINATE** Equifax Information Services, LLC as a Defendant in this matter." *See* [D.E. 80].

14.     On June 26, 2023, Equifax was terminated from the instant action. *See id*.

15.     On July 18, 2023, contrary to this Court's Order entering final judgment as to Equifax, Plaintiff, astonishingly and without leave, improperly filed a Corrected Second Amended Complaint asserting the ***exact same claim*** against Equifax, which this Court previously dismissed, alleging that Equifax negligently and recklessly violated the FCRA, 15 U.S.C. § 1681, *et seq.* by incorrectly reporting his TD Bank account as delinquent on his credit files. *See* [D.E. 85].

16.     Plaintiff's Second Amended Complaint boldly attempts to repackage Plaintiff's **failed** Amended Complaint as new and untimely attempts to cure the deficiencies of his previously

dismissed Amended Complaint providing factual allegations in support of his claim that Equifax incorrectly reported his TD Bank account as delinquent on this credit files.

17.     Accordingly, this Court should dismiss Plaintiff's improper Corrected Second Amended Complaint against Equifax, with prejudice, in its entirety as it is barred by *res judicata* and ***still*** fails to state a claim upon which relief may be granted.

## IV.     <u>MEMORANDUM OF LAW</u>

### A.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) (quotation omitted). Additionally, "'[a] court is generally limited to reviewing what is within the four corners of the complaint.'" *Hayes v. U.S. Bank Nat. Ass'n*, 648 F. App'x 883, 887 (11th Cir. 2016) (quotation omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above a speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950; *Montes v. M & M Mgmt. Co.*, 2015 WL 4077463, at *1 (S.D. Fla. July 6, 2015).

Moreover, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "Although *res judicata* is not a defense under Rule 12(b), and generally should be raised as an affirmative defense under Rule 8(c), Fed. R. Civ. P., it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the Complaint." *Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015) (citing *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982)).

**B.**     **The Court Should Dismiss Counts III and IV of the Corrected Second Amended Complaint Because Krieger Essentially Re-Pleads Claims for Negligence *Per Se* and Florida Law Does Not Recognize a Cause of Action Where the Underlying Statute Does Not Create Civil Liability**

In Counts III and IV of the Corrected Second Amended Complaint, Krieger essentially re-pleads his previously dismissed claim for negligence *per se* as two separate common law negligence claims predicated upon TD Bank's purported breach of its duty to accurately report and to correct mistakes under 26 U.S.C. § 6050H. Indeed, Krieger's allegations in Count III are virtually identical to the allegations in his dismissed negligence *per se* claim. *See* **Exhibit A**. More importantly, Krieger does not plead any other duty arising under Florida common law. As such, despite the change in nomenclature, Krieger's negligence claims fail for the same reason his negligence *per se* claim failed, in that there is no private right of action under 26 U.S.C. § 6050H.

This Court previously found that there is no private right of action under 26 U.S.C. § 6050H and found the decision in *Rovai v. Select Portfolio Servicing, Inc.* to be persuasive. 2015 WL 3613748, at *1–2 (S.D. Cal. May 11, 2015) ("It is possible that the 1098 forms, if inaccurate, ***are challengeable with the IRS*** or under a common law theory, ***but 26 U.S.C. § 6050H does not itself create a private cause of action against the mortgagor***." (emphasis added)). "Florida courts have

refused to recognize a private right of action for negligence *per se* based on an alleged violation of a federal statute that does not provide for a private right of action." *Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1365–66 (S.D. Fla. 2015) (quoting *Stevens v. Danek Medical, Inc.*, 1999 WL 33217282, at *5-6 (S.D. Fla. 1999) (citing *Jupiter Inlet Corp. v. Brocard*, 546 So. 2d 1, 2–3 (Fla. 4th DCA 1998) ("OSHA [Occupational Safety and Health Act] does not provide the basis for a private right of action . . . . [Thus,] violation of OSHA does not constitute *per se* negligence" (alteration in original)))); *Pantages v. Cardinal Health 200, Inc.*, 2009 WL 2244539, at *3 (M.D. Fla. July 27, 2009) ("Plaintiff's claim fails to state a cause of action for which relief can be granted because Florida law does not recognize a claim based upon a theory of negligence *per se* claim for an alleged violation of this particular federal regulation. Accordingly, because there is no set of facts which Plaintiff could offer that could establish a claim for negligence *per se* based upon this federal regulation, Count VI is due to be dismissed."); [D.E. 57 and 79]. As Magistrate Judge Reinhart correctly summarized, "a federal statute that creates a duty to protect can be the basis for a negligence *per se* claim, but only it if also creates a private right of action." [D.E. 57, pg. 3].

