# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARK KRIEGER,

      Plaintiff,

v.

TD BANK, N.A., a National Banking Association, EQUIFAX INFORMATION SERVICES, LLC, a Georgia Limited Liability Company, EXPERIAN INFORMATION SERVICES, INC., an Ohio Corporation, and TRANSUNION, LLC, a Delaware Limited Liability Company,

~~Defendants.~~

/

Defendants.

CASE NO.:
22-CV-81037

---

**CORRECTED SECOND AMENDED COMPLAINT**
*(Nunc Pro Tunc to July 17, 2023)[1]*

Plaintiff Mark Krieger ("Krieger" or "Plaintiff"), by and through undersigned counsel, hereby files this Corrected Second Amended Complaint *nunc pro tunc* to July 17, 2023, and sues Defendants, TD BANK, N.A., a National Banking Association ("TD"), and Equifax Information Services, LLC ("Equifax"), ~~Experian Information Solution, Inc.~~ (collectively, the "Defendants"), and states:

~~("Experian), and Transunion, LLC ("Transunion" or collectively with Equifax and Experian, the~~ ~~"Credit Bureaus") (collectively, the "Defendants"), and states:~~

**INTRODUCTION**

~~Plaintiff brings this action for damages and equitable relief against Defendant TD for: (i)~~ ~~breach of contract, (ii) breach of the implied covenant of good faith and fair dealing, (iii) violation of~~ This action arises out of the long-standing and tumultuous borrower-lender relationship existing between Plaintiff, as borrower, and Defendant TD, as the lender, servicer, and furnisher of

information related to Plaintiff's home mortgage loan.

¹The instant corrected pleading is being filed *nunc pro tunc* to July 17, 2023 due to an unknown and yet to be determined technical issue/error relating to the undersigned's original submission of Plaintiff's initial Second Amended Complaint and Exhibits thereto on July 17th, which erroneous filing resulted in the docketing of just one (1) single page out of Plaintiff's 27 page Second Amended Complaint and uploading of 1 out of Plaintiff's 17 total exhibits to the pleading, at approximately 12:13 a.m. on July 18, 2023 [D.E. 83].

From what should have been an otherwise typical and relatively straightforward lender-borrower relationship, as a direct consequence of Defendant TD's outright failures to comply with the terms of the subject note and mortgage (as amended and modified), and to act in accordance with its statutory duties and obligations, instead turned Plaintiff's loan account, credit file, and his entire life, into an absolute and complete abomination. As a result of Defendant TD's complete and willful disregard of its contractual and statutory obligations and common law duties owed to Plaintiff including under the terms of the subject note and mortgage (as amended and modified), 26 U.S.C. § 6050H, (iv) negligence, (v) negligence per se, and the Fair Credit Reporting Act as a furnisher of information relating to Plaintiff's mortgage debt to consumer reporting agencies (the "CRAs"), including Equifax, in addition to Defendant TD's unlawful debt collection practices, including its efforts to collect on a debt that Defendant TD knows that Plaintiff does not owe nor is otherwise entitled to collect on in violation of state and federal consumer protection statutes, Plaintiff brings this action for damages and other relief against Defendant TD for, *inter alia*: (i) breach of contract, (ii) breach of the implied covenant of good faith and fair dealing, (iii) negligence, (iv) promissory estoppel, (v) violation of Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), (vi) violation of 26 the Fair Debt Collection Practices Act, 15 U.S.C. § 7434, (vii)

1692, *et seq.* (hereinafter, the "FDCPA"), (vii) violation of the Fair Credit Reporting Act, 15 equitable estoppel, (viii) violation of Florida Consumer Collection Practices Act, Chapter 559, Florida

Statutes (hereinafter, the "FCCPA"), (ix) violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§1692, *et seq.* (hereinafter, the "FDCPA"), (x) violation of the Real Estate Settlement Procedures Act,

Case 9:22-cv-81037-AMC   Document 11   Entered on FLSD Docket 10/06/2022   Page 5 of 35

12 U.S.C. §2601, *et seq.* (hereinafter, "RESPA"), (xi) violation of the Fair Credit Reporting Act, 15

U.S.C. §1681, *et. seq.* (hereinafter, the "FCRA"), (vii viii) gross negligence, and (viii ix)

intentional infliction of emotional distress. Plaintiff further brings this action for damages against

Equifax for its violation of 15 U.S.C. §1681i(a) of the FCRA by failing to conduct a reinvestigation

after receiving notice from Plaintiff regarding disputed and inaccurate information relating to his TD

mortgage account and to verify the accuracy of the initial source of information provided by

Defendant TD after learning of its unreliability.

_____

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

infliction of emotional distress, each of which claim arises from, as a result of, and/or has been caused by the improper conduct of Defendant TD relating to its failure to comply with the terms of the subject note and mortgage (as amended and modified), Defendant's willful disregard of its obligations owed to Plaintiff pursuant to 26 U.S.C. § 6050H, RESPA, and the FCRA, in addition to Defendant TD's unlawful debt collection practices in direct violation of the FCCPA and FDCPA. Plaintiff further brings this action for damages against each of the Credit Bureaus for their willful and negligent violations of the FCRA in connection with their continued failure to remove and correct inaccurate and derogatory credit information provided by Defendant TD relating to Plaintiff.

## PARTIES, JURISDICTION AND VENUE

1.    At all times relevant hereto, Plaintiff Krieger is and was a citizen of the State of Florida, and a resident of Palm Beach County, Florida.

2.    At all times relevant hereto, Plaintiff Krieger is and has been the owner of record of the residential real property located at 8694 Stone Pier Drive, Boynton Beach, Florida 33437 (the "Property").

3.    Upon information and belief, at all times relevant hereto, Defendant TD is and has been a national banking institution, with its principal place of business located at Two Portland Square, Portland, ME 04112. At all times relevant hereto, Defendant TD was authorized to do business, and was in fact doing business in this District.

4.    Upon information and belief, at all times relevant hereto, Defendant Equifax is a limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 Peachtree Street NW, H-46, Atlanta, GA 30309.

5.    Upon information and belief, at all times relevant hereto, Defendant Experian is a corporation existing under the laws of the state of Ohio, with its principal place of business located at

475 Anton Boulevard, Costa Mesa, CA 92626.

6.    Upon information and belief, at all times relevant hereto, Defendant Transunion is a

limited liability company existing under the laws of the state of Delaware, with its principal place of

business located at 555 West Adams Street, Chicago, IL 43215.

7̶5.   This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, in addition to pursuant to 28

U.S.C. § 1332(a), as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of

interest and costs and there is complete diversity amongst the Plaintiff and Defendants. This Court

also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

8̶6.   At all material times herein, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

9̶7.   At all material times herein, E̶x̶p̶e̶r̶i̶a̶n̲Equifax is and has been a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA and regularly engages in the business of

assembling, evaluating, and disseminating information concerning customers for the purpose of

furnishing

customer reports. Upon information and belief, ~~Experian~~Equifax disburses such consumer reports to third

parties under contract for monetary compensation.

~~10.   At all material times herein, Equifax is and has been a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning customers for the purpose of furnishing customer reports. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.~~

~~11.   At all material times herein, Transunion is and has been a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning customers for the purpose of furnishing customer reports. Upon information and belief, Transunion disburses such consumer reports to third parties under contract for monetary compensation.~~

~~12~~8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to the claims occurred within this District and the real property that is the subject of this action is located in this District.

~~13~~9. Plaintiff has engaged undersigned counsel and has agreed to pay counsel reasonable attorneys' fees for all services rendered in this action.