Undoubtedly, Krieger attempts to apply the holding in *Rovai* literally by asserting a "common law theory" of negligence against TD Bank. However, Krieger's efforts land wide of the mark for two reasons: (1) the *Rovai* court did not identify a specific common law theory under which a plaintiff could challenge inaccurate Form 1098s; and (2) the *Rovai* court did not hold that a plaintiff, as here, could simply title what are otherwise negligence *per se* claims as negligence claims in order to avoid dismissal. It is clear from the analysis above that 26 U.S.C. § 6050H does not provide a private right of action to Krieger. As such, his negligence (*per se*) claims predicated

upon alleged violations of 26 U.S.C. § 6050H fail as a matter of Florida law and the Court should dismiss Counts III and IV of the Corrected Second Amended Complaint with prejudice.

**C.     The Court Should Dismiss Count V of the Corrected Second Amended Complaint Because Equitable Estoppel is Not a Cause of Action Under Florida Law**

Although styled as a claim for promissory estoppel, Krieger, once again, attempts to plead a claim for equitable estoppel, which is evident from his prayer for relief requesting the Court "otherwise enforce[e] Defendant TD's promises made to Plaintiff . . . ." [D.E. 85, pg. 20]; *see also AT&T Mobility LLC v. Bushman*, 2011 WL 5924666, at *2 (S.D. Fla. Sept. 23, 2011)(It is well settled that "the 'nature of a pleading' is determined by its 'substance, not its label.'"). However, equitable estoppel is a defense under Florida law—*not* a cause of action. Further, even if Count V could be read to set forth a claim for promissory estoppel (which it cannot), the claim still fails as a matter of law because Krieger references, and thereby incorporates, the terms of an express agreement between the parties—*i.e.*, Loan Mod 2.

"Equitable estoppel is a defense in Florida." *Richmond Manor Apts., Inc. v. Certain Underwriters at Lloyd's London*, 2011 WL 13175618, at *5 (S.D. Fla. Feb. 28, 2011); *Meyer v. Meyer*, 25 So. 3d 39, 43 (Fla. 2d DCA 2009) ("In this state, equitable estoppel is a defensive doctrine rather than a cause of action.") (quoting *Agency for Health Care Admin. v. MIED, Inc.*, 869 So. 2d 13, 20 (Fla. 1st DCA 2004)); *see also Kerivan v. Fogal*, 22 So. 2d 584, 586 (Fla. 1945). A defense of equitable estoppel requires:

> (1) the party against whom the estoppel is sought must have made a representation about a material fact that is contrary to a position it later asserts; (2) the party claiming estoppel must have relied on that representation; and (3) the party seeking estoppel must have changed his position to his detriment based on the representation and his reliance on it.

*Winans v. Weber*, 979 So. 2d 269, 274-275 (Fla. 2d DCA 2007) (quoting *Watson Clinic, LLP v. Verzosa*, 816 So. 2d 832, 834 (Fla. 2d DCA 2002)).

In contrast to equitable estoppel, Florida recognizes an affirmative estoppel claim under the doctrine of promissory estoppel. *Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship*, 45 So. 3d 897, 906 (Fla. 3d DCA 2010) ("Florida recognizes the cause of action for promissory estoppel."). The elements of a claim of promissory estoppel are:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

*W.R. Grace & Co. v. Geodata Servs., Inc.*, 547 So. 2d 919, 924 (Fla. 1989) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 90 (1979)); *see also Coral Reef Drive Land Dev.*, 45 So. 3d at 906.

Importantly, "the doctrine of promissory estoppel is unavailable where the promise sought to be enforced is governed by a written contract between the parties." *Concierge Servs., Inc. v. Flagler Holdings VI Beta Inc.*, 2021 WL 3934225, at *4 (S.D. Fla. May 27, 2021) (quotation omitted). "Although a party is permitted to plead alternative and inconsistent theories of recovery pursuant to Federal Rule of Civil Procedure 8, [w]hen neither side disputes the existence of a valid contract, the doctrine of promissory estoppel does not apply, even when it is asserted in the alternative." *Id*. (citing *Stoncor Grp., Inc. v. Airplan USA Corp.*, 2017 WL 6542491, at *2 (S.D. Fla. Dec. 21, 2017) (internal quotation and citation omitted) (alternation in original)); *see also Ferk v. Mitchell*, 2014 WL 7369646, at *2 (S.D. Fla. Dec. 29, 2014) (explaining that a plaintiff cannot simultaneously allege the existence of a contract and seek equitable relief if a defendant admits the existence of an express contract); *Jones v. Miami-Dade Cnty.*, 2005 WL 2456884, at *10 (S.D. Fla. Apr. 7, 2005) (same). This is because "'[p]romissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of contract.'" *Advanced Mktg. Sys. Corp. v. ZK Yacht Sales*, 830 So. 2d 924, 928 (Fla. 4th DCA 2002) (quotation omitted); *JI-EE Indus. Co. v. Paragon Metals, Inc.*, 2010 WL

1141103, at *1 (S.D. Fla. Mar. 23, 2010) ("There can be no unjust enrichment or promissory estoppel claim when there is an express contract between the parties.").