~~14~~10.      All conditions precedent to the bringing of this action have been satisfied, excused or

waived.

### GENERAL ALLEGATIONS

~~15~~11.      On or about November 20, 2013, to refinance the existing purchase money mortgage on the Property, Plaintiff obtained a loan in the original principal amount of $650,000.00

from Defendant TD, which loan was evidenced by that certain Fixed/Adjustable-Rate Note (the

"Note") executed by Plaintiff in favor of Defendant TD. A true and correct copy of the Note is

attached hereto as **Exhibit "A."**

16 12.      To secure payment of the Note, Plaintiff executed and delivered to Mortgage Electronic

Registration Systems, Inc. ("MERS"), as nominee for TD, a mortgage (the "Mortgage") on

the Property, which Mortgage was recorded on or about December 17, 2013 in Official Records Book

26510, Page 1468 of the Public Records of Palm Beach County Florida. A true and correct copy of

the Mortgage is attached hereto as **Exhibit "B."** 1 2

Thereafter, on or about January 18, 2016, MERS, as nominee for Defendant TD, assigned the Mortgage to Defendant (the "Assignment"), which assignment was recorded on February 19, 2016 in Official Records Book 28113, Page 1422 of the Public Records of Palm Beach County Florida. A true and correct copy of the Assignment is attached hereto as **Exhibit "C."**

~~17~~13.     On or about February 19, 2015, Plaintiff and Defendant TD entered into a Loan Modification Agreement to the Note and Mortgage ("Loan Modification #1")[3] wherein, TD affirmatively stated that the unpaid principal balance (including any interest and other amounts capitalized) due on the Note as of March 1, 2015 was $641,954.74 and agreed, in relevant part, to extend the maturity date under the Note and Mortgage from December 1, 2043 to February 1, 2055 (as extended, the "Maturity Date"), reduce the amount of Plaintiff's monthly installment payment of principal and interest due under the Note from $3,271.09 to $2,298.10, and modify the interest rate under the Note from an adjustable rate of 4.42% to a fixed 3.00% annual rate through the Maturity Date. A true and correct copy of Loan Modification #1 is attached hereto and incorporated herein as **Exhibit "D."**[4]

~~18~~14.     Thereafter, on or about August 11, 2016, following Plaintiff's purported default for non-payment under the Note and Mortgage (as modified), Defendant TD commenced a lawsuit against Plaintiff to foreclose the Mortgage on the Property and for damages for the accelerated amount due and owing under the Note and Mortgage (as modified), plus interest, fees, and all other sums due under the Note, including the Escrow Payment, Case No. 50-2016-CA-009022-XXXX-MB, in the 15th Judicial Circuit, in and for Palm Beach County, Florida (the "Foreclosure Lawsuit").

~~19~~15.     To resolve the claims and issues raised in the Foreclosure Lawsuit[25], on or about December 7, 2016, Plaintiff and Defendant TD entered into a second Loan Modification and ~~Amendment Agreement ("Loan Modification #2"), wherein TD unequivocally affirmed that,~~ **as of**

---

[1] ~~Thereafter, on or about January 18, 2016, MERS, as nominee for Defendant TD, assigned the Mortgage to Defendant (the "Assignment"), which assignment was recorded on February 19, 2016 in Official Records Book 28113, Page 1422 of the Public Records of Palm Beach County Florida. A true and correct copy of the Assignment is attached hereto as~~ **Exhibit "C."**

[1] Pursuant to the terms of Loan Modification #1, TD Bank also agreed to defer payment of $11,848.27 of accrued and uncollected interest under the Mortgage until the Maturity Date.

[1] Pursuant to the terms of the Note and Mortgage, as modified by Loan Modification #1, Plaintiff was also required to make installment payments for escrow of the real estate taxes and insurance on the

Property (hereinafter, the "Escrow Payment") in the amount of $1,460.90 per month. As such, as of the effective date of Loan Modification #1, Plaintiff's total monthly payment obligation (including the Escrow Payment) under the Note and Mortgage (as amended and modified), was $3,759.00.

[2] The Foreclosure Lawsuit was subsequently dismissed by Defendant TD on or about February 1, 2017. *See* Notice of Voluntary Dismissal attached hereto as **Exhibit "F."**

Case 9:22-cv-81037-AMC   Document 98-1   Entered on FLSD Docket 09/20/2023   Page 12 of 52
*[Different first page link-to-previous setting changed from off in original to on in modified.]*
*[Different first page setting changed from on in original to off in modified.]*
Case 9:22-cv-81037-AMC Document 85 Entered on FLSD Docket 07/18/2023 Page 11 of 27

Amendment Agreement ("Loan Modification #2"), wherein TD unequivocally affirmed that, **as of December 7, 2016,** the total outstanding balance owing on the Mortgage and Note was **$672,258.96,** which sum consisted of unpaid principal due on the Note in the amount of $640,566.58, and "other amounts capitalized, plus **$31,692.38** (the "Deferred Amount") of principal, accrued and uncollected interests and other amounts which are due upon maturity." A true and correct copy of Loan Modification #2 is attached hereto and incorporated herein as **Exhibit "E."**

20~~16~~.        Pursuant to Loan Modification #2, Defendant TD ~~further~~also agreed, in relevant part, to:(i)
recast the balance owing under the Note; ii) retain the fixed 3.00% interest rate; and (iii) defer payment of ~~on $31,692.38 (~~the "Deferred Amount"~~)~~ ~~of accrued and uncollected interest~~ under the Mortgage until the ~~Majority~~Maturity Date. Additionally, Loan Modification #2 further modified the amount of Plaintiff's monthly payment of principal and interest due under the Note and Mortgage (as amended and modified), with such monthly payment, effective as of January 1, 2017, increasing from $2,298.10 to $2,350.46. *See* Ex. E.

21~~~~17.        ~~Also,~~By separate written correspondence also sent on or about December 7, 2016~~,~~ ~~by separate written~~ ("the December 7, 2016 correspondence ~~sent to~~
")~~Plaintiff~~, Defendant TD unequivocally confirmed to Plaintiff (i) the amount of the Deferred Amount (as described under Loan

Modification #2) and that said deferred amounts were not subject to ~~Modification #2) and advised~~ ~~Plaintiff regarding its intended treatment of such amounts under the~~

~~subject loan documents, confirming that such deferred amounts were exclusive of Plaintiff's payment~~ ~~of principal and~~ interest ~~payment under Loan Modification #2 and interest fee~~ until the Maturity Date~~.~~

, (ii) that Plaintiff's newly ~~A true and correct copy of the December 7, 2016 correspondence is~~ ~~attached hereto as **Exhibit "G."**~~

~~22.   The December 7, 2016~~th~~ correspondence further confirmed that Plaintiff's newly~~

increased monthly payment obligation under Loan Modification #2 ~~consisted exclusively~~was of principal and interest *only* ~~under the Note and Mortgage (as amended and modified)~~and did *not*

*[Different first page link-to-previous setting changed from off in original to on in modified.]*
*[Different first page setting changed from on in original to off in modified.]*

include payment of escrow for real estate taxes and/or insurance on the Property (the "Escrow"). Rather, the December

, and (iii) that Plaintiff was 7, 2016th correspondence provided that pursuant to the terms of Loan Modification #2, Plaintiff was

Case 9:22-cv-81037-AMC Document 11 Entered on FLSD Docket 10/06/2022 Page 13 of 30

required to make a separate monthly payment for Escrow to Defendant TD for the Escrow in

the amount of $1,534.90.[3] See Ex. G.