Here, it is clear that Krieger is seeking equitable estoppel, which is not a cause of action under Florida law. Further, because he refers to, and thereby incorporates, the terms of the express agreement between the parties—*i.e.*, Loan Mod 2—Krieger cannot maintain a claim for promissory estoppel either. *Knight v. Mueller*, 2010 WL 11504340, at *2 (S.D. Fla. Jan. 26, 2010) ("A plaintiff can plead himself out of court by pleading facts that undermine his case."). More importantly, there is no dispute regarding the existence or validity of the mortgage, note, or loan modification agreements attached to Krieger's Corrected Second Amended Complaint and incorporated into Count V. Therefore, a claim for promissory estoppel cannot lie as a matter of law. Krieger was aware of this pleading deficiency in his initial and amended Complaints and failed to correct it in his Corrected Second Amended Complaint. Additionally, no construction of the facts (as initially alleged and twice amended) give rise to a claim for promissory estoppel. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). As such, Count V of the Corrected Second Amended Complaint should be dismissed with prejudice.

**D.    The Court Should Dismiss Count VI of the Corrected Second Amended Complaint Because TD Bank is Entitled to Recover Funds Due for Escrow Items, and by Entering into Loan Mod 2, TD Bank Did Not Waive Its Right to Those Amounts**

Krieger cannot establish a claim under Florida's Consumer Collection Practices Act ("**FCCPA**"), codified at Fla. Stat. § 559.72, because TD Bank attempted to collect only the amounts it was owed pursuant to the terms of the Mortgage, Loan, and Modifications. Under Section 559.72 of the FCCPA, a debt collector may not "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate . . . ." Fla. Stat. § 559.72(9). To prevail on a claim for a violation of Section 559.72(9), a plaintiff must show that the debt collector: "(1) asserted a legal right that did not exist and (2) that the person had actual knowledge that the right

did not exist." *Dellaquila v. Westchester Country Club Homeowner's Assn., Inc.*, 2021 WL 8776797, at *6 (S.D. Fla. June 14, 2021) (internal quotations omitted) (citing *Finster v. U.S. Bank Nat'l Ass'n*, 245 F. Supp. 3d 1304, 1318 (M.D. Fla. 2017), *aff'd*, 723 F. App'x 877 (11th Cir. 2018)).

Here, Krieger alleges that TD Bank violated the FCCPA because it demanded that Krieger pay down the Escrow Shortage. [D.E. 85, ¶71] ("Defendant TD knew that it was not entitled to collect amounts under the Note and Mortgage (as amended and modified) that were otherwise subsumed or addressed by the terms of the Loan Modification #2, but nevertheless repeatedly sent Plaintiff notices demanding that Plaintiff make payment of such amounts[.]"). However, the plain language of Loan Mod 2 belies this allegation, as its terms leave amounts due in escrow untouched:

> Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, ***escrow items***, impounds, and all other payments that Borrower is obligated to make under the Security Instrument[.]

(Exhibit D, ¶ 4) (emphasis added). Pursuant to Section 3 of the Mortgage, TD Bank is entitled to recover funds due for Escrow Items, and by entering into Loan Mod 2, TD Bank did not waive its right to those amounts. Accordingly, in demanding payment for the Escrow Shortage, TD Bank was not asserting a legal right that did not exist. Rather, TD Bank was seeking to collect what it was owed under the terms of the Mortgage. Therefore, the Court should dismiss Count VI of Plaintiff's Corrected Second Amended Complaint with prejudice.

**E.     The Court Should Dismiss Count VII of Plaintiff's Corrected Second Amended Complaint Because TD Bank is Not a "Debt Collector" Nor Did it Engage in any Activity or Omission Prohibited by the FDCPA**

Krieger cannot succeed on a claim that TD Bank violated the Fair Debt Collection Practices Act ("***FDCPA***") for two reasons: (1) TD Bank is not a debt collector, and (2) TD Bank did not engage in any act or omission prohibited by the FDCPA. "In order to prevail on an FDCPA claim,

a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011) (internal quotation omitted).

TD Bank, as the creditor that originated the Loan and being owed the amounts lent thereunder, is not a debt collector under the FDCPA. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due ***another***." 15 U.S.C. § 1692a(6) (emphasis added). Creditors collecting their own debt therefore do not qualify as debt collectors under the FDCPA. *See Pinson v. JPMorgan Chase Bank, Natl. Assn.*, 942 F.3d 1200, 1209 (11th Cir. 2019) ("The FDCPA ordinarily does not apply to creditors trying to collect their own debt."); *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009) ("Under the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned."). Krieger thus cannot prevail against TD Bank for a claimed violation of the FDCPA.