DAVID H. HAFT, P.A.

1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

for the current escrow year in the amount of $1,534.90.[6] A true and correct copy of the December 7, 2016 correspondence is attached hereto and incorporated herein as **Exhibit "G."**

23.      ~~Thereafter, in accordance with his obligations under the Note, Mortgage, Loan Modification #1, and Loan Modification #2, beginning with the monthly payment due for January 12, 2017, and continuing through and including December 31, 2017, Plaintiff made the following monthly payments to Defendant TD:~~18.Thereafter, Modification #1, and Loan Modification #2, beginning with the monthly payment due for January 12, 2017 (including Escrow), Plaintiff made monthly payments to Defendant TD as follows:

| | |
|---|---|
| January, 2017: | $3,885.36 |
| February, 2017: | $3,885.36 |
| March, 2017: | $3,885.36 |
| April, 2017: | $3,885.36 |
| May, 2017: | $4,000.00 |
| June, 2017: | $3,911.74 |
| July, 2017: | $3,885.36 |
| August, 2017: | $3,885.36 |
| September, 2017: | $3,885.36 |
| October, 2017: | $3,885.36 |
| November, 2017: | $3,885.36 |
| December, 2017: | $3,885.36 |
| **Total:** | **$46,765.34** |

19.      However, notwithstanding Defendant TD's voluntary dismissal of the Foreclosure 24.However, notwithstandingLawsuit based upon the parties' agreement and execution of Loan Modification #2 in full resolution of the issues raised in the underlying foreclosure, including the past due sums alleged therein, and Plaintiff's compliance and satisfaction of his obligations under the terms of Loan Modification #2, including, but not limited to, making payment of all amounts due (in

addition to makingand owing including Escrow (plus additional payments in excess of his monthly

payment obligations thereunder), at all material times following the effective date of Loan

Modification #2, Plaintiff's mortgage loan account inexplicably

Based on the modified terms of payment under Loan Modification #2 (including Escrow), as of January 12, 2017, Plaintiff's total monthly payment obligation under the Note and Mortgage (as amended and modified), increased to $3,885.36 from $3,759.00 under Loan Modification #1.

reflected a trailing (and past due) balance under the Note and Mortgage (as amended and modified), and remained in delinquency status.

20. Rather, unbeknownst at the time to Plaintiff, the reason for Plaintiff's continuing mortgage loan account delinquency had nothing to do with Plaintiff's performance under the terms of Loan Modification #2, but was instead the direct result of Defendant TD's failure to enter into Loan Modification #2 in good faith and, as contemplated by the parties, following dismissal of the Foreclosure Lawsuit, return the parties back to the *status quo* (or their pre-foreclosure status), including restoring the Plaintiff's mortgage loan account back to good standing. Instead, in complete disregard of the clear and unambiguous terms of Loan Modification #2, and the intent of the parties thereto, Defendant TD claimed that Plaintiff's loan account was still delinquent and had a past due escrow shortage in the amount of the Escrow Payment notwithstanding the inclusion of such amounts as part of Defendant TD's damages claim in the Foreclosure Lawsuit, and the dismissal of same following execution of Loan Modification #2, which agreement was intended to fully resolve all the issues raised in the Foreclosure Lawsuit, including the past due sums alleged therein and, contemporaneously with the effective date of Loan Modification #2, began improperly and arbitrarily billing Plaintiff's loan account for delinquency related charges including, but not limited to, monthly property inspection and legal fees, and causing such amounts to be added to Plaintiff's outstanding loan balance.

2521. Indeed, ~~rather than applying Plaintiff's~~not only did Defendant TD unlawfully and improperly service Plaintiff's loan account from the inception of Loan Modification #2 by artificially inflating the outstanding loan balance through a series of unjustified charges, Defendant TD was also contemporaneously misapplying Plaintiff's monthly payments being made in accordance with the terms of the Note and Mortgage (as amended and modified), and in the manner prescribed by Loan

Modification #2 (or

---

3 Based on the modified terms of payment under Loan Modification #2 (including payments of Escrow), as of January 12, 2017, Plaintiff's total monthly payment obligation under the Note and

Mortgage (as amended and modified) increased to $3,885.36.

#2 (or consistent with the terms outlined by the December 7, 2016th correspondence), beginning, More specifically, in or around January, 2017 (and continuing for years thereafter), Defendant TD started misapplyingbegan diverting, without Plaintiff's knowledge or consent, portions of Plaintiff's monthly payments under his mortgage account, allocating payments made by Plaintiff and intended as payment of principal, and interest and Escrow under the Note and Mortgage (as amended and modified), towards a purported Escrow accountthe past due escrow shortage amount sued upon in the Foreclosure Lawsuit, but entirely omitted from Loan Modification #2, in addition to other unsupported and arbitrary charges including, but not limited to, monthly property inspection and legal fees, causing Plaintiff's total monthly payment to **never** be sufficient to cover the alleged outstanding balance on Plaintiff's mortgage account and, as a result, continuously subjecting Plaintiff's account to the continuous imposition ofadditionally improper and unlawful monthly late fees and legal feescharges by Defendant TD.[47]

2622.    In addition to the above-described misapplication of Plaintiff's payments, Defendant TD, also beginningstarting in or around January, 2017, also began designating and applying Plaintiff's monthly payments as "unapplied funds" under the Note and Mortgage (as amended and modified), failing to properly credit such payments towards the outstanding principal, interest and/or the Escrow balance on Plaintiff's loan, and instead holding said payments for weeks (or months) at a time following receipt of same before subsequently applying such amounts to Plaintiff's account, but only after imposing additional fees and costs related to Plaintiff's purportedly "late payments" under the Note and Mortgage (as amended and modified).

2723.    Yet, despite Defendant TD's erroneous and improper billing and accounting practices, Plaintiff continued to comply with his obligations under the terms of Loan Modification #2, including continuing to make timely monthly payment of all amounts due and owing under the Note and Mortgage (as amended and modified). More specifically, beginning with the monthly payment

~~due~~

47 A true and correct copy of Plaintiff's Account History prepared by Defendant TD on or about May 14, 2018 is attached hereto as **Exhibit "H."**

Mortgage (as amended and modified). More specifically, beginning with the monthly payment due

for January 12, 2018, and continuing through and including December 31, 2018, Plaintiff made the

~~for January 12, 2018, and continuing through and including December 31, 2018, Plaintiff made the~~ following monthly payments to Defendant TD:

| | |
|---|---|
| January, 2018: | $4,000.00 |
| February, 2018: | $4,493.74 |
| March, 2018: | $4,000.00 |
| April, 2018: | $4,493.74 |
| May, 2018: | $7,647.28 |
| June, 2018: | $4,000.00 |
| July, 2018: | $1,269.54 |
| August, 2018: | $4,004.00 |
| September, 2018: | $8,253.74 |
| October, 2018: | $4,004.00 |
| November, 2018: | $4,004.00 |
| December, 2018: | $4,004.00 |
| **Total:** | **$58,178.04** |

~~28~~24.       However, notwithstanding Plaintiff's payment of all amounts due and owing under

Note and Mortgage (as amended and modified) including Escrow during 2018, in addition to making

approximately $20,000.00 ~~of~~in excess payments on his mortgage account, Defendant TD nevertheless

continued to

misapply Plaintiff's monthly payments including, in part, to the pre-existing Escrow Payment shortage

balance, all the while continuing to improperly ~~misapply Plaintiff's monthly payments, a problem~~

~~compounded even further by Defendant TD's~~

~~improper~~ and ~~erroneous practice of charging~~erroneously charge Plaintiff monthly late fees

and other miscellaneous amounts on all of his payments made that, according to Defendant TD, were

insufficient to satisfy in full the allegedly outstanding balance on Plaintiff's mortgage account.