Moreover, TD Bank sought payment only for those amounts it was owed pursuant to the express terms of the Mortgage, Loan, and Modifications, and Krieger therefore cannot prevail on an FDCPA claim by alleging that TD Bank "us[ed] false representations and deceptive means in attempting to collect unlawful amounts from Plaintiff, in addition to falsely representing the legal status of character of the debt under the Note and Mortgage (as amended and modified)." [D.E. 85, ¶75]; *see also* 15 U.S.C. § 1692e (identifying "[t]he false representation of . . . the character, amount, or legal status of any debt" as a "false, deceptive, or misleading representation" prohibited

by the FDCPA). TD Bank did not falsely represent the character, amount, or legal status of any debt because the Escrow Shortage was not impacted by Loan Mod 2, and Krieger cannot and has not otherwise identified any payment that was not requested and applied in accordance with the terms of the Mortgage, Note, and Modifications. Accordingly, the Court should dismiss Count VII of Plaintiff's Corrected Second Amended Complaint with prejudice.

**F.      The Court Should Dismiss Counts III-VII of the Corrected Second Amended Complaint with Prejudice and Without Leave to Amend**

TD Bank seeks to dismiss Counts III-VII of Krieger's Corrected Second Amended Complaint with prejudice because there is no set of facts upon which Krieger can state a private cause of action under 26 U.S.C. § 6050H or bring a negligence claims predicated on an alleged violation of the same federal statute, or ignore the existence of the parties' agreements to state a claim for promissory estoppel, or present facts that demonstrate violations of the FCCPA and FDCPA. Krieger was also on notice of the pleading deficiencies contained in his initial and amended Complaints by virtue of TD Bank's motions to dismiss, yet he failed to address or correct any of them. Instead, Krieger simply reiterated the same unavailing allegations against TD Bank almost verbatim and just re-titled his claims.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello*, 428 F.3d at 1014. However, leave to amend is not warranted "where there has been . . . [a] repeated failure to cure deficiencies by amendments previously allowed; . . . or [] where amendment would be futile." *Id.*

Because Krieger failed to correct his prior pleading deficiencies and because further amendment in this instance will be futile, dismissal with prejudice is appropriate.

**G.**     **The Court Should Dismiss Plaintiff's Corrected Second Amended Complaint as to Equifax Because It Is Explicitly Barred By The Broad Doctrine Of *Res Judicata***

Plaintiff's Corrected Second Amended Complaint should be dismissed because it is clearly barred by the doctrine of *res judicata* or claim preclusion, which "bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). Notably, "'*res judicata*… relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication.'" *Davis v. U.S. Steel Supply,* 688 F.2d 166, 174 (3d Cir. 1982) (*en banc*) (citations omitted) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "The doctrine of *res judicata* on the merits is conclusive as to the rights and responsibilities of the parties and their privies." *Baptiste v. Comm'r of Internal Revenue*, 29 F.3d 1533, 1539 (11th Cir. 1994)." Further, "*res judicata* constitutes an absolute bar to the subsequent judicial proceedings involving the same cause of action." *Id*.

To assert a *res judicata* defense, a party must demonstrate: "(1) the prior decision [was] rendered by a court of competent jurisdiction; (2) there [was] final judgment on the merits; (3) both cases [ ] involve[d] the same parties or their privies; and (4) both cases [ ] involve[d] the same causes of action." *Lobo* at 892. When considering the fourth element, "two cases are generally considered to involve the same cause of action if the latter case 'arises out of the ***same*** nucleus of operative fact, or is based upon the ***same*** factual predicate,' as the former one." *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). Further, as discussed above, *res judicata* "may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the fact of the complaint." *Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015).