Incredibly, despite Plaintiff making approximately two (2) years' worth of overpayments, as a direct

result of Defendant TD's gross account mismanagement and improper and unlawful accounting and

collection practices, Plaintiff was precluded from bringing his mortgage account current or otherwise

into good-standing.

~~29~~25.       Rather, as reflected by the Escrow Account Disclosure Statement prepared by

Defendant TD on or about November 19, 2018 in connection with Plaintiff's mortgage

account, as a

result of Defendant TD's improper billing practices and the misapplication of Plaintiff's payments

under the Note and Mortgage (as amended and modified), to satisfy the supposedly outstanding

result of Defendant TD's improper billing practices and the misapplication of Plaintiff's payments under the Note and Mortgage (as amended and modified), to satisfy the supposedly outstanding balance owed on Plaintiff's loan, Defendant TD continued to increase Plaintiff's monthly payment obligations under the Note and Mortgage (as amended and modified), increasing Plaintiff's total monthly payment, effective January 1, 2019, to $4,020.00, which amount consisted of in part, a supposed Escrow shortage of $356.93 per month. A true and correct copy of the November 19, 2018 Escrow Disclosure Statement is attached hereto as **Exhibit "I."**

3026.    Similar to 2017 and 2018, to ensure that Plaintiff was not placed in default status and subject to adverse reporting on his credit report by Defendant TD, beginning with the payment due for January 12, 2019, and continuing through and including December 31, 2019, Plaintiff made the

subject to adverse reporting on his credit report by Defendant TD, beginning with the payment due for January 12, 2019, and continuing through and including December 31, 2019, Plaintiff made the following monthly payments to Defendant TD:

| | |
|---|---|
| January, 2019: | $4,040.00 |
| February, 2019: | $4,040.00 |
| March, 2019: | $4,040.00 |
| April, 2019: | $4,040.00 |
| May, 2019: | $12,344.72 |
| June, 2019: | $12,026.52 |
| July, 2019: | $12,217.08 |
| August, 2019: | $4,072.36 |
| September, 2019: | $4,072.36 |
| October, 2019: | $4,072.36 |
| November, 2019: | $4,072.36 |
| December, 2019: | $4,072.36 |
| **Total:** | **$73,110.12** |

3127. Once Yet again however, and despite receiving all amounts due and owing from Plaintiff under the the Note and Mortgage (as amended and modified) including Escrow, in addition to extra payments totaling more than $30,000.00 from Plaintiff throughout 2019, Defendant TD failed to properly credit

such payments or otherwise reconcile Plaintiff's account. Rather, ~~similar to~~like 2017 and 2018,

Defendant TD ~~likewise~~continued to misapply Plaintiff's monthly payments made during 2019,

continually treating each

payment, irrespective of amount, as being late and constituting only a partial payment on Plaintiff's

Case 9:22-cv-81037-AMC Document 11 Entered on FLSD Docket 10/06/2022 Page 23 of 30

account, and subject to the imposition of additional fees and charges by Defendant TD under the
Note and Mortgage (as amended and modified).

~~32~~28.    Moreover, in addition to Defendant TD's above erroneous and improper accounting
and billing practices, beginning in or around 2019, and without Plaintiff's knowledge,
Defendant TD, as a furnisher of information, notwithstanding the fact that Plaintiff had made excess
payments of more than $60,000.00 during the preceding three (3) year period, began reporting
Plaintiff's mortgage account as being delinquent to the ~~Credit Bureaus~~CRAs, including Equifax, in
violation of the Fair Credit Reporting Act.

~~33~~29.    Unaware of the delinquency status of his loan or Defendant TD's improper and
erroneous credit reporting until 2021, Plaintiff made payment of all amounts of principal,
interest and Escrow due under the Note and Mortgage (as amended and modified) for 2020 and 2021~~,~~
yet, ~~similar~~similarly to each of the proceeding years, Defendant TD likewise treated each of
Plaintiff's payments made during 2020 and 2021 as "late," subject to fees and/or other charges
imposed by TD or otherwise improperly applied by Defendant TD to some other sum claimed as
being due under the Note and Mortgage (as amended and modified). A true and correct copy of
Plaintiff's payment history for 2020 and 2021 is attached hereto as **Exhibit "J."**

~~34~~30.    On or about February 17, 2021, upon discovering Defendant TD's erroneous credit
reporting, Plaintiff contacted Hope Dunn, a customer Resolution Advocate at TD Bank,
regarding the incorrect and factually inaccurate information being furnished by Defendant TD to the
credit bureaus regarding Plaintiff's Mortgage account. A true and correct copy of Plaintiff's February
17, 2021st correspondence to Hope Dunn is attached hereto as **Exhibit "K."**

_____

DAVID H. HAFT, P.A.
1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327

3531.    Despite Plaintiff's initial correspondence sent on February 17, 2021, in addition to

repeated follow up communicationsemails and phone calls, Defendant TD failed to adequately investigate such reporting errors or correct same, resulting in a decrease to Plaintiff's credit score and continuouscontinual negative reporting by Defendant TD to the Credit BureausCRAs, including Equifax, relating to Plaintiff's creditworthiness.

3632.    IndeedRather, despite Plaintiff's repeated complaints to Defendant TD from 2020 to the present date regarding TD's erroneous accounting and credit reporting relating to Plaintiff's mortgage account, without first (or possibly ever) confirming the accuracy of its information or reporting, Defendant TD issued Mortgage Interest Statements (Form 1098-B) to Plaintiff and the Internal Revenue Service for tax years 2020 and 2021, containing false and incorrect information. True and correct copies of Plaintiff's 2020 and 2021 Mortgage Interest Statements are attached hereto as **Exhibits "L," and "M,"**[58] respectively.

3733.    In reliance on the mortgage interest statements provided by Defendant TD, Plaintiff filed his personal tax returns for tax years 2020 and 2021with the IRS, which tax filings, upon information and belief, contain false and inaccurate information supplied by Defendant TD, and which may subject Plaintiff to additional tax liability, in addition to fines, interest, and penalties.

3834.    Thereafter, on or about March 1, 2022, Plaintiff, through undersigned counsel, sent Defendant TD a qualified written request under the Real Estate Settlement Practices Act, 12 U.S.C. §2605(e) (the "QWR"), which sought, in relevant part, information regarding the payment history and servicing of Plaintiff's mortgage account with Defendant TD. A true and correct copy of the QWR is attached hereto as **Exhibit "N."**February 17, 2022, and notwithstanding the plain and unambiguous terms of Loan Modification #2, including the amounts due and owing thereunder, Defendant TD further affirmed its failure to properly implement and abide by the terms of Loan Modification #2, by sending Plaintiff a Payoff Statement (good through February 28, 2022) (the "Payoff Statement"), which total payoff included, *inter alia,* "Deferred Interest" in the

amount of

39.  In response to the QWR, on or about April 6, 2022, Defendant TD sent correspondence to Plaintiff that purports to address the issues raised by the QWR (the "TD Response"). However, contrary to Defendant TD's claims, the TD Response is woefully deficient and fails to address the

[5]By way of brief example, despite significant overpayments by Plaintiff during each of the relevant tax years, Defendant TD reported to the IRS a minimal decrease of Plaintiff's principal balance due on the Note and Mortgage and inconsistent amounts of interest paid by Plaintiff.

accounting and servicing deficiencies described by the QWR, and instead includes only a payment history and other account summaries, in complete disregard for the requirements under RESPA. A

$43,540.65, an amount not only contradicted the express terms of Loan Modification #2, wherein Defendant TD agreed and acknowledged that the only amount of deferred interest due under Loan Modification #2 was $31,692.38, but also that Defendant TD **knew** it was neither owed by Plaintiff nor legally entitled to collect on, in direct violation of the FCCPA and FDCPA. A true and correct copy of the Payoff Statement is attached hereto and incorporated herein as **Exhibit "N."**

35. Recognizing that despite his **years'** worth of effort to resolve the aforementioned accounting, servicing, and reporting issues directly with Defendant TD, at no time did TD **ever** adequately investigate any of the factual inaccuracies being reported by Plaintiff, let alone ever correct any of the same, and rather continued furnishing factually inaccurate information regarding Plaintiff and his mortgage loan account to the CRAs, in violation of the FCRA.