Here, Plaintiff's Corrected Second Amended Complaint is clearly barred by *res judicata* as all four elements are unequivocally met. First, this Court is a court of competent jurisdiction and Plaintiff cannot provide otherwise. Second, case law is clear that "a judgment on the pleadings is a decision on the merits 'where there is no material facts in dispute and the moving party is entitled to judgment as a matter of law.'" *Pyure Brands, LLC v. Nascent Health Science LLC*, 2019 WL 7945226 *2 (S.D. Fla. Mar. 4, 2019) (quoting *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005)). As discussed above, District Judge Cannon's Order adopting Magistrate's Reinhart's R&R granting Equifax's Motion for Judgment on the Pleadings dismissing Plaintiff's claims against Equifax was a final judgment on the merits. *See* [D.E. 79]. Judge Cannon's Order **did not** provide Plaintiff leave to file an amended complaint as to Equifax. *See generally id*. On June 26, 2023, final judgment as to Equifax was entered providing "[j]udgment is entered in favor of Defendant Equifax Information Services, LLC and against Plaintiff Mark Krieger as to Count XII of the Second Amended Complaint [sic]… The Clerk of the Court shall **TERMINATE** Equifax Information Services, LLC as a Defendant in this matter." *See* [D.E. 80]. The final judgment entered operated as a final adjudication on the merits as to Count XII against Equifax. Third, the record is quite clear that the parties are the same from Plaintiff's Amended Complaint and Plaintiff's Second Amended Complaint: Plaintiff Mark Krieger and Defendant Equifax Information Services LLC. This Court's record is sufficient to determine that the parties are the blatantly the same. Finally, both Plaintiff's Amended Complaint and Plaintiff's Second Amended Complaint allege that Equifax negligently and recklessly violated the FCRA, 15 U.S.C. § 1681(i)(a) by incorrectly reporting his TD Bank account as delinquent on his credit files. *Compare* [D.E. 11, ¶113] *with* [D.E. 85, ¶96]. Notably, Count XII alleged against Equifax in Plaintiff's Amended Complaint is nearly identical to Count IX alleged against Equifax in Plaintiff's

22

Corrected Second Amended Complaint. *Id*. There is no dispute, the factual basis for the Count XII and Count IX are the exact same: Equifax's reporting of Plaintiff's TD Bank account and, therefore, arise out of the ***same*** nucleus of operative fact. *Maldonado* at 1375. Plaintiff cannot allege otherwise. Plaintiff's Corrected Second Amended Complaint simply attempts to repackage Plaintiff's failed and previously dismissed Amended Complaint as new. Further, filing a Second Amended Complaint reasserting the exact claim against Equifax is not the proper vehicle for rehashing previously dismissed allegations or reasserting matters that could have been pled previously. Plaintiff's Corrected Second Amended Complaint simply attempts to regurgitate the ***same*** factual allegations and the ***same*** claim against Equifax in direct contradiction with this Court's previous findings. Accordingly, Plaintiff's claim against Equifax in the Second Amended Complaint is barred by the doctrine of *res judicata* and cannot be raised again. Therefore, Equifax requests this Court dismiss Plaintiff's Second Amended Complaint Count IX with prejudice.

**H.** **If The Court Finds Plaintiff's Claim Against Equifax Is Not Barred By *Res Judicata*, Which It Clearly Is, Dismissal Is Still Appropriate As Plaintiff's Corrected Second Amended Complaint *Still* Fails To Plead A Factual Inaccuracy**

To establish a prima facie case against Equifax, Plaintiff must identify a ***factual*** inaccuracy in Equifax's reporting, as well as the other essential elements of his § 1681e(b) and § 1681i claims.[6] "To state a claim under § 1681e(b), a plaintiff must allege that a credit reporting agency's report was inaccurate, the agency failed to follow reasonable procedures to ensure 'maximum possible accuracy of its reports,' and that the failure caused damages to plaintiff." *Spector v. Barclays Bank*

---

[6] Plaintiff vaguely stated that Equifax was liable for punitive damages for willfulness, and in the alternative, negligently under 15 U.S.C. §§ 1681n and 1681o. [D.E. 85, ¶99]. However, Plaintiff failed to allege any facts that, if true, would entitle him to relief under either FCRA provision. *Iqbal*, 556 U.S. at 679.

*Delaware*; 2021 WL 8918999 at \*1 (S.D. Fla. Feb. 10, 2021) (quoting *Enwonwu v. Trans Union, LLC*, 164 F. App'x 914, 918 (11th Cir. 2006)).

Likewise, Plaintiff is also required to allege inaccurate reporting to maintain § 1681i cause of action. *See Spector* at \*2 (citing *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011)). Notably, a "reinvestigation" claim "is properly raised when a particular credit report contains a factual deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991). Courts in this Circuit have held that a consumer fails to establish a factual inaccuracy in a consumer reporting agency's reporting when merely asserting a challenge to the legal validity of a reported debt. *Baldeosingh v. Trans Union, LLC*, 2021 WL 1215001 at \*3 (M.D. Fla. March 31, 2021). It is well established that CRAs are not legal tribunals and are not required to resolve contractual disputes. *See Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 481 (11th Cir. 2020) (affirming the district court that plaintiff's "complaint concerns a contractual dispute that requires resolution by a court of law, not a credit reporting agency. As such, the complaint does not allege a factual inaccuracy in the credit reports and does not contain allegations sufficient to raise a right to relief on [plaintiff's] FCRA claims.); *see also Denan v. TransUnion LLC*, 959 F.3d 290, 296 (7th Cir. 2020); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66-68 (1st Cir. 2008).