36. Concluding that Defendant TD had no intent to complying with the FCRA or stopping furnishing factually inaccurate and erroneous information regarding Plaintiff and his mortgage loan account, in or around June, 2022, Plaintiff began contacting the CRAs directly, including separately notifying Equifax regarding the above factual inaccuracies being furnished by Defendant TD and the factual inaccuracies contained in Plaintiff's Equifax credit reports and credit file (the "June Dispute") including, but not limited to, information relating to the amount of Plaintiff's outstanding loan balance, the actual payment amounts made by Plaintiff, Plaintiff's payment history, and Plaintiff's historical account information, were factually inaccurate and subject to correction and modification.

37. Thereafter, in response to the June Dispute, by written correspondence dated on or about July 11, 2022 (the "June Dispute Response"), Equifax advised Plaintiff that it was correcting and revising certain disputed information, as identified by Plaintiff in his June Dispute correspondence, on Plaintiff's Equifax credit reports and credit file relating to his TD mortgage loan

account. A true and correct copy of ~~the TD~~ June Dispute Response ~~sent by Equifax~~ is attached hereto and incorporated herein as **Exhibit "O."**

38. Thereafter, notwithstanding Equifax's investigation of Defendant TD's reporting and correction of certain inaccurate information identified and disputed by Plaintiff, as described by the June Dispute Response, Defendant TD continued to furnish factually inaccurate information regarding Plaintiff and his mortgage loan account to Equifax, which inaccuracies continued to appear on Plaintiff's Equifax credit reports and credit file, resulting in Plaintiff on two (2) additional occasions, once in July, 2022 (the "July Dispute"), and again in September, 2022 (the "September Dispute"), notifying Equifax regarding the factual inaccuracies and disputed information relating to Plaintiff and his TD mortgage account appearing on his Equifax credit reports and credit file.

39. In response to the July Dispute, Equifax, by written correspondence dated on or about August 3, 2022 (the "July Dispute Response"), notified Plaintiff that it was correcting and revising certain additional disputed information, as identified by Plaintiff in his July Dispute correspondence, on Plaintiff's Equifax credit reports and credit file relating to his TD mortgage loan account. A true and correct copy of July Dispute Response sent by Equifax is attached hereto and incorporated herein as **Exhibit "P."**

40. Thereafter, in response to the September Dispute, Equifax, by written correspondence dated on or about October 28, 2022 (the "September Dispute Response"), notified Plaintiff that it was correcting and revising certain additional disputed information, as identified by Plaintiff in his September Dispute correspondence, on Plaintiff's Equifax credit reports and credit file relating to his TD mortgage loan account. A true and correct copy of September Dispute Response sent by Equifax is attached hereto and incorporated herein as **Exhibit "Q."**

40. ~~As reflected by the TD Response, Defendant TD, in addition to improperly applying Plaintiff's payments under the Note and Mortgage (as amended and modified), has continually and improperly charged amounts not owed by Plaintiff or otherwise due under the Note and Mortgage (as~~

amended and modified) including, but not limited to, amounts of deferred interest that have either already been paid by Plaintiff or otherwise subsumed and incorporated into Plaintiff's principal balance under the terms of Loan Modification #1 and Loan Modification #2.

41. As a result of Defendant TD's continued failures to address the concerns raised by the QWR or otherwise comply with its obligations under the terms of the Note, Mortgage, Loan Modification #1, and/or Loan Modification #2, by written correspondence dated June 14, 2022, Plaintiff advised Defendant TD regarding its default under the Note and Mortgage and demanded that Defendant TD cure said defaults within 20 days thereof (the "Default Notice"). A true and correct copy of the Default Notice is attached hereto as **Exhibit "PR."**

42. Notwithstanding receipt of the Default Notice, Defendant TD failed to cure its defaults under the terms of the Note, Mortgage, Loan Modification #1, and/or Loan Modification #2 within the time prescribed by the Default Notice (or any time thereafter). Through the filing of this amended pleading, Defendant TD has failed to cure the defaults described by the Default Notice and continued to violate the terms of the subject loan documents with impunity. As a result of Defendant TD's inaccurate, improper and erroneous reporting and record keeping, Plaintiff has suffered damages, which will continue for the foreseeable future.

## COUNT I- BREACH OF CONTRACT

43. Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 3 and 75 through 42, as if fully set forth herein.

44. Plaintiff and Defendant TD entered into the Mortgage and Note, as modified by the terms of Loan Modification #1 and Loan Modification #2, relating to the Property.

45. Defendant TD breached the terms of the Note and Mortgage (as modified and amended) by, without limitation, failing to timely and correctly apply all payments received from Plaintiff, improperly and unlawfully assessing and charging Plaintiff for fees and other charges for which Defendant TD is not otherwise entitled or agreed to by the parties, and erroneously causing

Plaintiff's account to be placed in default status.

46. As a result of Defendant TD's breaches under the terms of the Note and Mortgage (as amended and modified), Plaintiff has been harmed.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant TD, including actual damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

**COUNT II- BREACH OF IMPLIED COVENANT OF
GOOD FAITH AND FAIR DEALING**

47. Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 3 and ~~7~~5 through 42, as if fully set forth herein.

48. The Note, Mortgage, Loan Modification #1 and Loan Modification #2 are valid and binding contracts between Plaintiff and Defendant TD relating to the financing and servicing of Plaintiff's Mortgage on the Property.

49. The Note, Mortgage, Loan Modification #1 and Loan Modification #2 require that Defendant TD properly account for Plaintiff's payments and report same to the credit reporting bureaus on Plaintiff's behalf upon satisfaction by Plaintiff of the conditions and terms set forth therein.

50. Plaintiff has performed all of its obligations under the Note, Mortgage, Loan ~~Modification~~ Modification #1 and Loan Modification #2.

51. Notwithstanding, Defendant TD has consciously and deliberately refused to ~~comply~~accept and ~~with its duties owed to Plaintiff under the terms of the subject loan documents to accurately maintain~~ recognize the agreed upon terms contemplated by the parties under the subject loan documents including, without limitation, with respect to the parties' underlying intent and effect of Loan Modification #2 (including with respect to the Foreclosure Lawsuit) and refused to comply with its duties owed to Plaintiff under the terms of the Note, Mortgage, Loan Modification #1 and Loan

Modification #2 by, without limitation, failing to properly implement the terms and intended purpose

of Loan Modification #2 in connection with Plaintiff's mortgage loan account and/or otherwise

accurately maintain Plaintiff's payment records and status with the credit bureaus with respect to the

Property.