Indeed, courts in this Circuit have unanimously held that claims concerning a contractual dispute that requires resolution by a court of law, not a consumer reporting agency, which do not allege a factual inaccuracy in a credit report, do not contain allegations sufficient to raise a right of relief under the FCRA. *Batterman*, 829 F. App'x at 481 (Court of Appeals held that appellant's

complaint did not contain sufficient allegations to raise a right to relief under the FCRA because the complaint contained a contractual dispute about whether plaintiff lawfully terminated his lease); *Spector*, 2021 WL 8918999 at *2 (Plaintiff's allegation of inaccurate reporting was predicated on a contractual dispute with parties other than the CRA defendants, wherein plaintiff contended that he was contractually entitled to a refund for his Barclays account); *Arniella v. Trans Union, LLC*, 2022 WL 2349016 at *3 (S.D. Fla. 2022) (Plaintiff's action was collateral to the underlying dispute which Trans Union was not in a position to resolve because his claims were contractual in nature, hinged on the validity of his agreement with JP Morgan Chase Bank and whether the bank upheld its duties under that agreement); *Baldeosingh*, 2021 WL 1215001 at *3 (Plaintiff failed to assert any information that Trans Union included in his credit report was factually inaccurate as required to state a claim under the FCRA, and instead, plaintiff's suit implicitly challenged the legal validity of a reported debt which Trans Union is not required to resolve); *Creel v. Equifax Info. Servs, LLC*, Case No. 1:20-cv-01960-CC-WEJ (N.D. Ga. Nov. 9, 2020) (Plaintiff alleged he did not have a contractual relationship with Verizon and, thus, did not owe a wireless termination fee. The court held "Plaintiff's dispute is not fit for resolution by credit reporting agencies, as it would require the resolution of legal issues."). On its face, Plaintiff's Second Amended Complaint again falls short of this standard and Plaintiff simply attempt to repackage his purely *legal* dispute with TD Bank as a *factual* dispute. Once again, Plaintiff's Second Amended Complaint does not contain sufficient allegations to raise right to relief under the FCRA. *Batterman*, 829 F. App'x at 481-82; *Carvalho*, 629 F. 3d at 891-92.

As provided above, Plaintiff's Second Amended Complaint attempts to repackage his previously dismissed *legal* dispute claim against Equifax as a factual dispute, but Plaintiff's inaccuracy claims are still meritless. This Court's record reflects there is currently a very live

active legal dispute between Plaintiff and TD Bank. The case law in this Circuit is clear, Equifax is not required to take Plaintiff's legal position as to how *multiple* legal documents and correspondence should be interpreted. As evidenced in Plaintiff's Seconded Amended Complaint, in order for Equifax to determine if Plaintiff was delinquent on his payments to TD Bank, it would have to review and interpret several legal documents and conclude what escrow payments and fees, deferred interest, and "other amounts" should be included in Plaintiff's monthly mortgage payments, fees, and ultimately if Plaintiff paid the correct amount due in a timely manner. Plaintiff intended Equifax to make a legal determination and adopt his position that TD Bank should not have increased his payments by adding escrow payments and fees, deferred interest, and "other amounts" to this monthly mortgage payment, which case law holds, Equifax is not required to do. Therefore, Plaintiff once again has failed to plead a factual inaccuracy and Plaintiff's § 1681i claim still fails.

Again, Plaintiff never alleged that TD Bank conceded that his monthly payment amount was correct, and therefore, he was not delinquent in his monthly mortgage payments. He admits that the amount and delinquency are in dispute. *See* [D.E. 85, ¶¶ 23-24]. Specifically, he provides that TD Bank is charging him too much in monthly payments contrary to the terms of several legal documents which is ultimately causing him to be delinquent. [D.E. 85, ¶¶ 24-30]. In fact, Plaintiff and TD Bank were in a previous legal dispute concerning his alleged failure to pay even before the Second Loan Modification which resulted in TD Bank filing a foreclosure lawsuit against Plaintiff. *See* [D.E. 85, ¶14]. Plaintiff asserts that the claims in the foreclosure lawsuit were resolved by entering into Loan Mod 2. *See* [D.E. 85, ¶15].

Plaintiff does not plead a factual inaccuracy; instead, he once again asserts that TD Bank is overcharging him on his monthly mortgage payments. Indeed, Equifax is not required to, nor

could it, decipher the terms of Plaintiff's agreements with TD Bank, determine the enforceability

of the agreements; and, what effect, if any, the underlying unresolved contractual dispute has on

Plaintiff's TD Bank tradeline. Plaintiff's Seconded Amended Complaint presents this Court with

nothing more than a contractual dispute which Equifax is not required to adjudicate. *Baldeosingh*,

2021 WL 1215001 at *3. Plaintiff's theory of inaccuracy on whether TD Bank correctly calculated

and increased his monthly mortgage payments based on the applicable terms of the multiple

agreements. There is no disputing the fact that Plaintiff's allegations involve a contractual dispute

rather than a factual inaccuracy, which is a legal determination that Equifax is not equipped nor

required to resolve. *DeAndrade*, 523 F.3d at 68 (ruling CRAs have no duty to reinvestigate legal

disputes regarding whether debt is or is not legally binding on the consumer). At no point does

Plaintiff plead the essential element of a factual inaccuracy required under § 1681i. Accordingly,

this Court should dismiss Plaintiff's Corrected Second Amended Complaint against Equifax

because, once again, Plaintiff asserts a contractual dispute, not a factual inaccuracy, which is not

a basis for relief under the FCRA. Accordingly, this Court should dismiss the Second Amended

Complaint Count IX with prejudice.