52. Defendant TD's conscious and deliberate refusal to abide by and implement the terms
~~of the Note,~~

of the Note, Mortgage, Loan Modification #1 and Loan Modification #2, has unfairly frustrated the
~~agreed common~~

agreed common purpose of such loan documents and disappointed the reasonable expectations of

Plaintiff.

53. Plaintiff has been deprived of the benefits under terms of the Note, Mortgage, Loan

Modification #1 and Loan Modification #2 as a direct consequence of Defendant TD's conscious and

deliberate conduct thereunder. As a result, Plaintiff has experienced significant losses.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages

against Defendant TD, including actual damages, reasonable attorneys' fees, costs, pre and post-

judgment interest, and such other relief as this Court deems just and proper.

**COUNT III-**
**~~VIOLATION OF 26 U.S.C. 6050H~~**

~~54. Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1~~

~~through 3 and 7 through 42, as if fully set forth herein.~~

~~55. Plaintiff asserts that there exists an implied private right of action to enforce the terms~~

~~of 26 U.S.C. § 6050H under the test established in *Cort v. Ash*, 422, U.S. 66, 78 (1975).~~

~~56. Defendant TD had a duty to accurately report to the IRS the amount of mortgage~~

~~interest that Plaintiff paid to it under the Note and Mortgage (as amended and modified) pursuant to~~

~~26 U.S.C. § 6050H.~~

~~57. Defendant TD breached this duty by failing to properly report the correct amounts of~~

~~interest paid by Plaintiff on Form 1098 for tax years 2020 and 2021.~~

~~58. As a proximate result of Defendant TD Bank's breach of its statutory duty as alleged herein, Plaintiff has been harmed by receiving inaccurate Form 1098's for tax years 2020 and 2021 and has suffered damages as a result thereof including, without limitation, being deprived of the ability to accurately report to the IRS the full and correct amount of his mortgage interest deduction.~~

~~WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant TD, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.~~

### ~~COUNT IV~~

### NEGLIGENCE- DUTY TO ACCURATELY REPORT UNDER 26 U.S.C. 6050H

~~59~~54.    Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1

through 3 and ~~7~~5 through 42, as if fully set forth herein.

~~60~~55.    Defendant TD had a legal duty to accurately report to the IRS and to Plaintiff the

amount of mortgage interest received from Plaintiff during each tax year under the Note and Mortgage

(as amended and modified) pursuant to 26 U.S.C. § 6050H.

~~61~~56.    Defendant TD breached this duty by failing to properly account for and report the

correct amounts of interest received from Plaintiff during tax years 2020 and 2021 and accurately

report same to the IRS on Form 1098 for said tax years.

~~62~~57.    As a proximate result of Defendant TD Bank's breach of its statutory duty as alleged

herein, Plaintiff has been harmed by receiving inaccurate Form 1098's for tax years 2020 and 2021

and has suffered damages as a result thereof including, without limitation, being deprived of the ability

to accurately report to the IRS the full and correct amount of his mortgage interest deduction.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages

against Defendant TD, including actual damages, ~~statutory damages, reasonable attorneys' fees,~~ costs,

pre and post-judgment interest, and such other

relief as this Court deems just and proper.

**COUNT ~~V~~ IV**
**NEGLIGENCE- DUTY TO CORRECT MISTAKES UNDER 26 U.S.C. 6050H**

~~63~~58.    Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1

through 3 and ~~7~~5 through 42, as if fully set forth herein.

~~64~~59.    Defendant TD had a legal duty to correct any mistakes on any incorrect Form 1098 as

soon as possible after determining that a wrong amount had been reported to the IRS pursuant to

26 U.S.C. § 6050H.

~~65~~60.    Defendant TD breached this duty by failing to correct mistakes for tax years 2020 and

2021 on Form 1098 after being advised that its accounting was incorrect and Plaintiff's payments were

misapplied during said tax years.

~~66~~61.    Notwithstanding Defendant TD's knowledge regarding such errors, Defendant TD

failed to correct such mistakes or issue amended Form 1098's to reflect the correct amount of interest

received from Plaintiff.

~~67~~62.    As a proximate result of Defendant TD Bank's breach of its statutory duty as alleged

herein, Plaintiff has been harmed.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages

against Defendant TD, including actual damages, ~~statutory damages, reasonable attorneys' fees,~~ costs,

pre and post-judgment interest, and such other

relief as this Court deems just and proper.

**COUNT ~~VI~~ V**
~~**NEGLIGENCE PER SE-VIOLATION UNDER 26 U.S.C. 6050H**~~
**PROMISSORY ESTOPPEL**
*(Pled in the Alternative to Count I-Breach of Contract)*

~~68~~63.     Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1

~~through 3 and 7 through 42, as if fully set forth herein.~~

~~69.   Defendant TD had a statutory duty to accurately report to the IRS and to Plaintiff the~~

~~amount of mortgage interest received from Plaintiff during each tax year under the Note and Mortgage~~

~~(as amended and modified) pursuant to 26 U.S.C. § 6050H.~~

~~70.   Defendant TD breached its statutory duty under 26 U.S.C. § 6050H by failing to~~

~~properly report the correct amounts of interest paid by Plaintiff on Form 1098 for tax years 2020 and~~

~~2021.~~

~~71.   As a proximate result of Defendant TD Bank's breach of its statutory duty as alleged~~

~~herein, Plaintiff has been harmed by receiving inaccurate Form 1098's for tax years 2020 and 2021~~

~~and has suffered damages as a result thereof including, without limitation, being deprived of the ability~~

~~to accurately report to the IRS the full and correct amount of his mortgage interest deduction.~~

~~WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages~~

~~against Defendant TD, including actual damages, statutory damages, reasonable attorneys' fees, costs,~~

~~pre and post-judgment interest, and such other relief as this Court deems just and proper.~~

~~COUNT VII~~
~~PROMISSORY ESTOPPEL~~

~~72.   Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1~~

through ~~3~~10, 14-15, 17, 20-21, 24-29 and ~~7~~30 through ~~42~~40, as if fully set forth herein.

~~73~~64.     Defendant TD affirmatively represented ~~under~~to Plaintiff that by entering into Loan ~~Modification #2 that as of~~

~~December 7, 2016, the total outstanding balance owing on the Mortgage (as amended and modified)~~

~~and Note was $672,258.96, which sum consisted of unpaid principal due on the Note in the amount~~

~~of $640,566.58, and "other amounts capitalized, plus $31,692.38 of principal, accrued and uncollected~~

~~interests and other amounts which are due upon maturity."~~

~~74.   Defendant TD intended for Plaintiff to rely upon such representations in entering into~~

~~Loan~~ Modification #2~~.~~, Defendant TD would consider all of the issues raised in the Foreclosure Lawsuit,

including the past due sums alleged therein, fully resolved, rendering the issues in the underlying

Foreclosure Lawsuit wholly moot and, upon dismissal of the Foreclosure Lawsuit by Defendant TD,

returning the parties back to their pre-suit *status quo.*

~~75~~65.    ~~Notwithstanding~~ Defendant ~~TD's intention~~ TD should reasonably have

expected that Plaintiff ~~rely on such representations,~~ would be induced by

Defendant ~~TD subsequently changed its position~~ TD's promises regarding the ~~amounts~~ ~~due and owing~~

~~under the Note~~ effect on its mortgage loan account and benefits of resolving

~~and Mortgage (as amended and modified) to the detriment of Plaintiff, by claiming additional sums~~

~~not otherwise disclosed or contemplated as of the execution of Loan Modification #2 were owed by~~

~~Plaintiff.~~

~~76.  It would be inequitable for Defendant TD to change its previously represented position~~

~~under~~ the Foreclosure Lawsuit to induce Plaintiff to enter into Loan Modification #2.