## I.     The Court Should Strike Krieger's Request for Attorney's Fees in Counts I-III and V of the Corrected Second Amended Complaint

In the *ad damnum* clauses following Counts I-III and V, Krieger prays for, among other

things, attorney's fees. [D.E. 85, pgs. 16-20]. However, Krieger fails to plead any entitlement to

attorney's fees under 26 U.S.C. § 6050H, the mortgage, note, or the modification agreements.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ.

P. 12(f). A motion to strike should be granted when "the allegations have no possible relation to

the controversy and may cause prejudice to one of the parties." *Queen For A Day, LLC v. J. Milton*

& *Assoc., Inc.*, 2020 WL 12188440, at \*1 (S.D. Fla. Aug. 20, 2020). Moreover, "under both Florida

and federal case law the American Rule applies. In accordance with this rule, each litigant pays

his or her own attorney's fees, win or lose, unless a statute or contract provides otherwise." *In re*

*Lazarus Holdings, LLC*, 816 F. App'x 417, 419 (11th Cir. 2020); *Stockman v. Downs*, 573 So. 2d

835, 838 (Fla. 1991).

Here, Krieger attempts to allege claims breach of contract, breach of implied covenant of

good faith and fair dealing, and negligence against TD Bank. [D.E. 85, pgs. 16-20]. However,

there is no contractual or statutory basis for fees arising from Krieger's alleged claims. *Rovai*, 2015

WL 3613748, at \*1–2 (no private cause of action under 26 U.S.C. § 6050H); *Queen For A Day,*

*LLC*, 2020 WL 12188440, at \*1 ("Defendant is correct that there is no contractual or statutory

basis for a negligence claim."); *Sheridan v. Greenberg*, 391 So. 2d 234 (Fla. 3d DCA 1980)

(denying plaintiff's request for attorney's fees in negligence action). Therefore, Krieger's

allegations are unrelated to his asserted claims. Further, the existence of these allegations is

prejudicial because it confuses the issues and gives the false impression that Krieger has a valid

legal basis for the imposition of statutory damages and prevailing party attorney's fees when none

exists. Presumably, Krieger intends to use these spurious allegations to seek discovery on topics

that are irrelevant to his actual claims. As such, the Court should strike these erroneous and

prejudicial allegations from Counts I-III and V of the Corrected Second Amended Complaint.

**J.** **The Court Should Strike Krieger's Jury Demand Because the Court Previously Struck His Jury Demand Finding that He Knowingly and Voluntarily Waived His Right to a Jury Trial**

According to Rule 39, "the court, on motion or on its own" may determine that there is no

federal right to a jury trial. Fed. R. Civ. P. 39(a)(2). Moreover, "[a] party may validly waive his

right to a jury trial if his waiver is done knowingly and voluntarily." *Ackner v. PNC Bank, Nat'l*

28

*Ass'n*, 2017 WL 7355329, at *2 (S.D. Fla. Dec. 22, 2017) (citing *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x. 820, 823 (11th Cir. 2006) (per curiam)).

As an initial observation, Magistrate Judge Reinhart previously struck Krieger jury demand finding that the knowingly and voluntarily waived his right to a jury trial as a term of the mortgage. [D.E. 57, pgs. 8-11]. This alone is grounds to strike Krieger's jury demand in his Corrected Second Amended Complaint.

Nevertheless, Krieger's Corrected Amended Complaint incorporates by reference mortgage terms that contain the following jury trial waiver:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

[D.E. 85-2, pg. 15]. Krieger agreed to the waiver by initialing the page immediately following the waiver language and signing the mortgage on the next page. *Id*. at pgs. 15-16.