~~77.  As such, Defendant TD must be precluded from claiming that the amount owed by~~

~~Plaintiff as of the execution of Loan Modification #2 is anything different than the amounts described~~

~~above.~~

~~WHEREFORE, Plaintiff respectfully requests that this Court enter judgment equitably~~

~~estopping Defendant TD from changing its position under Loan Modification #2 to the detriment of~~

~~Plaintiff, in addition to awarding Plaintiff damages, reasonable attorneys' fees, costs, pre and post~~

~~judgment interest, and such other relief as this Court deems just and proper.~~

~~COUNT VIII~~
~~VIOLATION OF RESPA- 26 U.S.C. 2605~~

~~78.  Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1~~

~~through 3 and 7 through 42, as if fully set forth herein.~~

~~79. Defendant TD is a "servicer" because it was responsible for "servicing" Plaintiff's~~

~~mortgage loan and was scheduled to receive period payments from Plaintiff pursuant to the terms of~~

the Note and Mortgage (as amended and modified).

80 66.    Based on Defendant TD received the QWR sent by Plaintiff TD's representations regarding the Note and Mortgage effect on Plaintiff's mortgage

loan account and benefits of resolving the Foreclosure Lawsuit, Plaintiff entered into Loan

Modification #2 and ceased defending the Foreclosure Lawsuit.

(as amended and modified) and 67.    Plaintiff has suffered a detriment by relying on Defendant TD's servicing related to same. misrepresentations and

81. Plaintiff's QWR constitutes a "request for information" pursuant to 12 CFR § 1024.36.

82. Defendant TD failed to respond adequately to the QWR as required pursuant to

RESPA.

83.  As a result of injustice can be avoided only by enforcing Defendant TD's failure to comply with RESPA, promises made to Plaintiff has suffered as set forth

damages above.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages

against Defendant TD, including actual damages, statutory damages, reasonable attorneys' fees, costs,

pre and post-judgment interest, and such other

interest, or otherwise enforcing Defendant TD's promises made to Plaintiff, together with such other

relief as this Court deems just and proper.

## COUNT ~~IX~~ VI-
## VIOLATION OF FCCPA- SECTION 559.72, ET SEQ.- FLORIDA STATUTES

~~84~~68.    Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1

through 3 and ~~7~~5 through 42, as if fully set forth herein.

~~85~~69.    Florida Statutes, Section 559.72, prohibits any person from engaging in enumerated

debt collection practices including, but not limited to, attempting to collect on amounts not owed or

for which defendants are not entitled.

~~86~~70.    Defendant TD violated the provisions for the FCCPA by, without limitation,

attempting to collect on debts from Plaintiff under the Note and Mortgage (as amended and modified)

that Defendant TD knew were not legitimate and by otherwise asserting the existence of some legal

right that Defendant TD knew did not exist.

~~87~~71.    Specifically, Defendant TD knew that it was not entitled to collect amounts under the

Note and Mortgage (as amended and modified) that were otherwise subsumed or addressed by the

terms of Loan Modification #2, but nevertheless repeatedly sent Plaintiff notices demanding that

Plaintiff make payment of such amounts and Defendant TD's intent to declare Plaintiff in default for

failing to pay such sums.

~~88~~72.    Defendant TD's conduct served no purpose other than to annoy and harass Plaintiff

and exhaust Plaintiff into paying illegitimate charges and fees under the Note and Mortgage (as

amended and modified).

~~89~~73.    As a direct and proximate result of Defendant TD's actions, Plaintiff has suffered

damages as defined by Florida Statutes, Section 559.77, in addition to suffering non-pecuniary

damages in the form of emotional distress, anxiety, inconvenience, and annoyance, as a result of

Defendant TD's unlawful debt collection attempts.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant TD, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT ~~X~~ VII-
## VIOLATION OF FDCPA- 15 U.S.C. 1692 ET SEQ.

~~90~~74.   Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1

through 3 and ~~7~~5 through 42, as if fully set forth herein.

~~91~~75.   Defendant TD is subject to, and violated the provisions of 15 USC 1692d by, without

limitation, using false representations and deceptive means in attempting to collect unlawful amounts

from Plaintiff, in addition to falsely representing the legal status of character of the debt under the

Note and Mortgage (as amended and modified).

~~92~~76.   Specifically, despite being repeatedly advised by Plaintiff that the amounts claimed as

due and owing under the Note and Mortgage were incorrect, and that Plaintiff was not in default

thereunder, Defendant TD continued making demand on Plaintiff for payment of amounts it knew

were not due on Plaintiff's account.

~~93~~77.   Despite Plaintiff's disputes of Defendant TD's representations of the amounts allegedly

owed on the Note and Mortgage (as amended and modified), in addition to providing proof of payment

for same, Defendant TD continued to send demands to Plaintiff in an attempt to exhaust Plaintiff's

will and collect amounts from Plaintiff that Defendant knew it was not otherwise entitled to.

~~94~~78.   As a result, Defendant TD attempted to collect amounts from Plaintiff that were not

otherwise created by agreement of the parties or otherwise permitted by law.

~~95~~79.   Defendant TD's conduct serves no purpose other than to harass, abuse or annoy

Plaintiff into paying such overstated amounts.

9680. As a direct and proximate result of Defendant TD's actions, Plaintiff has suffered

damages as defined by 15 USC 1692k.

## COUNT XI VIII
## VIOLATION OF FCRA- 15 USC 1681S-2(B)

9781. Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1

through 3 and 75 through 42, as if fully set forth herein.

9882. Defendant TD is subject to, and violated the provisions of, 15 U.S.C., Section 1681s-

2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within

Plaintiff's credit reports, failing to re-investigate Plaintiff's disputes, failing to review all relevant

information fully and properly regarding the same, and failing to correctly report the debt on Plaintiff's

credit reports after re-investigating Plaintiff's dispute.

9983. As described above, despite Defendant TD receiving notice of Plaintiff's dispute

regarding the debt alleged as due under the Note and Mortgage (as amended and modified), Defendant

TD willfully and/or negligently reported erroneous and inaccurate credit information regarding the

debt to Transunion, Experian, and Equifax.

10084. After receiving notice of Plaintiff's dispute, Defendant TD inaccurately reported and

verified the TD Mortgage debt to the credit reporting bureaus as being in default status, which

designation negatively and adversely reflected on Plaintiff's credit reports and credit files as

maintained by Experian, Equifax and TransUnion.

10185. Defendant TD's refusal to update the account associated with the TD Mortgage debt to

reflect the accurate amount paid by Plaintiff was intentionally, willfully, and knowingly done.

10286. Moreover, in response to Plaintiff's TD Mortgage dispute to Equifax, Experian and

TransUnion, Defendant TD failed to mark or otherwise indicate that Plaintiff disputed Defendant TD's

reporting of the subject Mortgage debt.

~~103~~87.    As such, Defendant TD provided inaccurate or incomplete information to Experian,

Equifax, and TransUnion in response to Plaintiff's TD Mortgage debt dispute.

~~104~~88.    Defendant TD's re-investigations were not conducted in good faith.

~~105~~89.    Defendant TD's re-investigations were not conducted reasonably.

~~106~~90.    Defendant TD's re-investigations were not conducted using all information available

to Defendant, inaccurately report the TD Mortgage debt and otherwise fail to show that the TD

Mortgage debt was disputed by Plaintiff.