"Courts routinely enforce jury trial waivers in cases similar to the present case because they are clearly related to the note and mortgage." *Yeh Ho v. Wells Fargo Bank, N.A.*, 2020 WL 1163473, at *1–2 (S.D. Fla. Mar. 11, 2020); *see also Fiora v. Green Tree Servicing, LLC*, 2015 WL 9916717, at *1 (S.D. Fla. Oct. 23, 2015) ("[C]ourts within this Circuit have found that virtually identical jury trial waivers were enforceable in the context of RESPA claims."); *Ferraro v. Wells Fargo N.A.*, 2013 WL 5357109 at *1 (M.D. Fla. Sept. 24, 2013) (upholding waiver as to TILA and RESPA claims); *Correa v. BAC Home Loans Servicing, LP*, 2012 WL 1176701, at *15-16 (M.D. Fla. 2012) (upholding waiver as to TILA, RESPA, and FDCPA claims); *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1295 (M.D. Fla. 2012) (upholding waiver as to RESPA claims); *Hancock v. Deutsche Bank Nat'l Trust Co.*, 2006 WL 6319816, at *2 (M.D. Fla. 2006) (same); *see also Harrington v. Roundpoint Mortg. Servicing Corp.*, 2016 WL 614578, at *3

(M.D. Fla. Feb. 16, 2016) (finding borrower's consumer protection claims directly related to jury trial waiver stating "the Mortgage is the sole source of the parties' relationship"); *Deleplancque v. Nationstar Mortg., LLC*, 2016 WL 406788, at *2 (M.D. Fla. Jan. 14, 2016) (same); *Newton v. Wells Fargo Bank N.A.*, 2013 WL 5854520, at *2 (M.D. Fla. Oct. 30, 2013).

More importantly, the specific waiver involved in this mortgage has been upheld by numerous district courts in Florida. *See, e.g., Yeh Ho*, 2020 WL 1163473, at *1–2; *Fleeger v. Wachovia Bank*, 2013 WL 1760190, at *1 (M.D. Fla. Apr. 24, 2013); *Anderson v. Apex Fin. Group, Inc.*, 2008 WL 2782684, at *1-2 (M.D. Fla. July 16, 2008); *Murphy v. Cimarron Mortg. Co.*, 2007 WL 294229 at *2 (M.D. Fla. Jan. 29 2007); *Belin v. Litton Loan Servicing, LP*, 2006 WL 2061340, at *1 (M.D. Fla. July 17, 2006).

Additionally, Krieger knowingly and voluntarily waived his right to a jury trial. "The waiver provision in the mortgage is conspicuous, since (1) it is in its own separate paragraph, (2) it is in the same size font as the rest of the document, (3) it is located in the last paragraph of a relatively short document, thus, it cannot be considered hidden within the document, and (4) it states in clear and unambiguous language that [Krieger] is waiving [his] right to a jury trial." *Yeh Ho*, 2020 WL 1163473, at *2. The waiver provision is also clear and conspicuously labeled. *Id.*; *Levinson v. Green Tree Servicing, LLC*, 2015 WL 1912276 at *2 (M.D. Fla. Apr. 27, 2015) ("Plaintiffs knowingly and voluntarily waived their right to a jury trial upon signing the mortgage, thereby creating a valid waiver of jury trial."). Consequently, Krieger's demand for a jury trial in the Amended Complaint should once again be stricken.

## V.    CONCLUSION

Based upon the foregoing, Defendants TD Bank and Equifax respectfully ask this Honorable Court to enter and Order: (i) dismissing Counts III-VII of the Corrected Second Amended Complaint with prejudice and without leave to amend; (ii) dismissing the Corrected

Second Amended Complaint with prejudice in its entirety as to Equifax; (iii) striking Krieger's prayer for attorney's fees in Counts I-III and V of the Corrected Second Amended Complaint; (iv) striking Krieger's jury demand; and (v) for any such further relief as the Court deems necessary and proper.

Dated this 19th day of September, 2023

                                    Respectfully Submitted,


**SQUIRE PATTON BOGGS (US) LLP**          **DUANE MORRIS LLP**

*/s/ Jason Daniel Joffe*                   *s/ Julian A. Jackson-Fannin*
Jason Daniel Joffe                         Julian A. Jackson-Fannin, Esq.
Florida Bar No. 0013564                    Florida Bar No. 93220
200 S. Biscayne Blvd., Suite 3400          Harvey W. Gurland, Jr.
Miami, FL 33131                            Florida Bar No. 284033
Telephone: (305) 577-7000                  201 S. Biscayne Boulevard, Suite 3400
Facsimile: (305) 577-7001                  Miami, FL 33131
jason.joffe@squirepb.com                   Tel: 305.960.2200
                                           jjfannin@duanemorris.com
  *Counsel for Defendant*                  hwgurland@duanemorris.com
*Equifax Information Services LLC*         pnmendoza@duanemorris.com
                                           jmagarin@duanemorris.com

                                           -and-

                                           Ryan E. Borneman, Esq.
                                           Admitted *Pro Hac Vice*
                                           DUANE MORRIS LLP
                                           30 South 17th Street
                                           Philadelphia PA, 19320
                                           Tel:  215-979-1105
                                           reborneman@duanemorris.com

                                           *Counsel for Defendant, TD Bank, N.A.*

DM1\14504010.3