~~107~~91.    Additionally, as a result of Defendant TD's action, Plaintiff has suffered emotional

distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite

repeatedly advising Defendant TD that he disputed Defendant's reporting of the TD Mortgage debt,

Plaintiff must simply endure Defendant TD's erroneous, inaccurate, and incomplete reporting of the

TD Mortgage debt.

~~108~~92.    Defendant TD's conduct was a direct and proximate cause of, as well as a substantial

factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

~~109~~93.    Defendant TD's actions in violation of 15 United States Code, Section 1681s-2(b),

constitute negligent or willful noncompliance, or both, with the FCRA, and entitle Plaintiff to actual

damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated

in 15 United States Code, Sections 1681n or 1681o, or both.

### COUNT ~~XII~~ IX
### VIOLATION OF FCRA- 15 USC 1681i(a)
### (against Equifax ~~only~~)

~~110~~94.    Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 4

through 42, as if fully set forth herein.

111~~95~~.     This is an action for ~~the willful and~~ negligent violation of the FCRA by Defendant

Equifax.

112. Defendant Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

113 96.     Defendant Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate

information from the credit file of the Plaintiff after receiving actual notice of such

inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with

which to verify the disputed information in the credit file of the Plaintiff.

disputed information in the credit file of the Plaintiff.

114 97.     Defendant Equifax has willfully negligently and recklessly failed to comply with
the FCRA by,
without limitation:

a)   failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b a) The failure to correct erroneous personal information regarding the Plaintiff
after a reasonable request by the Plaintiff;

c b) The failure to remove and/or correct the inaccuracy and derogatory credit
information after a reasonable request by the Plaintiff;

d c) The failure to promptly and adequately investigate information which
Defendant Equifax had notice was inaccurate;

e d) The continual placement of inaccurate information into the credit report of the
Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f e) The failure to note in the credit report that the Plaintiff disputed the accuracy
of the information;

g) The failure to promptly delete information that was found to be inaccurate, or

could not be verified, or that the source of information had advised Equifax to delete;

and

h)   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

11598.                                          As a result of the conduct, action and
                                       inaction of Equifax, the Plaintiff has
                                              suffered damage

by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain,

anguish, humiliation and embarrassment of credit denial.

116. The conduct, action and inaction of Equifax was willful rendering Equifax liable for

actual, statutory and punitive damages in an amount to be determined at trial.

117. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to

damages under 15 U.S.C. § 1681o and to recover its reasonable costs and attorney's fees from

Defendant Equifax pursuant 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages

against Defendant Equifax, including actual damages, statutory damages, punitive damages,

reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court

deems just and proper.

### COUNT XIII
### VIOLATION OF FCRA- 15 USC 1681
### (against Experian only)

118. Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 4

through 42, as if fully set forth herein.

119. This is an action for the willful and negligent violation of the FCRA by Defendant

Experian.

120. Defendant Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the credit report

and credit files that Defendant Experian maintained concerning Plaintiff.

121. Defendant Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate

information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and

conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the

disputed information in the credit file of the Plaintiff.

122. Defendant Experian has willfully and recklessly failed to comply with the FCRA by,

without limitation:

g) failing to follow reasonable procedures to assure the maximum possible

accuracy of the information reported;

h) The failure to correct erroneous personal information regarding the Plaintiff

after a reasonable request by the Plaintiff;

i) The failure to remove and/or correct the inaccuracy and derogatory credit

information after a reasonable request by the Plaintiff;

j) The failure to promptly and adequately investigate information which

Defendant Equifax had notice was inaccurate;

k) The continual placement of inaccurate information into the credit report of the

Plaintiff after being advised by the Plaintiff that the information was inaccurate;

l) The failure to note in the credit report that the Plaintiff disputed the accuracy

of the information;

g) The failure to promptly delete information that was found to be inaccurate, or

could not be verified, or that the source of information had advised Equifax to delete; and

h) The failure to take adequate steps to verify information Equifax had reason to

believe was inaccurate before including it in the credit report of the consumer.

123. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage

by damages including, but not limited to, loss of credit, loss of ability to purchase and benefit from credit,

and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

124. The conduct, action and inaction of Defendant Experian was willful rendering

Defendant Experian liable for actual, statutory and punitive damages in an amount to be determined

~~at trial.~~

~~125~~99.        The conduct, action and inaction of ~~Defendant Experian~~Equifax was negligent, entitling the Plaintiff to

~~Plaintiff to~~ damages under 15 U.S.C. § 1681o and to recover its reasonable costs and attorney's fees from

~~from~~ Defendant ~~Experian~~Equifax pursuant 15 U.S.C. § 1681(n).

~~WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant Experian, including actual damages, statutory damages, punitive damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.~~

~~COUNT XIV~~
~~VIOLATION OF FCRA- 15 USC 1681~~
~~(against Transunion only)~~

~~126. Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 4 through 42, as if fully set forth herein.~~

~~127. This is an action for the willful and negligent violation of the FCRA by Defendant Transunion.~~

~~128. Defendant Transunion violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.~~

~~129. Defendant Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.~~

~~130. Defendant Transunion has willfully and recklessly failed to comply with the FCRA by, without limitation:~~

~~m) failing to follow reasonable procedures to assure the maximum possible~~

accuracy of the information reported;

n)   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

o)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

p)   The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

q)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

r)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and

h)   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

131. As a result of the conduct, action and inaction of Defendant Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

132. The conduct, action and inaction of Defendant Transunion was willful rendering Defendant Experian liable for actual, statutory and punitive damages in an amount to be determined at trial.

133. The conduct, action and inaction of Defendant Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o and to recover its reasonable costs and attorney's fees from Defendant Experian pursuant 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant ~~Transunion~~Equifax, including actual damages, statutory damages, ~~punitive damages,~~

reasonable attorneys' fees,

costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

Plaintiff hereby reserves the right to amend this pleading as discovery progresses.

## JURY DEMAND

Plaintiff Mark Krieger hereby demands a trial by jury on all issues so triable.

~~Dated this 6th day of October, 2022.~~

Respectfully ~~Submitted~~submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Plaintiff*
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
E-Service: ftlemaildesig@lewisbrisbois.com

By: ~~/~~ *s/David H. Haft*

_David H. Haft, Esq.
~~david@dhaftlaw.com~~
Florida Bar No.~~:~~ 68992
david.haft@lewisbrisbois.com
aviva.pasternak@lewisbrisbois.com

~~DAVID H. HAFT, P.A.~~
~~1526 CARDINAL WAY, SUITE A • WESTON, FLORIDA 33327~~

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2023, a true and correct copy of the foregoing was filed via the CM/ECF system, which will serve a true and correct copy of the same to all attorneys of record.

*s/David H. Haft*
David H. Haft, ~~P.A.~~

~~1526 Cardinal Way, Suite A~~
~~Weston, Florida 33327~~
~~Tel: (954) 459-1358~~
~~*Attorneys for Plaintiff Mark*~~
~~*Krieger*~~

| Summary report: Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 7/18/2023 2:59:43 PM | |
|---|---|
| **Style name:** DM - Corp Cross Ref and #ing Fix | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** 011. Ameneded Complaint against All Defendants, filed by Mark Krieger.pdf | |
| **Modified filename:** 085. Corrected Second Amended Complaint.pdf | |
| **Changes:** | |
| Add | 360 |
| Delete | 532 |
| Move From | 31 |
| Move To | 31 |
| Table Insert | 5 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 960 |